IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, RICHARD MARTINEZ,
DESTINEY MARTINEZ and ANDRELLITA MARTINEZ,

    Plaintiffs,

                              Case No.: 1:15-cv-00787-KBM-LF

OFFICER NICHOLAS LEVINE, in his official capacity as
a commissioned law enforcement officer and individual capacity,
OFFICER RYAN KUEHL, in his official capacity as a
Commissioned law enforcement officer and individual capacity,
And the NEW MEXICO STATE POLICE DEPARTMENT,

    Defendants.

## ANSWER OF DEFENDANTS OFFICER NICHOLAS LEVINE, OFFICER RYAN KUEHL, AND NEW MEXICO STATE POLICE DEPARTMENT TO PLAINTIFFS' COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND TORT CLAIMS

Defendants Officer Nicholas Levine, Officer Ryan Kuehl, and New Mexico State Police Department (collectively "State Defendants"), by and through Defendants' attorneys SaucedoChavez, P.C. (Christopher T. Saucedo and Frank T. Apodaca), submit their answer as follows:

The prefatory sentence of the Complaint does not contain allegations that require a response.

### I. INTRODUCTION

1. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint concerning the nater of Plaintiffs' complaints and therefore deny those allegations. With regard to paragraph 1 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does

not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 1 of the Complaint, specifically regarding whether at all times material to the acts alleged herein, Defendants were acting under color of state law. To the extent this is considered an allegation of fact, State Defendants admit same.

## II. JURISDICTION, VENUE AND PARTIES

2. With regard to paragraph 2 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 2 of the Complaint. To the extent that paragraph 2 of the Complaint alleges facts, State Defendants deny those facts, except the allegation that the acts complained of occurred in Santa Fe County, which is admitted.

3. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint and therefore denies those allegations.

4. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint and therefore denies those allegations.

5. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint and therefore denies those allegations.

6. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint and therefore denies those allegations.

7. With regard to paragraph 7 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 7 of the Complaint that Defendant Levine was acting under the course and scope of his employment and under color of state law. To the extent these are factual allegations, they are admitted. State Defendants further admit that Nicholas Levine was employed by the New Mexico Department of Public Safety, New Mexico State Police and worked out of the Espanola office for same.

8. With regard to paragraph 8 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 8 of the Complaint that Defendant Kuehl was acting under the course and scope of his employment and under color of state law. To the extent these are factual allegations, they are admitted. State Defendants further admit that Kuehl was employed by the New Mexico Department of Public Safety, New Mexico State Police and worked out of the Espanola office for same.

9. With regard to paragraph 9 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 9 of the Complaint. To the extent paragraph 9 contains allegations of fact, those allegations are denied as worded.

### III. FACTS

10. State Defendants admits that on or about August 6, 2013 at approximately 11:05 p.m. Defendant Levine in the course of patrol in the public housing described trained his spotlight on a car in the drive of 116 Camino De Roberto to obtain information based on observation of unusual activity he had observed. State Defendants are without sufficient knowledge or information to form

a belief as to the truth or falsity of the remainder of allegations contained in paragraph 10 and therefore deny those allegations.

11. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 11 and therefore deny those allegations.

12. State Defendants admit Mr. Martinez communicated something to Officer Levine regarding light in the eyes of his grandmother. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of allegations contained in paragraph 12 and therefore deny those allegations.

13. State Defendants deny that Defendant Levine laughed. State Defendants admit that he drove ahead of the house after initial observation and then turned around and drove back in the direction of the home. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remainder of allegations contained in paragraph 13 and therefore deny those allegations.

14. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 14 and therefore deny those allegations.

15. State Defendants admit that Defendant Levine asked the person later discovered to be Richard Martinez to identify himself. State Defendants deny that Defendant Levine entered the property at this point in the encounter. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 15 and therefore deny those allegations.

16. State Defendants deny the allegations contained in paragraph 16 regarding Martinez properly identifying himself, and are without sufficient knowledge or information to form a belief

as to the truth or falsity of the remainder of allegations contained in paragraph 16 and therefore deny those allegations.

17. State Defendants admit that Defendant Levine repeatedly requested that Martinez identify himself, as Martinez continually identified himself as "Dick You." The remainder of the allegations contained in paragraph 17 are denied.

18. With regard to paragraph 18 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 18 of the Complaint. To the extent paragraph 18 contains allegations of fact, those allegations are denied.

19. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 19 and therefore deny those allegations.

20. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 20 and therefore deny those allegations.

21. State Defendants admit that several females at the scene obstructed Defendant Levine and interfered with the exchange between Defendant Levine and Martinez. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 21 and therefore deny those allegations.

22. State Defendants admit that Defendant Levine did not leave at this time. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 22 and therefore deny those allegations.

23. State Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. State Defendants admit that Martinez threatened to "deck" Defendant Levine. State Defendants admit that Defendant Levine deployed his "ECD" device in an effort to subdue

Martinez while Martinez was assaulting and battering him. State Defendants deny that Defendant Levine "push[ed] the female members of [Martinez's] family around." State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 24 and therefore deny those allegations.

25. State Defendants admit that Plaintiff Eloisa Marquez stepped toward Defendant Levine during his altercation with Martinez, and did so from behind Defendant Levine, and he did extend his arm to prevent that advance further. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 25 and therefore deny those allegations.

26. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 26 and therefore deny those allegations.

27. With regard to paragraph 27 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 27 of the Complaint. To the extent paragraph 27 contains allegations of fact, those allegations are denied, except as follows: State Defendants admit that Defendant Levine deployed his ECD device multiple times during the interaction with Plaintiffs that is the subject of this lawsuit, and State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation concerning effects of ECD deployment as stated.

28. State Defendants deny that Defendant Levine stated "Do you want to die tonight." State Defendants admit that Martinez attempted to flee into the house but Defendant Levine prevented him from doing so. State Defendants are without sufficient knowledge or information to form a

belief as to the truth or falsity of the remaining allegations contained in paragraph 28 and therefore deny those allegations.

29. State Defendants deny that Martinez went slack and slipped to the ground. State Defendants admit that Defendant Levine at this point in the event that is the subject of this lawsuit did place his foot onto Martinez's person in an effort to restrain and subdue him from further battering and assaulting Defendant Levine. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 29 and therefore deny those allegations.

30. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 30 and therefore deny those allegations.

31. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 31 and therefore deny those allegations.

32. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 32 and therefore deny those allegations.

33. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 33 and therefore deny those allegations.

34. State Defendants admit that Defendant Levine contacted the New Mexico State Police Communications Bureau. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 34 and therefore deny those allegations.

35. State Defendants admit that Defendant Kuehl arrived on scene and assisted in placing Martinez into custody. State Defendants are without sufficient knowledge or information to form

a belief as to the truth or falsity of the allegations contained in paragraph 35 and therefore deny those allegations.

36. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 36 and therefore deny those allegations.

37. State Defendants admit that Martinez by verbal statement indicated he could not breathe. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 37 and therefore deny those allegations.

38. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 38 and therefore deny those allegations.

39. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 39 and therefore deny those allegations.

40. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 40 and therefore deny those allegations.

41. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 41 and therefore deny those allegations.

42. State Defendants admit that Defendant Kuehl drove Martinez to Espanola Hospital in his service unit and that during transport Martinez lost consciousness. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 42 and therefore deny those allegations.

43. State Defendants admit that Defendant Levine obtained evidence and other effects from the scent. State Defendants deny the remaining allegations contained in paragraph 43.

44. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 44 and therefore deny those allegations.

45. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 45 and therefore deny those allegations.

46. State Defendants deny that Defendant Kuehl made the statement alleged in paragraph 46.

47. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 47 and therefore deny those allegations.

48. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 48 and therefore deny those allegations.

49. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 49 and therefore deny those allegations.

50. State Defendants admit that Martinez was driven to the New Mexico State Police office in Espanola ad was placed in a holding cell, in which he was handcuffed and was attached to a center D-ring. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 50 and therefore deny those allegations.

51. State Defendants admit that Defendant Levine then transported Martinez to Santa Fe County Detention Center. State Defendants admit that he was placed on a no hold bond. State

Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 51 and therefore deny those allegations.

52. State Defendants admit the allegations contained in paragraph 52.

53. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 53 and therefore deny those allegations.

54. State Defendants deny the allegations contained in paragraph 54.

55. State Defendants deny the allegations contained in paragraph 55.

56. State Defendants deny the allegations contained in paragraph 56.

57. State Defendants deny the allegations contained in paragraph 57.

58. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 58 and therefore deny those allegations.

59. State Defendants deny the allegations contained in paragraph 59.

60. State Defendants deny the allegations contained in paragraph 60.

61. State Defendants deny the allegations contained in paragraph 61.

62. State Defendants deny the allegations contained in paragraph 62.

63. State Defendants deny the allegations contained in paragraph 63.

64. State Defendants deny the allegations contained in paragraph 64.

## IV. CLAIMS

### COUNT I – TORTS OF ASSAULT AND BATTERY

65. State Defendants incorporate all of their previous and subsequent answers to the Complaint herein by reference.

66. State Defendants deny the allegations contained in paragraph 66.

67. With regard to paragraph 67 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 67 of the Complaint. To the extent this paragraph contains allegations of fact, State Defendants deny those allegations.

68. State Defendants deny the allegations contained in paragraph 68.

69. State Defendants deny the allegations contained in paragraph 69.

70. State Defendants deny the allegations contained in paragraph 70.

## COUNT II – TORT OF FALSE IMPRISONMENT

71. State Defendants incorporate all of their previous and subsequent answers to the Complaint herein by reference.

72. With regard to paragraph 72 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 72 of the Complaint. To the extent this paragraph contains allegations of fact, State Defendants deny those allegations.

73. State Defendants admit that Defendant Levine discharged his Taser device. State Defendants deny the remaining allegations contained in paragraph 73.

74. State Defendants deny the allegations contained in paragraph 74.

75. State Defendants admit that Defendant Levine discharged his Taser device. State Defendants deny the remaining allegations contained in paragraph 75.

76. State Defendants admit that Defendant Levine discharged his Taser device. State Defendants deny the remaining allegations contained in paragraph 76.

77. With regard to paragraph 77 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the

legal conclusions alleged in paragraph 77 of the Complaint. To the extent this paragraph contains allegations of fact, State Defendants deny those allegations.

78. State Defendants admit that Defendant Kuehl transported Plaintiff to the hospital in his service unit. State Defendants deny the remaining allegations contained in paragraph 78.

79. State Defendants deny the allegations contained in paragraph 79.

80. State Defendants deny the allegations contained in paragraph 80.

## COUNT III – EXCESSIVE FORCE

81. State Defendants incorporate all of their previous and subsequent answers to the Complaint herein by reference.

82. With regard to paragraph 82 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 82 of the Complaint. To the extent this paragraph contains allegations of fact, State Defendants deny those allegations.

83. With regard to paragraph 83 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 83 of the Complaint. To the extent this paragraph contains allegations of fact, State Defendants deny those allegations.

84. State Defendants deny the allegations contained in paragraph 84.

85. State Defendants deny the allegations contained in paragraph 85.

86. State Defendants deny the allegations contained in paragraph 86.

## COUNT IV – INVASION OF CURTILEDGE

87. State Defendants incorporate all of their previous and subsequent answers to the Complaint herein by reference.

88. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 88 and therefore deny those allegations.

89. With regard to paragraph 89 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 89 of the Complaint. To the extent this paragraph contains allegations of fact, State Defendants deny those allegations.

90. State Defendants deny the allegations contained in paragraph 90.

91. With regard to paragraph 91 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 91 of the Complaint.  To the extent this paragraph contains allegations of fact, State Defendants deny those allegations.

92. With regard to paragraph 92 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 92 of the Complaint. To the extent this paragraph contains allegations of fact, State Defendants deny those allegations.

93. State Defendants deny the allegations contained in paragraph 93.

**COUNT V – FALSE ARREST/ILLEGAL SEIZURE**

94. State Defendants incorporate all of their previous and subsequent answers to the Complaint herein by reference.

95. With regard to paragraph 95of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 95 of the Complaint. To the extent this paragraph contains allegations of fact, State Defendants deny those allegations.

96. With regard to paragraph 96 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 96 of the Complaint. To the extent this paragraph contains allegations of fact, State Defendants deny those allegations.

97. State Defendants deny the allegations contained in paragraph 97.

98. State Defendants deny the allegations contained in paragraph 98.

99. State Defendants deny the allegations contained in paragraph 99.

100. State Defendants deny the allegations contained in paragraph 100.

101. With regard to paragraph 101 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 101 of the Complaint. To the extent this paragraph contains allegations of fact, State Defendants deny those allegations.

102. State Defendants deny the allegations contained in paragraph 102.

## COUNT VI – RETALIATORY ARREST

103. State Defendants incorporate all of their previous and subsequent answers to the Complaint herein by reference.

104. With regard to paragraph 104 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 104 of the Complaint. To the extent this paragraph contains allegations of fact, State Defendants deny those allegations.

105. With regard to paragraph 105 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to

the legal conclusions alleged in paragraph 105 of the Complaint. To the extent this paragraph contains allegations of fact, State Defendants deny those allegations.

106. State Defendants deny the allegations contained in paragraph 106.

107. State Defendants deny the allegations contained in paragraph 107.

108. With regard to paragraph 108 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 108 of the Complaint. To the extent this paragraph contains allegations of fact, State Defendants deny those allegations.

109. State Defendants deny the allegations contained in paragraph 109.

## COUNT VII – TORT OF MALICIOUS PROSECUTION

110. State Defendants incorporate all of their previous and subsequent answers to the Complaint herein by reference.

111. State Defendants admit the allegations contained in paragraph 111.

112. State Defendants deny the allegations contained in paragraph 112.

113. State Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 113 and therefore deny those allegations.

114. State Defendants admit the allegations contained in paragraph 114.

115. With regard to paragraph 115 of the Complaint, State Defendants affirmatively state that Federal Rule of Civil Procedure 8(B) does not require them to answer or otherwise respond to the legal conclusions alleged in paragraph 115 of the Complaint. To the extent this paragraph contains allegations of fact, State Defendants deny those allegations.

116. State Defendants deny the allegations contained in paragraph 116.

## COUNT VIII – FAILURE TO TRAIN OR SUPERVISE

117. State Defendants incorporate all of their previous and subsequent answers to the Complaint herein by reference.

118. State Defendants deny the allegations contained in paragraph 118.

119. State Defendants deny the allegations contained in paragraph 119.

120. State Defendants deny the allegations contained in paragraph 120.

121. State Defendants deny the allegations contained in paragraph 121.

122. State Defendants deny the allegations contained in paragraph 122.

123. State Defendants deny the allegations contained in paragraph 123.

124. State Defendants deny the allegations contained in paragraph 124.

125. State Defendants deny the allegations contained in paragraph 125.

126. No response is required to Plaintiffs' jury demand.

No response is required to Plaintiffs' "WHEREFORE" statement. To the extent a response is required, all facts alleged therein are denied.

## GENERAL DENIAL

To the extent any allegations of the Complaint are not explicitly admitted herein, State Defendants deny those allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiffs have failed to mitigate the damages alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

The counts recited in the Complaint fail to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

The alleged actions of State Defendants did not violate the Constitution, did not constitute a violation of Plaintiffs' constitutional rights, and are not actionable under 42U.S.C. § 1983.

### FOURTH AFFIRMATIVE DEFENSE

If Defendants were negligent, which is specifically denied, Plaintiffs (and any other tortfeasors) were contributorily or comparatively negligent, which affects recovery.

### FIFTH AFFIRMATIVE DEFENSE

The actions of Defendants Levine and Kuehl were objectively reasonable under the circumstances and authorized by the clearly established law, entitling them to the affirmative defense of qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

The proximate cause of Plaintiffs' damages, if any, were acts of individuals not under the direction, control or supervision of State Defendants, and these were independent intervening causes for which State Defendants are not liable.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the New Mexico Tort Claims Act, Sections 41-4-1, et seq., NMSA 1978, which bars or limits recovery.

### EIGHTH AFFIRMATIVE DEFENSE

Under the New Mexico Tort Claims Act punitive damages are not recoverable against State Defendants.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff is not otherwise entitled to punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant Officers Levine and Kuehl were, at all times mentioned in the Complaint, duly qualified, appointed and acting police officers of the New Mexico State Police Division of the New Mexico Department of Public Safety, and at all times mentioned in the Complaint were engaged in the performance of their regularly scheduled duties as police officers.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants, at all times material to the allegations in the Complaint, acted in good faith, without malice, and within the scope of their lawful duties.

## THIRTEENTH AFFIRMATIVE DEFENSE

The actions of Defendants, at all times material to the allegations made in the Complaint, were reasonable, proper and legal.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants exercised due care in the execution or enforcement of the law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable for any injury resulting from their acts or omissions, where the acts or omissions were the result of the exercise of the discretion vested in them as police officers.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff did not suffer any detriment or damages in any amount whatsoever.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants complied with the requirements of the Fourth and First Amendments to the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The force alleged to have been exerted, if any, by Defendants was reasonable under the circumstances.

## NINETEENTH AFFIRMATIVE DEFENSE

These Affirmative Defenses are preliminary, without the benefit of all of the facts underlying or pertaining to Plaintiffs' claims. Defendant, therefore, reserves the right to amend and assert additional Affirmative Defenses as discovery progresses.

Respectfully submitted,

**SAUCEDOCHAVEZ, P.C.**

By: /s/ Frank T. Apodaca
  Christopher T. Saucedo
  Frank T. Apodaca
Post Office Box 30046
Albuquerque, NM 87190
T: (505) 338-3945
Email: csaucedo@saucedochavez.com
Email: fapodaca@saucedochavez.com

*Attorneys for State Defendants*

I hereby certify that the foregoing was filed electronically through the EFS system on September 9, 2015 which caused counsel of record to be served by electronic means:

Pilar Tirado Murray
**Murray Law Firm**
POB 717
El Prado, NM 88310
PH: (917) 669-3610
EM: jurisprudence@writeme.com

*ATTORNEYS for Plaintiff(s)*


By: /s/ Frank T. Apodaca
      Frank T. Apodaca