IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, RICHARD MARTINEZ,
DESTINEY MARTINEZ and ANDRELLITA MARTINEZ

    Plaintiffs,

                                            Case No.: 1:15 CV 00787 KBM-LF

OFFICER NICHOLAS LEVINE, in his official capacity as
a commissioned law enforcement officer and individual capacity,
OFFICER RYAN KUEHL, in his official capacity as a
Commissioned law enforcement officer and individual capacity,
And the NEW MEXICO STATE POLICE DEPARTMENT,

    Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on October 13, 2015, and was attended by:

1. Pilar Tirado Murray, Esq.
   **Murray Law Firm**
   P.O. Box 717
   El Prado, NM 87529
   (575) 779-7054
   jurisprudence@writeme.com

   *Attorneys for Plaintiffs*

2. Frank T. Apodaca, Esq.
   **S**AUCEDO**C**HAVEZ**, P.C.**
   Post Office Box 30046
   Albuquerque, NM 87190
   T: (505) 338-3945
   E: <u>fapodaca@saucedochavez.com</u>

   *Attorneys for State Defendants*

## NATURE OF THE CASE

Plaintiff brings her complaint under the Civil Rights Act of 1964, §42 USC 1983, the First and Fourth Amendments to the United States Constitution, Article II, § 10 of the New Mexico State Constitution and the New Mexico Tort Claims Act.

State Defendants deny Plaintiffs' claims.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiffs intend to file: Plaintiffs may file a motion to join additional defendants with supervisory authority pending discovery and may add a party to preserve an IPRA violation, amending pleadings as needed.

Plaintiff should be allowed until  January 21, 2016  to move to amend the pleadings and until   January 21, 2016   to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

State Defendants intend to file: None at this time
State Defendants should be allowed until   February 21, 2016   to move to amend the pleadings and until   February 21, 2016   to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

Defendant Officers Levine and Kuehl were acting under color of state law and within the scope of their employment with the State of New Mexico.

The parties further stipulate and agree that the law governing this case is:

The First and Fourth Amendments and the case law construing these amendments, 42 U.S.C. § 1983 and the case law construing this federal statute, Article II, §10 of the New Mexico State Constitution and the case law construing its protections, the New Mexico Tort Claims Act and the case law construing this New Mexico statute.

Upon review, Defendants may stipulate to the admission of specific exhibits identified by Plaintiffs to enhance the efficient disposition of this action including but not limited to Plaintiffs' medical records, Defendant New Mexico State Police and Taser International audio and video recordings and related photographs. Plaintiffs may do the same.

## PLAINTIFFS' CLAIMS

Plaintiffs allege that Defendant Officer Nicholas Levine, with the tacit knowledge and support of the New Mexico State Police Department and Officer Ryan Kuehl, violated their civil rights by entering their private property without reasonable suspicion that a crime had been or was about to be committed; unlawfully provoked, detained, seized, arrested and initiated process to prosecute Richard Martinez; applied excessive force to effect his arrest; and caused damage to Mr. Martinez and members of his family. Plaintiffs allege that Officer Levine's actions were in violation of clearly established law and neither Officer Levine nor Officer Kuehl are entitled to qualified immunity.

Specific claims:	False imprisonment

Excessive use of force

Invasion of curtiledge

False arrest and illegal seizure

Retaliatory arrest

Malicious prosecution

Failure to train or supervise

## **DEFENDANTS' DEFENSES**

State Defendants deny Plaintiffs' factual contentions and specifically deny Plaintiffs' claims that their constitutional rights were violated and that the individual defendants committed any torts. Specifically, the actions taken by the involved DPS personnel were based on reasonable suspicion, and subsequently, probable cause to arrest. The actions taken by Officers Levine and Kuehl did not violate the clearly established law, entitling them to qualified immunity.

Further, State Defendants deny Plaintiffs' factual contentions unless otherwise admitted, and specifically deny Plaintiffs' claims that their constitutional rights were violated and that the individual defendants committed any torts. Specifically, the actions taken by the involved DPS personnel were based on reasonable suspicion, and subsequently, probable cause to arrest. The actions taken by Officers Levine and Kuehl did not violate the clearly established law, entitling them to qualified immunity.

# PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: (*Use separate paragraphs or subparagraphs as necessary if parties disagree.*)

**WITNESSES**

*Plaintiffs' Witnesses:*

1. **Andrellita Martinez (P)**. P.O. Box P.O. Box 3935, Fairview, NM 87533

   Plaintiff Andrellita Martinez will testify to the repeated questioning, unlawful detention, Tasering, beating, and arrest of her brother; to her observations at the scene; to her own Taser injuries; and to the complaint her family filed with the NMSP.

2. **Destiney Martinez (P)**. P.O. Box P.O. Box 3935, Fairview, NM 87533.

   Plaintiff Destiney Martinez testify to the repeated questioning, unlawful detention, Tasering, beating, and arrest of her cousin; to her observations at the scene; to her own Taser injuries; and to the complaint her family filed with the NMSP.

3. **Richard Martinez (P)**. P.O. Box P.O. Box 3935, Fairview, NM 87533.

   Plaintiff Richard Martinez will testify to the best of his recollection, his injuries and learning disability.

4. **Eloisa Marquez (P)**. P.O. Box P.O. Box 3935, Fairview, NM 87533.

   Plaintiff Eloisa Marquez will testify to the repeated questioning, unlawful detention, Tasering, beating, and arrest of her grandson; to her observations at the scene; to the complaint her family filed with the NMSP; her injuries; injury-related limitations; treatment.

5. **Ryan Kuehl (D)**. NMSP, P.O. Box 1628, Santa Fe, New Mexico 87505.

   Defendant Ryan Kuehl will testify to his arrest and transport of Plaintiff Richard Martinez; his training; and custom/practices within District 7 of the NMSP.

6. **Nicholas Levine (D)**. NMSP, 2501 NE Carlisle, Albuquerque, NM 87110.

   Defendant Nicholas Levine will testify regarding the arrest, detention and release of Plaintiff Richard Martinez; the circumstances surrounding his hire, discipline and relocation, repeated placements on administrative leave, citizen complaints, recent military service, psychological history.

7. **Cynthia Martinez (witness)**. 276 Honeysuckle Circle, Fruita, Colorado 81521.

   Will testify to what occurred and personal knowledge of NMSP protocols based on prior employment as an NMSP District 7 Dispatcher.

8. **Johnny Marquez (lay witness)**. P.O. Box 464, Chama, New Mexico 87520.

   Will testify to IPRA requests that led to production of videos, police reports and redacted radio logs and his interpretations of dispatch logs and codes based on 25 years of employment as a firefighter in Los Alamos/Rio Arriba counties.

9. **Caseworker for Richard Martinez (lay witness)**.

   Will testify to impact of incident and related injury on Plaintiff Richard Martinez, his chronic fear of jail, efforts at self-improvement, etc. Interpret medical records as needed.

10. **Medical Records Custodian and/or attending nurse (lay witness)**.

    Will lay foundation for admission of <u>or</u> parties will stipulate to admission medical records for Plaintiffs Richard Martinez and Eloisa Marquez.

11. **Sydney West, Esq. (attorney witness)**. Office of the Public Defender, Santa Fe, NM.

    Will testify to absence of a warrant for Richard Martinez at time of his arrest and propensity of police to over-charge Plaintiff Richard Martinez.

12. **Regina Chacon,** Records Custodian, Department of Public Safety, IPRA Division, P.O. Box 1628, Santa Fe, New Mexico 87504-1628.

    Will testify as to her receipt and written response(s) to IPRA requests pertaining to this case.

13. Any witness identified in discovery;

14. Any witness necessary to lay a foundation for the admission of any exhibit at trial;

15. Any witness listed by Defendants or necessary for rebuttal;

16. Any expert witness as later identified.

    *State Defendants' Witnesses:*

    1.    Richard Martinez
           c/o Pilar Tirado Murray
           Murray Law Firm
           POB 717
           El Prado, NM 88310

Plaintiff Richard Martinez has knowledge regarding his role in the incidents giving rise to Plaintiffs' claims as alleged in their Complaint.

    2.    Eloisa Marquez
           c/o Pilar Tirado Murray
           Murray Law Firm
           POB 717
           El Prado, NM 88310

Plaintiff Eloisa Marquez has knowledge regarding her role in the incidents giving rise to Plaintiffs' claims as alleged in their Complaint.

    3.    Andrellita Marquez
           c/o Pilar Tirado Murray
           Murray Law Firm
           POB 717
           El Prado, NM 88310

Plaintiff Andrellita Marquez has knowledge regarding her role in the incidents giving rise to Plaintiffs' claims as alleged in their Complaint.

    4.    Destiney Martinez
           c/o Pilar Tirado Murray
           Murray Law Firm
           POB 717
           El Prado, NM 88310

Plaintiff Destiney Martinez has knowledge regarding her role in the incidents giving rise to Plaintiffs' claims as alleged in their Complaint.

5. Cynthia Martinez
   116 Camino Don Roberto
   Espanola, NM 87532

Cynthia Martinez has knowledge regarding her role in the incidents giving rise to Plaintiffs' claims as alleged in their Complaint. Cynthia Martinez is not a named Plaintiff; however, she was named as a "claimant" in correspondence dated August 23, 2013 by Plaintiffs' former counsel, and send to New Mexico State Police Department, and allegedly "suffered injuries and damages as a result of Officer Levine's actions."

6. Vitalia M. Sena-Baca
   Prince, Schmidt, Korte & Baca, LLP
   1127 Santa Clara Peak Rd
   Espanola, NM 87532

Vitalia Sena-Baca was Plaintiffs' original counsel, who authored correspondence on behalf of Plaintiffs dated August 23, 2013, and may have knowledge regarding the sufficiency of notice of claims on behalf of Plaintiffs with respect to claims alleged by Plaintiffs in their Complaint.

7. Nicholas Levine
   c/o SaucedoChavez, P.C.
   Christopher T. Saucedo
   Frank T. Apodaca
   Post Office Box 30046
   Albuquerque, NM 87109

Officer Levine has knowledge regarding his role in the incidents giving rise to Plaintiffs' claims as alleged in their Complaint. Specifically, he is expected to testify that on the evening of August 6, 2013, while on duty and on patrol, he encountered a male later identified as Plaintiff Martinez, who appeared to be intoxicated, and who himself initiated contact with Officer Levine in a loud and aggressive manner.

Officer Levine will testify to the ensuing events consistent with his account provided in reports related to this matter to be provided to Plaintiffs in due course.

8.  Ryan Kuehl
    c/o SaucedoChavez, P.C.
    Christopher T. Saucedo
    Frank T. Apodaca
    Post Office Box 30046
    Albuquerque, NM 87109

Officer Kuehl has knowledge regarding his role in the incidents giving rise to Plaintiffs' claims as alleged in their Complaint. Specifically, he is expected to testify that on the evening of August 6, 2013, while on duty he was notified by the New Mexico State Police Dispatch to respond to a home on Camino Don Roberto to assist Officer Nicholas Levine. Officer Kuehl will testify to the ensuing events consistent with his account provided in reports related to this matter to be provided to Plaintiffs in due course.

9.  Marco Oviedo
    c/o SaucedoChavez, P.C.
    Christopher T. Saucedo
    Frank T. Apodaca
    Post Office Box 30046
    Albuquerque, NM 87109

Officer Oviedo has knowledge regarding his role in the incidents giving rise to Plaintiffs' claims as alleged in their Complaint. Specifically, he is expected to testify that on the evening of August 6, 2013, while on duty he arrived on scene at the location underlying the events underlying Plaintiffs's claims. Officer Oviedo will testify to the ensuing events consistent with his account provided in reports related to this matter to be provided to Plaintiffs in due course.

10. Sergeant Nathan A. Barton
    c/o SaucedoChavez, P.C.
    Christopher T. Saucedo
    Frank T. Apodaca
    Post Office Box 30046
    Albuquerque, NM 87109

Sergeant Nathan A. Barton has knowledge regarding his non-immediate role in the incidents giving rise to Plaintiffs' claims as alleged in their Complaint. Specifically, he is expected to testify concerning correspondence received from Defendant Officers, in connection with use of force complaints, and his subsequent review of the case. As well, Sergeant Barton authored correspondence to Captain Roman D. Jimenez regarding that review to be provided to Plaintiffs in due course.

11. Lieutenant Mitchell Maestas
c/o SaucedoChavez, P.C.
Christopher T. Saucedo
Frank T. Apodaca
Post Office Box 30046
Albuquerque, NM 87109

Lieutenant Mitchell Maestas has knowledge regarding his non-immediate role in the incidents giving rise to Plaintiffs' claims as alleged in their Complaint. Specifically, he is expected to testify concerning correspondence received from Defendant Officers, in connection with use of force complaints, and his subsequent review of the case. As well, Lieutenant Maestas authored correspondence to Captain Roman D. Jimenez regarding that review to be provided to Plaintiffs in due course.

12. Captain Roman D. Jimenez
c/o SaucedoChavez, P.C.
Christopher T. Saucedo
Frank T. Apodaca
Post Office Box 30046
Albuquerque, NM 87109

Captain Roman D. Jimenez has knowledge regarding his non-immediate role in the incidents giving rise to Plaintiffs' claims as alleged in their Complaint. Specifically, he is expected to testify concerning correspondence received from Defendant Officers, in connection with use of force complaints, and his subsequent review of the case to be provided to Plaintiffs in due course.

13. Witnesses listed by Plaintiffs and any rebuttal witnesses;

14. Expert witnesses as later identified; and

15. Any other witness identified during Discovery.

**EXHIBITS**

*Plaintiffs' Exhibits*:

Plaintiffs are unable to identify all documents, data compilations and tangible things that they may use in support of their claims in this case. At this stage, however, Plaintiffs identify the following documents or categories of documents which may be used as exhibits at trial:

1 Photos of injuries to all claimants arising from this incident.

2   Relevant documents including reports, logs, notes, audio and video evidence pertinent to within the knowledge, possession or control of Defendant New Mexico State Police;

3   Training material provided by or to Defendants pertinent to this litigation;

4   Documentation of IPRA requests made on behalf of Plaintiffs in this case;

5   Medical records and reports from Plaintiffs' treatment providers;

6   Plaintiffs' Notice of Tort Claim;

7   Plaintiffs' expert's publications, articles and use of medical or scientific material in support of their testimony;

8   Any documents made an exhibit to any deposition;

9   Documents listed or produced by Defendants or otherwise identified in discovery;

10  Any exhibit identified by Defendants;

11  Any rebuttal exhibits;

12  Any exhibit obtained or identified through the course of discovery.

*State Defendants' Exhibits:*

1. At this time, State Defendants are unable to determine all documents, data compilations and tangible things that they may use in support of their claims or defenses in this case. At this stage, however, State Defendants identify the following documents or categories of documents which may be used as exhibits at trial:

2. Any and all records or documents which are relevant to the incidents which are the subject matter of Plaintiffs' complaint;

3. Any and all medical records and bills, mental health records and bills, and academic

records which are relevant to the injuries and damages sought by Plaintiffs in their Complaint;

4. Any other exhibits listed by Plaintiffs or later identified by Plaintiffs during discovery.

5. Any rebuttal exhibits; and

6. Any exhibit obtained or identified through the course of discovery.

**EXPERTS**

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

*Plaintiffs' Experts:*

**Police Use of Force/Standard of Practice Expert (expert witness)**. Further information to be provided. Plaintiffs' Use of Force/SOP expert will testify to all relevant training received by NMSP; lawful procedures for stopping and detaining citizens in New Mexico; and standard protocols for using Tasers on at-risk populations.

**Dr. Susan Cave (expert witness)**. 2213 Brothers Road, Suite 300, Santa Fe, NM 87505. Dr. Cave may testify as to Plaintiff Richard Martinez's performance on cognitive tests pre-incident, post-incident, and Defendant New Mexico State Police Department's psychological protocols and tests.

**Dr. Samuel Chun (expert witness)**. 1631 Hospital Dr Ste 200, Santa Fe, NM 87505. Plaintiff Eloisa Marquez' hand surgeon will intepret/explain how Eloisa's injuries are related to this incident.

**Qualified Neurologist and/or Neuropsychologist (expert witness).** Further information to be provided. Will discuss the effects of Defendant Levine's repeated electrocution and other use of force on Plaintiff Richard Martinez.

*State Defendants' Experts:*

At this time, State Defendants have not retained any experts in this case.

**DISCOVERY**

Discovery will be needed on the following subjects: **The facts alleged in Plaintiffs' Complaint and facts giving rise to Plaintiffs' alleged damages.**

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 25 requests for production of documents by each party to any other party. (Responses due 30 days after service).

Maximum of 60 requests for admission by each party to any other party. (Response due 30 days after service).

**Maximum of three non-expert (3) depositions by Plaintiff and seven (7) non-expert depositions by Defendants.** The parties may agree to further depositions and will not unreasonably withhold consent to further depositions requested by the adverse party.

Each non-party deposition is limited to maximum of 3 hours on the record unless extended by agreement of parties. The parties do not have agreement as to the length of party depositions. *See* Exceptions.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiffs by <u>As set by Court</u>;

from State Defendants by <u>30 days after Plaintiffs' expert reports</u>.

Supplementation under Rule 26(e) due 30 days before close of discovery.

All discovery commenced in time to be complete by <u>As set by Court</u>;

Pretrial motions and Daubert motions, other than discovery, due by <u>As set by Court</u>.

Other Items: The parties agree to exchange written discovery and all pleadings requiring signatures of counsel for both parties in **Open Office or Word for Windows** format via e-mail and/or regular mail. If the latter is used, the parties agree not to unduly burden each other with the use of hardcopy discovery requests when electronic copies will do.

The e-mail addresses to be used during the course of this litigation are as follows:

| | |
|---|---|
| Pilar Tirado Murray | jurisprudence@writeme.com |
| Christopher T. Saucedo | csausedo@saucedochavez.com |
| Frank Apodaca | fapodaca@saucedochavez.com |
| Marinell Locson | mlocson@saucedochavez.com |

## PRETRIAL MOTIONS

Plaintiff intends to file: Rule 50 / Rule 53 Motion for Directed Verdict/Motion for Summary Judgment as to Invasion of Curtiledge and Improper Detention claims and may also file a Rule 17 Motion for Appointment of Guardian for Plaintiff Richard Martinez;

County Defendants intend to file: Motions to Dismiss/Motions for Summary Judgment as to all counts.

## ESTIMATED TRIAL TIME

The parties estimate trial will require  7  days.
\_\_\_\_ This is a non-jury case.
 X  This is a jury case.
The parties request a pretrial conference in   As set by Court          .

## SETTLEMENT

The possibility of settlement in this case is considered likely. The parties request a settlement conference in    75 days         .

## EXCEPTIONS

Plaintiffs desire to limit party depositions to 3 hours.

Defendant has agreed to limit non-party depositions to 3 hours, but does not agree to so limit party depositions. Defendant desires that party depositions be limited to 7 hours as is the default rule for all depositions under Rule 30(d)(1).

APPROVED WITH EXCEPTIONS
(note exceptions above)

## SAUCEDOCHAVEZ, P.C.

By: /s/ Frank T. Apodaca
      Christopher T. Saucedo
      Frank T. Apodaca
      Post Office Box 30046
      Albuquerque, NM 87190
      T: (505) 338-3945
      E: csaucedo@saucedochavez.com
      E: fapodaca@saucedochavez.com

*Attorneys for State Defendants*

**MURRAY LAW FIRM**

By: /s/ Pilar Tirado Murray
      Pilar Tirado Murray, Esq.
      **Murray Law Firm**
      P.O. Box 717
      El Prado, NM 87529
      T: (575) 779-7054
      E: jurisprudence@writeme.com

*Attorneys for Plaintiffs*