IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, RICHARD MARTINEZ,
DESTINEY MARTINEZ and ANDRELLITA MARTINEZ

       Plaintiffs,                         Case No.: 1:15 CV 00787 KBM-LF

vs.

OFFICER NICHOLAS LEVINE, in his official capacity as
a commissioned law enforcement officer and individual capacity,
OFFICER RYAN KUEHL, in his official capacity as a
Commissioned law enforcement officer and individual capacity,
And the NEW MEXICO STATE POLICE DEPARTMENT,

       Defendants.

## STATE DEFENDANTS' REPLY TO RESPONSE TO MOTION FOR PROTECTIVE ORDER REGARDING PERSONNEL FILES OF OFFICERS LEVINE AND KUEHL, AND INTERNAL AFFAIRS REVIEW FILE REGARDING CASE NO. 13-181250

In reply to Plaintiffs' "Reply [sic] to Defendants [sic] Motion for Protective Order and Request for Plaintiffs' Protective Order" (Doc. 25)" ("Response"), Defendants Officer Nicholas Levine, Officer Ryan Kuehl and New Mexico State Police Department (collectively "State Defendants"), by and through its attorneys of record, SaucedoChavez, P.C. (Christopher T. Saucedo and Frank T. Apodaca), and pursuant to Fed. R. Civ. P. 26(c), hereby state the following in support of their Motion for Protective Order:[1]

---

[1] As required by D.N.M.LR-Civ. 7.1(a), On November 2, 2015, Plaintiffs' counsel was provided with a copy of this motion and with a corresponding order. As of the date of filing, Plaintiffs' counsel has not consented to the motion in the form offered, and efforts at further compromise by the parties' counsel have not resulted as of the time of filing in an agreed motion or form of order. Accordingly, the present motion is filed as an opposed Motion.

1

## BACKGROUND

1. In compliance with the Court's "Guidelines For Proposed Protective Orders Submitted to Judge Fashing," ("Guidelines") attached as **Exhibit A** to this Reply is State Defendants' proposed "Protective Order Regarding Personnel Files of Officers Levine and Kuehl, and Internal Affairs File Regarding Case No. 13-181250." This Exhibit was not originally included in "State Defendants' Motion for Protective Order Regarding Personnel Files of Officers Levine and Kuehl, and Internal Affairs Review File Regarding Case No. 13-181250," ("Motion") (Doc. 20), so it is provided here.

2. As further background to State Defendants' Motion, State Defendants have sought without success to obtain agreement with Plaintiffs as to entry of a protective order to produce documents State Defendants wish to provide pursuant to Fed. R. Civ. Proc. 26(a)(1)(A)(ii).

3. The history of this effort is recited in State Defendants' letter to counsel dated November 13, 2015, attached as **Exhibit B**, as follows:

> "As noted in State Defendants' Original Rule 26(a)(1) Initial Disclosures (2015-10-27) and State Defendants' Rule 26(a)(1) Initial Disclosures (1st Supplemental) (2015-11-13), State Defendants are prepared to produce the following documents subject to entry of a Protective Order:

| **Claim of Privilege Log for** <br> **Department of Public Safety Internal Affairs Investigation** <br> **of Complaint as to Case No. 13-181250** | | | |
|---|---|---|---|
| No. | Description of Document | Claim of Privilege | Bates Stamp No. |
| 1 | Copies of Intra-Departmental Correspondence from Captain Jimenez, Lieutenant Maestas, Officer Levine, Officer Kuehl | Privilege claimed: Officer Ryan Levine's 14th Amendment right to privacy. Without waiving this objection, | DEFS PROD 6-15; 127-128; 132-141 |

2

|  |  | State Defendants will produce these documents to Plaintiffs upon entry of a protective order. |  |

| **Claim of Privilege Log for** <br> **Personnel Files of Officers Levine And Kuehl** <br> **of Complaint as to Case No. 13-181250** |||
|---|---|---|
| Description of Document | Claim of Privilege | Bates Stamp No. |
| **Officer Ryan Kuehl's Personnel File** | **Privilege claimed: Officer Kuehl's 14th Amendment right to privacy. Without waiving this objection, State Defendants will produce these documents to Plaintiffs upon entry of a protective order.** | **DEFS PROD 219-489.** |
| **Officer Ryan Kuehl's Personnel File** | **Privilege claimed: Officer Kuehl's 14th Amendment right to privacy. Without waiving this objection, State Defendants will produce these documents to Plaintiffs upon entry of a protective order.** | **DEFS PROD 490-657.** |

On November 2, 2015, State Defendants send you the following pleadings seeking your consent:

1. UNOPPOSED MOTION FOR PROTECTIVE ORDER REGARDING PERSONNEL FILES OF OFFICERS LEVINE AND KUEHL AND INTERNAL AFFAIRS REVIEW FILE; AND
2. STIPULATED PROTECTIVE ORDER.

You responded that day and requested that the proposed pleadings be revised to offer protections for Plaintiffs' medical and psychological records, despite prior

production by you of certain of your clients' medical records without any such protections. You indicated you were unable to prepare the modified pleadings for at least a week due to other issues.

On October 11, 2015 [NB: should read "November 11, 2015"], I went ahead and prepared modified pleadings to provide protections for your clients as you had requested, and because you had not done so. I did so in an effort to secure entry of a protective order, so State Defendants could comply with Rule 26(a)(1) obligations. The following pleadings were sent to you for review and approval:

1. STIPULATED MOTION FOR PROTECTIVE ORDER REGARDING PERSONNEL FILES OF OFFICERS LEVINE AND KUEHL, AND INTERNAL AFFAIRS REVIEW FILE REGARDING CASE NO. 13-181250, AND REGARDING PLAINTIFFS' MEDICAL AND PSYCHOLOGICAL RECORDS; AND
2. STIPULATED PROTECTIVE ORDER REGARDING PERSONNEL FILES OF OFFICERS LEVINE AND KUEHL, AND INTERNAL AFFAIRS REVIEW FILE REGARDING CASE NO. 13-181250.

That same day, you replied and did not consent to the above pleadings and had certain concerns.

I responded that if we could not reach agreement on the issue of protective orders, I would submit the original proposed motion and order as opposed.

Thereafter, you sent by two separate follow-up emails two proposed revised orders, different from each other, and the last of which would have imposed on State Defendants obligations to produce documents that they have no obligation to produce at this point in the litigation. These proposed orders were not in red-line so I could not identify without line by line comparison what you had changed from the prior proposed motions and orders I had sent to you.

In essence, your requested changes would require State Defendants to waive privilege objections as to medical and psychological records that may have been present in the individual Defendant Officers' personnel files (of which there are none), and would have required production of all internal affairs files pertaining to individual Defendant Officers (of which I am advised there are none other than that relating to Levine as to the incident underlying this lawsuit, identified in the tables above, and ready for production upon entry of a protective order).

Regarding this exchange, I respectfully offer the following additional observations. Rule 26(a)(1)(A)(ii) requires production of the following:

"A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in

4

its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

Fed. R. Civ. Proc. 26(a)(1)(A)(ii).

That rule does not require production by State Defendants of all documents that Plaintiffs may be interested in using to support Plaintiffs' claims. Such documents may be requested by Plaintiffs through normal discovery processes, and thereafter, State Defendants will respond with or without objection as provided by the rules, and produce any documents consistent with such responses and objections. Plaintiffs thereafter may seek to confer with State Defendants regarding same, and any unresolved issues may be resolved conclusively by the Court.

If any such documents produced by this process also would require coverage by a protective order, the parties can enter subsequent protective orders or expand the scope of previously entered protective orders. What State Defendants are not amenable to at this point is delaying any further the production of documents they believe they have a duty to produce under Rule 26(a)(1)(A)(ii), for which they seek coverage by a protective order, when that delay results from Plaintiffs' desire to impose on State Defendants production obligations they do not have.

Accordingly, State Defendants will submit the motion and proposed protective order originally provided to you on November 2, 2015 to the Court, in the form of an opposed order. Minor typographical corrections may be made to same, but the content will be unchanged.

If you later choose to consent to the entry of the proposed protective order, you obviously would be free to do so. Likewise, if you wish to propose a motion and protective order that might apply to production of documents by Plaintiffs, State Defendants would be happy to consider such documents, and will not unreasonably withhold consent to same."

*Exh. B*, Nov. 13, 15 Letter from F. Apodaca to P.T. Murray.

4. On November 13, 2015, State Defendants filed their Motion (Doc. 20) as an opposed motion based on the above history, and State Defendants' lack of success in persuading Plaintiffs to move from Plaintiffs' conviction that the Protective Order should be rewritten to mandate production of documents State Defendants are not obligated to produce.

5. On November 17, 2015 Plaintiffs filed their Response (Doc. 25), which in the

text of the Response advocates for entry of a protective order that would require:

> "release of all of Officer Levine's job-related medical and psychological records, all of the named Defendants Internal Affairs Review files, all other complaints filed against the NMSP based on allegations of false arrest and any resulting investigations into their officers' conduct as well as reciprocal protections for the release of Plaintiffs' medical and psychological records."

Response (Doc. 25) at 2.

6. In a different place, in the text of Plaintiffs' proposed Order (Doc. 25-1), Plaintiffs advocate for a different production mandate to issue:

> "Attorneys for State Defendants will produce their clients' complete personnel files subject only to the redactions identified in section .2 above, internal affairs files from inception of each officer's employment with the NMSP to the present date, job-related medical and psychological records and assessments within three (3) days of the date of entry of this order, and will supplement such production on a rolling basis as to all further related documents pursuant to Fed. R. Civ. Pro. 26 and the rules of discovery as they become known to State Defendants."

Response at Exhibit 1 (Doc. 25-1) at ¶G.

**ARGUMENT**

**I. Rule 26(a)(1)(a)(ii) Governs Initial Disclosure Obligations of Federal Litigants, and Those Obligations Do Not Include Production of What Plaintiffs' Form of Protective Order Would Require of State Defendants. Accordingly, State Defendants' Form of Protective Order Should Be Entered By the Court.**

The parties' disagreement concerning the basic matter of the entry of a protective order arises from Plaintiffs' apparent belief that they can use a discussion over a protective order to obtain production of documents that simply are not subject to disclosure under Rule 26(a)(1)(A). Respectfully, this belief is mistaken.

Rule 26(a)(1)(A)(ii) requires production of the following:

> "A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in

its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

Fed. R. Civ. Proc. 26(a)(1)(A)(ii). "The Rule 26(a)(1) initial disclosure provisions are amended to establish a nationally uniform practice. The scope of the disclosure obligation is narrowed to cover only information that the disclosing party may use to support its position." Fed. R. Civ. P. 26. (committee notes on 2000 Amendment). "A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." Id. As case preparation continues, a party must supplement its disclosures when it determines that it may use a witness or document that it did not previously intend to use. Id.

As to the disclosures of State Defendants, it is State Defendants, not Plaintiffs, who are to determine the scope of their production:

> With respect to documents and other tangible things (such as videotapes), Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires only that a party provide to the other parties in the lawsuit "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and *may use to support its claims or defenses, unless the use would be solely for impeachment*."

Norouzian v. Univ. of Kansas Hosp. Auth., No. CIV.A. 09-2391-KHV, 2010 WL 4513406, at *2 (D. Kan. Nov. 2, 2010) (emphasis in original). "Only the disclosing party is in a position to determine what documents or materials it has in its possession, custody or control that it "may use to support its claims or defenses," and, thus, it is up to Defendants in this case to determine what documents and materials to disclose." Id.

At this point in the litigation State Defendants have identified several categories of documents, electronically stored information, and tangible things that "it may use to support its claims or defenses." State Defendants also have identified potential witnesses. It has identified those witnesses and materials, and/or produced those materials through the following pleadings:

1. Rule 26(a)(1)(ii) Initial Disclosures filed and served on October 27, 2015 (Certificate of Service at Doc. 10);

2. Rule 26(a)(1)(ii) Initial Disclosures (1st Supplemental) on October 13, 2015 (Certificate of Service at Doc. 21);

3. Rule 26(a)(1)(ii) Initial Disclosures (2nd Supplemental) on November 23 (Certificate of Service at Doc. 29); and

4. (Certificate of Service at Doc. 13) (3rd Supplemental on November 30, 2015 ( Certificate of Service to be marked Doc. 32).

Some of the documents State Defendants wish to produce, warrant protection from misuse or improper disclosure beyond this litigation. Specifically, with regard to the individually named Defendant Officers' personnel files, and as to the internal affairs file concerning the incident underlying this case (Case No. 13-181250) (collectively "Internal Documents"), these files are protected by the federal constitutional right to privacy. Avoiding the disclosure of personal matters is a privacy interest which the United States Supreme Court recognizes. Whalen v. Roe, 429 U.S. 589, 598 (1977). Although it is unspecified in the federal constitution, the right to privacy is "within the penumbra of specific guarantees of the Bill of Rights," including the Tenth Amendment to the Constitution of the United States. Griswold v. Connecticut, 381 U.S. 479 (1965). More specifically, police officers have a recognized expectation of privacy as to personal matters. Denver Policemen's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981). These protections apply to the "Internal Documents" that are the subject of the Protective Order proposed by State Defendants as Exhibit A.

Unfortunately, Plaintiffs were not willing to agree to entry of the protective order first proposed to them by State Defendants on November 2, 2015, and instead have made what should

have been a very simple issue into something unnecessarily complex. State Defendants look forward to producing the "Internal Documents" that are the subject of State Defendants' proposed Protective Order upon its entry by this Court.

**WHEREFORE**, State Defendants respectfully request that the Court enter a protective order which complies with the terms and conditions represented in Exhibit A to this Reply.

                    Respectfully submitted by:

                    **SAUCEDOCHAVEZ, P.C.**

                    By: /s/ Frank T. Apodaca
                        Christopher T. Saucedo
                        Frank T. Apodaca
                        Post Office Box 30046
                        Albuquerque, NM 87190
                        T: (505) 338-3945
                        E: csaucedo@saucedochavez.com
                        E: fapodaca@saucedochavez.com
                        *Attorneys for State Defendants*

I hereby certify that the foregoing was filed
electronically through the EFS system on
November 30, 2015 which caused counsel of record
to be served by electronic means:

Pilar Tirado Murray
**Murray Law Firm**
E: jurisprudence@writeme.com

*ATTORNEYS for Plaintiff(s)*

By: /s/ Frank T. Apodaca
     Frank T. Apodaca