IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, RICHARD MARTINEZ,
DESTINEY MARTINEZ and ANDRELLITA MARTINEZ

    Plaintiffs,                              Case No.:  1:15 CV 00787 KBM-LF

vs.

OFFICER NICHOLAS LEVINE, in his official capacity as
a commissioned law enforcement officer and individual capacity,
OFFICER RYAN KUEHL, in his official capacity as a
Commissioned law enforcement officer and individual capacity,
And the NEW MEXICO STATE POLICE DEPARTMENT,

    Defendants.

**PROTECTIVE ORDER REGARDING PERSONNEL FILES OF OFFICERS LEVINE AND KUEHL, INTERNAL AFFAIRS REVIEW FILE REGARDING CASE NO. 13-181250 AND PLAINTIFFS' MEDICAL AND PSYCHOLOGICAL RECORDS**

    **THIS MATTER** having come before the Court on the Motion of Protective Order filed by Plaintiffs (Doc. No. 28) and the response thereto filed by Defendants Levine, Kuehl and the New Mexico State Police Department (Doc. No. __), by and through respective counsel of record, and the Court being fully advised in the premises,

    **FINDS** that good cause exists for the entry of the Protective Order based upon the arguments and materials presented by counsel.

    **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

    Defendants Officer Nicholas Levine, Officer Ryan Kuehl, and the New Mexico State Police Department (collectively "State Defendants") shall produce Personnel Files and the Internal Affairs Review File Regarding Case No. 13-181250 (hereinafter "Internal Documents") (with



redaction of home addresses, home phone numbers, and social security numbers), subject to the following terms and conditions:

1. Plaintiffs and their respective attorney of record will return the contents of the Internal Documents file at the resolution of this lawsuit;

2. Plaintiffs and their respective attorney of record will purge all copies of the contents the Internal Documents at the resolution of this lawsuit;

3. Plaintiffs and their respective attorney of record will not disclose or produce the contents of the Internal Documents to any non-party at any time, except for investigators, any experts and/or consultants retained by the parties in this matter;

4. Plaintiffs and their respective attorney of record will not to attach any of the contents of the Internal Documents as exhibits to depositions or to motions filed with this Court unless the depositions or motions are sealed.

5. As the Internal Documents become known to State Defendants, State Defendants reserve the right to object to the disclosure of privileged documents constituting psychotherapist-patient communications, work product, attorney-client communication, or documents that they assert would violate an officer's right to privacy. Furthermore, as these documents become known to State Defendants, disclosure and claims of privilege may be made. Any such claims of privilege may be challenged by Plaintiffs in accordance with the Federal Rules of Civil Procedure.

6. Plaintiffs and their respective attorney of record will only use the information contained in Internal Documents for purposes of this lawsuit only and agree that this information

is not to be used or disclosed in any other proceedings, litigation, depositions, and/or hearings which are not a part of this action.

7. State Defendants will produce all Internal Documents presently known to State Defendants within three (3) days of the date of entry of this order, and will supplement such production on a rolling basis as to all further Internal Documents as they become known to State Defendants.

Plaintiffs shall produce their medical and psychological records ("Plaintiffs' Medical and Psychological Records") subject to the following terms and conditions:

8. State Defendants and their respective attorney of record will return the contents of the Plaintiffs' Medical and Psychological Records file at the resolution of this lawsuit;

9. State Defendants and their respective attorney of record will purge all copies of the contents the Plaintiffs' Medical and Psychological Records at the resolution of this lawsuit;

10. State Defendants and their respective attorney of record will not disclose or produce the contents of the Plaintiffs' Medical and Psychological Records to any non-party at any time, except for investigators, any experts and/or consultants retained by the parties in this matter;

11. State Defendants and their respective attorney of record will not to attach any of the contents of the Plaintiffs' Medical and Psychological Records as exhibits to depositions or to motions filed with this Court unless the depositions or motions are sealed.

12. As the Plaintiffs' Medical and Psychological Records become known to Plaintiffs, Plaintiffs reserve the right to object to the disclosure of privileged documents constituting work product, or attorney-client communication. Furthermore, as these

documents become known to Plaintiffs, disclosure and claims of privilege may be made. Any such claims of privilege may be challenged by State Defendants in accordance with the Federal Rules of Civil Procedure.

13. State Defendants and their respective attorney of record will only use the information contained in Plaintiffs' Medical and Psychological Records for purposes of this lawsuit only and agree that this information is not to be used or disclosed in any other proceedings, litigation, depositions, and/or hearings which are not a part of this action.

14. Plaintiffs will produce all Plaintiffs' Medical and Psychological Records presently known to Plaintiff within three (3) days of the date of entry of this order, and will supplement such production on a rolling basis as to all further Plaintiffs' Medical and Psychological Records as they become known to Plaintiffs.

_____
United States Magistrate Judge

Respectfully submitted by:

**SAUCEDOCHAVEZ, P.C.**

By: /s/ Frank T. Apodaca
    Christopher T. Saucedo
    Frank T. Apodaca
    Post Office Box 30046
    Albuquerque, NM 87190
    T: (505) 338-3945
    E: csaucedo@saucedochavez.com
    E: fapodaca@saucedochavez.com
    ***Attorneys for State Defendants***