

SaucedoChavez, P.C.

Frank T. Apodaca
*fapodaca@saucedochavez.com*

November 13, 2015

VIA FIRST CLASS MAIL AND EMAIL

Pilar Tirado Murray
P.O. Box 717
El Prado, NM 87529

> RE:   *Marquez, et al. v. Levine, et al.*
> *1:15 CV 00787 KBM-LF*
>
> *Defendants' Efforts to Produce Additional Documents Under Protective Order*

Dear Ms. Murray:

Please find enclosed with this letter the following pleading:

### 1.  DEFENDANTS' RULE 26 (A) (1) INITIAL DISCLOSURES (1st Supplemental)

This pleading discloses production of the audio and video tapes pertaining to the officers on scene (Levine, Kuehl, Oviedo) at the incident underlying the above-captioned litigation, produced as DEFS PROD 000658-660.  Those discs are provided with this letter (by First Class Mail).

This pleading also discloses production (subject to protective order) of the personnel files of Defendant Officers Levine and Kuehl, to be produced as DEFS PROD 000219-000657.  Note that the officers' personnel files contained no medical or psychological records to which State Defendants may have sought to protect from disclosure, so the personnel files will be produced (upon entry of a protective order) as received from DPS, bearing only personal identifier redactions, but with no pages excluded from production.

As noted in State Defendants' Original Rule 26(a)(1) Initial Disclosures (2015-10-27) and State Defendants' Rule 26(a)(1) Initial Disclosures (1st Supplemental) (2015-11-13), State Defendants are prepared to produce the following documents subject to entry of a Protective Order:



EXHIBIT

B

| | Claim of Privilege Log for<br>Department of Public Safety Internal Affairs Investigation<br>of Complaint as to Case No. 13-181250 | | |
|---|---|---|---|
| No. | Description of Document | Claim of Privilege | Bates Stamp No. |
| 1 | Copies of Intra-Departmental Correspondence from Captain Jimenez, Lieutenant Maestas, Officer Levine, Officer Kuehl | Privilege claimed: Officer Ryan Levine's 14th Amendment right to privacy. Without waiving this objection,<br><br>State Defendants will produce these documents to Plaintiffs upon entry of a protective order. | DEFS PROD 6-15; 127-128; 132-141 |

| | Claim of Privilege Log for<br>Personnel Files of Officers Levine And Kuehl<br>of Complaint as to Case No. 13-181250 | | |
|---|---|---|---|
| Description of Document | | Claim of Privilege | Bates Stamp No. |
| **Officer Ryan Kuehl's Personnel File** | | **Privilege claimed: Officer Kuehl's 14th Amendment right to privacy. Without waiving this objection, State Defendants will produce these documents to Plaintiffs upon entry of a protective order.** | **DEFS PROD 219-489.** |
| **Officer Ryan Kuehl's Personnel File** | | **Privilege claimed: Officer Kuehl's 14th Amendment right to privacy. Without waiving this objection, State Defendants will produce these documents to Plaintiffs upon entry of a protective order.** | **DEFS PROD 490-657.** |

*Ms. Pilar Tirado Murray*
*November 13, 2015*
*Page 3 of 4*

On November 2, 2015, State Defendants send you the following pleadings seeking your consent:

1. UNOPPOSED MOTION FOR PROTECTIVE ORDER REGARDING PERSONNEL FILES OF OFFICERS LEVINE AND KUEHL AND INTERNAL AFFAIRS REVIEW FILE; AND
2. STIPULATED PROTECTIVE ORDER.

You responded that day and requested that the proposed pleadings be revised to offer protections for Plaintiffs' medical and psychological records, despite prior production by you of certain of your clients' medical records without any such protections. You indicated you were unable to prepare the modified pleadings for at least a week due to other issues.

On October 11, 2015, I went ahead and prepared modified pleadings to provide protections for your clients as you had requested, and because you had not done so. I did so in an effort to secure entry of a protective order, so State Defendants could comply with Rule 26(a)(1) obligations. The following pleadings were sent to you for review and approval:

1. STIPULATED MOTION FOR PROTECTIVE ORDER REGARDING PERSONNEL FILES OF OFFICERS LEVINE AND KUEHL, AND INTERNAL AFFAIRS REVIEW FILE REGARDING CASE NO. 13-181250, AND REGARDING PLAINTIFFS' MEDICAL AND PSYCHOLOGICAL RECORDS; AND
2. STIPULATED PROTECTIVE ORDER REGARDING PERSONNEL FILES OF OFFICERS LEVINE AND KUEHL, AND INTERNAL AFFAIRS REVIEW FILE REGARDING CASE NO. 13-181250.

That same day, you replied and did not consent to the above pleadings and had certain concerns.

I responded that if we could not reach agreement on the issue of protective orders, I would submit the original proposed motion and order as opposed.

Thereafter, you sent by two separate follow-up emails two proposed revised orders, different from each other, and the last of which would have imposed on State Defendants obligations to produce documents that they have no obligation to produce at this point in the litigation. These proposed orders were not in red-line so I could not identify without line by line comparison what you had changed from the prior proposed motions and orders I had sent to you.

In essence, your requested changes would require State Defendants to waive privilege objections as to medical and psychological records that may have been present in the individual Defendant Officers' personnel files (of which there are none), and would have required production of all internal affairs files pertaining to individual Defendant Officers (of which I am advised there are none other than that relating to Levine as to the incident underlying this lawsuit, identified in the tables above, and ready for production upon entry of a protective order).

*Ms. Pilar Tirado Murray*
*November 13, 2015*
*Page 4 of 4*

Regarding this exchange, I respectfully offer the following additional observations. Rule 26(a)(1)(A)(ii) requires production of the following:

"A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

Fed. R. Civ. Proc. 26(a)(1)(A)(ii).

That rule does not require production by State Defendants of all documents that Plaintiffs may be interested in using to support Plaintiffs' claims. Such documents may be requested by Plaintiffs through normal discovery processes, and thereafter, State Defendants will respond with or without objection as provided by the rules, and produce any documents consistent with such responses and objections. Plaintiffs thereafter may seek to confer with State Defendants regarding same, and any unresolved issues may be resolved conclusively by the Court.

If any such documents produced by this process also would require coverage by a protective order, the parties can enter subsequent protective orders or expand the scope of previously entered protective orders. What State Defendants are not amenable to at this point is delaying any further the production of documents they believe they have a duty to produce under Rule 26(a)(1)(A)(ii), for which they seek coverage by a protective order, when that delay results from Plaintiffs' desire to impose on State Defendants production obligations they do not have.

Accordingly, State Defendants will submit the motion and proposed protective order originally provided to you on November 2, 2015 to the Court, in the form of an opposed order. Minor typographical corrections may be made to same, but the content will be unchanged.

If you later choose to consent to the entry of the proposed protective order, you obviously would be free to do so. Likewise, if you wish to propose a motion and protective order that might apply to production of documents by Plaintiffs, State Defendants would be happy to consider such documents, and will not unreasonably withhold consent to same.

Very truly yours,

SAUCEDOCHAVEZ, P.C.

Frank T. Apodaca

Enclosure