IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, RICHARD MARTINEZ,
DESTINEY MARTINEZ and ANDRELLITA MARTINEZ

        Plaintiffs,                           Case No.: 1:15 CV 00787 KBM-LF

vs.

OFFICER NICHOLAS LEVINE, in his official capacity as
a commissioned law enforcement officer and individual capacity,
OFFICER RYAN KUEHL, in his official capacity as a
Commissioned law enforcement officer and individual capacity,
And the NEW MEXICO STATE POLICE DEPARTMENT,

        Defendants.

## PROTECTIVE ORDER FOR INTERNAL PERSONNEL AND INTERNAL AFFAIRS FILES OF OFFICERS LEVINE AND KUEHL AND MUTAL PROTECTIVE ORDER FOR MEDICAL AND PSYCHOLOGICAL RECORDS OF ALL PARTIES

**THIS MATTER** having come before the Court on the Motion of Protective Order filed by Plaintiffs (Doc. 28), Defendants' Response (Doc. 39) and Plaintiffs' Reply (Doc. 41) by and through respective counsel of record, and the Court having reviewed all pleadings, the file(s), and being fully advised in the premises:

**FINDS** that pursuant to the procedures of this Court, *52 Automotive LLC v. Micron Technology, Inc*., 283 F.R.D. 671 (D. N.M. 2012), Flanagan v. Munger, 880 F.2d 1557, 1570 (10th Cir. 1989) and related authority, good cause exists for entry of Plaintiffs' comprehensive Protective Order.

        **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

The above-named Defendants shall produce all internal Personnel Files and all Internal Affairs Review Files, Internal Affairs Investigation Files and Internal Affairs reports including any and all disciplinary history, citizen complaints, if any, and job-related medical and

psychological records for the individually named Defendants subject to the following terms and conditions:

1. Plaintiffs and their respective attorney of record will return the contents of all documents covered by this protective order at the resolution of this lawsuit;

2. Plaintiffs and their respective attorney of record will purge all copies of the contents of all documents covered by this protective order at the resolution of this lawsuit;

3. Plaintiffs and their respective attorney of record will not disclose or produce the contents of the documents covered by this protective order to any non-party at any time, except for investigators, any experts and/or consultants retained by the parties in this matter;

4. Plaintiffs and their respective attorney of record will only use the information contained in the documents covered by this protective order for purposes of this lawsuit only and agree that this information is not to be used or disclosed in any other proceedings, litigation, depositions, and/or hearings which are not a part of this action;

5. Defendants shall produce the complete internal personnel files and internal affairs files subject only to the redactions identified above, from inception of each officer's employment with the NMSP to the present date, on_____or _____upon entry of this order, and will supplement such production on a rolling basis as to all further related documents pursuant to the local rules and the Federal Rules of Civil Procedure.

Similarly, Plaintiffs shall produce their medical and psychological records as they pertain to the injuries alleged in this case subject to the following terms and conditions:

1. Defendants and their respective attorneys of record will return the contents of all of all of the Plaintiffs' Medical and Psychological Records at the resolution of this lawsuit;

2. Defendants and their respective attorney of record will purge all copies of the contents of all of the Plaintiffs' Medical and Psychological Records at the resolution of this lawsuit;

3. Defendants and their respective attorneys of record will not disclose or produce the contents of any of the Plaintiffs' Medical and Psychological Records to any non-party at any time, except for investigators, any experts and/or consultants retained by the parties in this matter;

4. Defendants and their respective attorneys of record will only use the information contained in Plaintiffs' Medical and Psychological Records for purposes of this lawsuit and thus, will not use or disclose this information in any other proceedings, litigation, depositions, and/or hearings which are not a part of this action;

Counsel for Plaintiffs affirms that she has produced all of Plaintiffs' Medical and Psychological Records presently known to her at this time and that this agreement applies to Rule 26 disclosures as well as to any future records to be provided by either party to the other.

Both parties reserve the right to object to the disclosure of documents constituting work product and/or attorney-client communication and to seek *in camera* review of any documents of an unusually sensitive or personal nature relating to this litigation.

The parties acknowledge that this Order does not entitle them to seal all confidential information filed with the Court.

In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document

under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the fourteen day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

_____
UNITED STATES MAGISTRATE JUDGE

Submitted by:

By: /s/Pilar Tirado Murray
Pilar Tirado Murray, Esq.
Counsel for Plaintiffs
P.O. Box 717
El Prado, NM 87529
(575) 779-7054
jurisprudence@writeme.com