IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, et al,

        Plaintiffs,

v.                                                                     No. 1:15-CV-00787 KBM-LF

OFFICER NICHOLAS LEVINE, et al,

        Defendants.

## ORDER RE PROTECTIVE ORDERS

        THIS MATTER comes before the Court on defendants' Motion for Protective Order (Doc. 20), and plaintiffs' Motion for Protective Order (Doc. 28). Both motions have been fully briefed. For the reasons set forth below, the Court will grant defendants' motion, and will grant plaintiffs' motion in part.

        Although defendants object to the disclosure of the "Personnel Files and Internal Affairs Review File" regarding case no. 12-181250 (which the parties refer to as "Internal Documents"), they have agreed to produce these documents to plaintiffs so long as their production and disclosure are subject to specified conditions. *See* Doc. 20. Plaintiffs do not object to the specified conditions. *See* Doc. 25 at 1–2. They simply want more documents than defendants are willing to provide under Fed. R. Civ. P. 26(a)(1)(A)(ii). Specifically, plaintiffs want all of "Officer Levine's job-related medical and psychological records," and "all of the named Defendants['] Internal Affairs Review files, all other complaints filed against the [New Mexico State Police] based on allegations of false arrest and any resulting investigations into their officers' conduct." Doc. 25 at 2.

Rule 26(a)(1)(A)(ii) requires a party to provide:

> A copy . . . of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Under its plain terms, the rule does not require a party to produce items that another party may want to use to support that party's claims or defenses, nor does it require a party to produce anything the party does not intend to use. *See Norouzian v. Univ. of Kansas Hosp. Auth.*, 2010 WL 4513406, *2–*3 (D. Kan. 2010) (unpublished). Thus, only the producing party can determine what documents fall within the rule's parameters.

In this case, plaintiffs are attempting to use the dispute over a protective order as a means to force defendants to produce additional information under Rule 26(a)(1)(A)(ii). But opposing defendants' request for a protective order and/or proposing their own protective order is not the proper mechanism for compelling defendants to produce documents to which plaintiffs believe they are entitled. If plaintiffs believe they are entitled to discover the documents they seek to have covered by their proposed protective order, they must issue an appropriate request for production of those documents. The Court cannot compel defendants to produce documents under Rule 26(a)(1)(A)(ii) that the defendants themselves do not intend to use to support their claims or defenses.

Plaintiffs also seek an order protecting the use and disclosure of plaintiffs' medical and psychological records. *See* Doc. 28 at 3. Defendants do not object to extending the scope of the protective order to cover plaintiffs' medical and psychological records. *See* Doc. 39 at 9. The Court thus will grant this aspect of the plaintiffs' motion for a protective order.

**IT IS THEREFORE ORDERED:**

Defendants' motion for a protective order (Doc. 20) is GRANTED. Plaintiffs' motion for a protective order (Doc. 28) is GRANTED IN PART, and DENIED IN PART. Concurrent with the entry of this order, the Court will enter a protective order that includes all the terms to which the parties have agreed, as well as additional terms that comply with the Court's guidelines for protective orders (available at http://www.nmd.uscourts.gov/content/honorable-laura-fashing).

_____
Laura Fashing
United States Magistrate Judge