IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, et al,

      Plaintiffs,

v.                                                No. 1:15-CV-00787 KBM-LF

OFFICER NICHOLAS LEVINE, et al,

      Defendants.

## **PROTECTIVE ORDER**

THIS MATTER comes before the Court on defendants' Motion for Protective Order (Doc. 20), and plaintiffs' Motion for Protective Order (Doc. 28). Based on the submissions of both parties, the Court finds good cause for the entry of this Protective Order to protect the parties from annoyance and embarrassment, and to protect their privacy.

**IT IS THEREFORE ORDERED:**

Defendants Officer Nicholas Levine, Officer Ryan Kuehl, and the New Mexico State Police Department (collectively "State Defendants") shall produce the contents of the Personnel Files and the Internal Affairs Review File regarding case no. 13-181250 (hereafter collectively "Internal Documents") (with redaction of home addresses, home phone numbers, and social security numbers), subject to the following terms and conditions:

1. Plaintiffs and their respective attorney of record will return the originally produced Internal Documents to defendants at the resolution of this lawsuit;

2. Plaintiffs and their respective attorney of record will purge and destroy all additional copies of the Internal Documents at the resolution of this lawsuit;

3. Plaintiffs and their respective attorney of record will not disclose or produce the contents of the Internal Documents to any non-party at any time, except for investigators, any experts and/or consultants retained by the parties in this matter;

4. Plaintiffs and their respective attorney of record will not attach any document subject to this protective order as an exhibit to a deposition unless the deposition is sealed.

5. As the Internal Documents become known to State Defendants, State Defendants reserve the right to object to the disclosure of privileged documents constituting psychotherapist-patient communications, work product, attorney-client communication, or documents they assert would violate an officer's right to privacy. Furthermore, as these documents become known to State Defendants, objection to disclosure and claims of privilege may be made. Any such claims of privilege may be challenged by Plaintiffs in accordance with the Federal Rules of Civil Procedure.

6. Plaintiffs and their respective attorney of record will use the information contained in Internal Documents for purposes of this lawsuit only and agree that this information is not to be used or disclosed in any other proceedings, litigation, depositions, and/or hearings which are not a part of this action.

7. State Defendants shall produce all Internal Documents presently known to State Defendants within three business days of the date of entry of this Protective Order, and will supplement such production on a rolling basis as to all further Internal Documents as they become known to State Defendants.

Plaintiffs shall produce their medical and psychological records (hereafter "Plaintiffs' Medical and Psychological Records") subject to the following terms and conditions:

8. State Defendants and their respective attorneys will return the originally produced copies of Plaintiffs' Medical and Psychological Records to Plaintiffs at the resolution of this lawsuit;

9. State Defendants and their respective attorneys of record will purge and destroy all additional copies of Plaintiffs' Medical and Psychological Records at the resolution of this lawsuit;

10. State Defendants and their respective attorneys of record will not disclose or produce the contents of Plaintiffs' Medical and Psychological Records to any non-party at any time, except for investigators, any experts and/or consultants retained by the parties in this matter;

11. State Defendants and their respective attorneys of record will not attach any document subject to this protective order as an exhibit to a deposition unless the deposition is sealed.

12. As Plaintiffs' Medical and Psychological Records become known to Plaintiffs, Plaintiffs reserve the right to object to the disclosure of privileged documents constituting work product, or attorney-client communication. Furthermore, as these documents become known to Plaintiffs, objection to disclosure and claims of privilege may be made. Any such claims of privilege may be challenged by State Defendants in accordance with the Federal Rules of Civil Procedure.

13. State Defendants and their respective attorneys of record will use the information contained in Plaintiffs' Medical and Psychological Records for purposes of this lawsuit only and agree that this information is not to be used or disclosed in any other

proceedings, litigation, depositions, and/or hearings which are not a part of this action.

14. Plaintiffs shall produce all Plaintiffs' Medical and Psychological Records presently known to Plaintiffs (and that have not already been produced) within three business days of the date of entry of this Protective Order, and will supplement such production on a rolling basis as to all further Plaintiffs' Medical and Psychological Records as they become known to Plaintiffs.

**IT IS FURTHER ORDERED:**

15. This Protective Order does not apply to any information or documents that are available to the public or have not previously been kept in a confidential manner.

16. This Protective Order does not entitle the parties to file all documents that contain information subject to this Order with the Court under seal. In the event a party seeks to file any document containing information subject to protection under this Order, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who produced the document; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions of the document under seal by filing a written motion for leave to file under seal. The submitting party may file a document protected by this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal and identify the party that produced the document. If the party

filing the document containing protected information is the producing party, the motion for leave to file under seal should include a declaration identifying the protected information contained in the document and explaining why the document is sealable.  If the party filing the document is not the producing party, the producing party must file a declaration identifying the protected information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen days of the filing of the motion to file under seal.  If the producing party does not file a responsive declaration within the fourteen-day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

17. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings.  Subject to the Federal Rules of Evidence, a document protected by this Order may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the protected document as may be required by a scheduling or other order.  Any party may move the Court for an order that the protected document be received *in camera* or under other conditions to prevent unnecessary disclosure.  The Court then will determine whether the proffered evidence should continue to be treated as a protected document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

_____
Laura Fashing
United States Magistrate Judge