IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, RICHARD MARTINEZ,
DESTINEY MARTINEZ and ANDRELLITA MARTINEZ

        Plaintiffs,                                  Case No.: 1:15 CV 00787 KBM-LF

vs.

OFFICER NICHOLAS LEVINE, in his official capacity as
a commissioned law enforcement officer and individual capacity,
OFFICER RYAN KUEHL, in his official capacity as a
Commissioned law enforcement officer and individual capacity,
And the NEW MEXICO STATE POLICE DEPARTMENT,

        Defendants.

## MOTION TO QUASH SUBPOENA BY PILAR TIRADO MURRAY TO DEPARTMENT OF PUBLIC SAFETY

**COME NOW** the State Defendants, by and through their counsel of record SaucedoChavez, P.C. and, pursuant to Federal Rule of Civil Procedure 45, moves to quash a subpoena propounded by Plaintiffs to the New Mexico Department of Public Safety, of which Party Defendant New Mexico State Police Department, is a division, and in support of this motion further state as follows:

### BACKGROUND

1. On December 22, 2015, Plaintiffs' counsel, Pilar Murray, purported to hand-serve a Rule 45 "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action." ("Subpoena"). *See* Subpoena, attached as **Exhibit A**.

2. The Subpoena is directed to the "Department of Public Safety, State of New Mexico" ("DPS"). *Id.*

3. The Subpoena purports to require production of "True copies of any and all physical, digital or electronically stored pre-employment and employment records regarding the mental condition and psychological health of Officer Nicholas Asher Levine within the control or possession of the Department of Public Safety from 2009 to the present. *Id.*

4. The place for the purported production is the Murray Law Firm, 515 Gusdorf Road, #8, Taos, NM 87571.

5. The time for the purported production is Christmas Day, December 25, 2015 by 5:00 p.m., three (3) days after the subpoena was served on DPS.

6. Counsel Murray did not email a copy of the Subpoena to undersigned counsel, or otherwise in any form or manner to timely inform or advise undersigned counsel of the service of the Subpoena on DPS on December 22, which subpoena required compliance by December 25, Christmas Day.

7. Instead, a DPS paralegal notified undersigned counsel of the existence of the Subpoena, given undersigned counsel is State Defendants' counsel of record in the case through which Plaintiffs' counsel has purported to issue the Subpoena, acting as an officer of this Court.

8. The material sought by Ms. Murray is the same material she attempted to procure earlier in this litigation by engaging the Court and undersigned counsel in unnecessary motions practice regarding the terms of protective orders. *See* Doc. 25-1, "Plaintiffs' Motion for Protective Order" at 2,¶G; Doc. 28 at 2¶G (asking Court to require that "Attorneys for State Defendants will produce their clients' . . . job-related medical and psychological records and assessments within three (3) days of the date of entry of this order"). That effort was not countenanced. *See* Doc. 51.

9. In compliance with the Local Rules, counsel sought to confer with Plaintiffs' counsel regarding the contents of this motion, but an email to Plaintiffs' counsel was not responded to, and no other response was provided in writing. Just as this motion was being filed, undersigned counsel was informed by staff that Plaintiffs' counsel called and left a very confusing message that the Subpoena was somehow incorrect. But given the lack of any response in writing by Plaintiffs' counsel, and the behavior of Plaintiffs' counsel to date in this litigation in refusing to be reasonable, including coming to undersigned counsel's office on December 20, and trespassing beyond the reception area without permission to effect "personal service" of late discovery answers, undersigned counsel is filing this motion as an opposed motion to protect the rights of State Defendants, and to avoid arguments of waiver by Plaintiffs' counsel in the event that this motion is not filed.

**ARGUMENT**

**I. Plaintiffs' counsel is circumventing normal discovery processes and making questionable use of her role as an officer of the Court by attempting to issue a subpoena to DPS, the Department of which the misnamed Defendant "New Mexico State Police Department" is a division.**

As the Court is aware, New Mexico statute establishes the Department of Public Safety as follows:

> There is created in the executive branch the "department of public safety". The department shall be a cabinet department and shall consist of, but not be limited to: A. the New Mexico state police division; B. the New Mexico law enforcement academy; C. the technical support division; D. the administrative services division; and E. the information technology division.

N.M. Stat. Ann. § 9-19-4 (West).

Accordingly, the party Plaintiffs have attempted to name in this lawsuit, the "New Mexico State Police Department" is actually misnamed and should be named as the Department of Public Safety, of which the New Mexico State Police division, is a statutorily created division. To the extent Plaintiffs wish to sue a "governmental entity" for which sovereign immunity arguably is waived for the causes of action pled, the "governmental entity" at issue is the Department of Public Safety. *See* N.M. Stat. Ann 41-4-3 (defining "governmental entity" to include the "state," which includes "the state of New Mexico or any of its branches, agencies, **departments**, boards, instrumentalities or institutions") (emphasis added).

This issue of misnomer can be addressed by the parties within the deadlines established by the Court for doing so, *see* Doc. 14 at ¶f. However, it arises in the context of this Motion because Plaintiffs essentially are trying to procure discovery from the party they have sued by the wrong name, by way of a Rule 45 subpoena to that party, correctly named, without even timely providing notice to undersigned counsel of the surreptitious effort of same.

Plaintiffs' counsel has sought the material requested by discovery, to which State Defendants have objected. But rather than confer about the objections and engage in discovery motions as allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiffs' counsel has attempted an end-run around all established processes and attempted to obtain the discovery by a subpoena to a party mis-named in the first instance, under the guise of Rule 45.

To the extent a subpoena to a party is allowable, it is not allowable where the effort to procure discovery does not even provide notice to counsel of record of the effort, or otherwise represents an effort to circumvent discovery rules. *See United States v. 2121 Celeste Rd. SW, Albuquerque, N.M.*, 307 F.R.D. 572, 587-88 (D.N.M. 2015) ("While the 10th Circuit has not

authoritatively determined the question of whether a Rule 45 subpoena may issue to a party, the only Circuit that has addressed the issue has stated that to the extent it is allowed, it is not to be used to circumvent normal discovery processes. *See* The Tenth Circuit has not decided whether a rule 45 subpoena may properly be served on a party. Among the other United States Courts of Appeals, only the Second Circuit has addressed the issue, and, even then, did so indirectly, by affirming a district court's holding **that a subpoena may be served on another party as long as it is not used to circumvent rule 34 or the other discovery rules**. *See First City, Texas–Houston, N.A. v. Rafidain Bank,* 197 F.R.D. 250, 255 n. 5 (S.D.N.Y.2000) (Rakoff, J.), *aff'd,* 281 F.3d 48 (2d Cir.2002)) (emphasis added).

This behavior itself is cause enough to quash the subpoena, but as the remainder of this motion makes clear, it is not the only reason.

### II. Rule 45(d)(3) requires that the Subpoena be quashed.

Rule 45(d)(3)(A)(i) provides that "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (1) fails to allow a reasonable time to comply[.]" Fed. R. Civ. Proc. 45(d)(3)(A)(i). Respectfully, serving a subpoena on DPS on December 22, with no notice to undersigned counsel, and requiring compliance by 5:00 p.m. on Christmas Day, is not reasonable time to comply.

That Rule further provides that the Court quash or modify a subpoena that: requires disclosure of privileged or other protected matter, if no exception or waiver applies. *Id.* at Fed. R. Civ. Proc. 45(d)(3)(A)(iii). Any information regarding Mr. Levine's history of psychological treatment, if any, is privileged. *See Jaffee v. Redmond*, 518 U.S. 1, 10-11, 116 S. Ct. 1923, 1928-29, 135 L. Ed. 2d 337 (1996) ("Like the spousal and attorney-client privileges, the psychotherapist-patient privilege is "rooted in the imperative need for confidence and trust." *Ibid.* Treatment by a

5

physician for physical ailments can often proceed successfully on the basis of a physical examination, objective information supplied by the patient, and the results of diagnostic tests. Effective psychotherapy, by contrast, depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears. Because of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communications made during counseling sessions may cause embarrassment or disgrace. For this reason, the mere possibility of disclosure may impede development of the confidential relationship necessary for successful treatment. As the Judicial Conference Advisory Committee observed in 1972 when it recommended that Congress recognize a psychotherapist privilege as part of the Proposed Federal Rules of Evidence, a psychiatrist's ability to help her patients" 'is completely dependent upon [the patients'] willingness and ability to talk freely. This makes it difficult if not impossible for [a psychiatrist] to function without being able to assure ... patients of confidentiality and, indeed, privileged communication. Where there may be exceptions to this general rule ..., there is wide agreement that confidentiality is a sine qua non for successful psychiatric treatment.' " Advisory Committee's Notes to Proposed Rules, 56 F.R.D. 183, 242 (1972) (quoting Group for Advancement of Psychiatry, Report No. 45, Confidentiality and Privileged Communication in the Practice of Psychiatry 92 (June 1960)). By protecting confidential communications between a psychotherapist and her patient from involuntary disclosure, the proposed privilege thus serves important private interests."). *See also* Rule 11-503 NMRA 2000 (physician-patient and psychotherapist-patient privilege); *Lankford v. City of Hobart*, 27 F.3d 477 (10th Cir. 1994) (clearly established privacy right in private medical records); *Flanagan v. Munger*, 890 F.2d 1557 (10th Cir. 1989) (same).

Thus, to the extent the requested information exists it is privileged, so the Subpoena must be quashed.

### III. The provisions of Rule 45 itself require that an officer of the Court exercise care in the manner in which the subpoena power is used, and no such care has been exercised here.

Rule 45(d) provides as follows:

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required **must** enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."

Fed. R. Civ. Proc. 45(d)(1) (emphasis added). Plaintiffs' counsel's actions in issuing the Subpoena, in the manner it has been issued, speaks for itself. Respectfully, those actions are out of step with the requirements of Rule 45(d)(1) and not becoming of an officer of this Court.

Wherefore, State Defendants respectfully request that the Subpoena be quashed, and that the Court order any further relief as it deems appropriate under Rule 45(d)(1) or otherwise.

Respectfully submitted by:

**SAUCEDOCHAVEZ, P.C.**

By: /s/ Frank T. Apodaca
    Christopher T. Saucedo
    Frank T. Apodaca
    Post Office Box 30046
    Albuquerque, NM 87190
    T: (505) 338-3945
    E: csaucedo@saucedochavez.com
    E: fapodaca@saucedochavez.com
    *Attorneys for State Defendants*

I hereby certify that the foregoing was filed
electronically through the EFS system on
December 23, 2015 which caused counsel of record
to be served by electronic means:

Pilar Tirado Murray
**Murray Law Firm**
EM: jurisprudence@writeme.com

*ATTORNEYS for Plaintiff(s)*

By: /s/ Frank T. Apodaca
      Frank T. Apodaca