IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, RICHARD MARTINEZ,
DESTINEY MARTINEZ and ANDRELLITA MARTINEZ,

    Plaintiffs,

                                Case No.: 1:15 CV 00787 KBM-LF

vs.

OFFICER NICHOLAS LEVINE, in his official capacity as
a commissioned law enforcement officer and individual capacity,
OFFICER RYAN KUEHL, in his official capacity as a
commissioned law enforcement officer and individual capacity,
and the NEW MEXICO STATE POLICE DEPARTMENT,

    Defendants.

## MOTION FOR AN ORDER TO SHORTEN TIME

COME NOW Plaintiffs, by and through their counsel of record, Pilar Tirado Murray, and respectfully moves the Court for an Order to Shorten Time to file a Motion to Extend Time for the filing of a LR 26.6 Motion to Compel and in support, states:

1. On Thursday December 17, 2015, Plaintiffs received Defendants' 200 page response to Plaintiff's First Set of Requests for Admission, Requests for Production and Interrogatories.

2. Upon careful review of Defendants' voluminous writings, Plaintiffs learned that <u>no documents</u> were produced. Defendants' answers to Plaintiffs questions and requests amounted to multi-page objections inviting the Court to shift the burden of discovery onto Plaintiffs under

a misreading of the new rule of proportionality. Over three-fourths of Defendants' answers were incomplete or incorrect.[1]

3. After preparing and delivering a timely, eight (8) page mediation memo to Defendants on December 29, 2015 pursuant to Magistrate Fashing's pre-trial order [Doc 14 filed October 29, 2015], Plaintiffs wrote to counsel Frank T. Apodaca the following week, Monday, January 4, 2015, explicitly identifying the missing information and asking Mr. Apodaca to supplement his clients' responses to Plaintiffs' discovery requests in good faith. (Plaintiffs' good faith letters, attached).

4. Although Mr. Apodaca has yet to respond, under the rules his clients are entitled to a meaningful opportunity to do so. Unfortunately, due to the holiday and Plaintiffs efforts to obtain the very information that Defendants have declined to produce, only three (3) days remain before a Motion to Compel under LR 26.6 can be filed.[2] ("A party served with objections to: an interrogatory, request for production or inspection, or request for admission must proceed under D.N.M.LR-Civ 37 within 21

---

[1] Defendants' objections referred Plaintiffs to their Initial Rule 26 Disclosures and reiterated their prior arguments about privacy. These arguments were raised in their Motion for a Protective Order. They reflect Defendants' unilaterally narrow construction of Plaintiffs' theory of the case.

[2] In anticipation of Defendants' non-production of documents, Plaintiffs served subpoenas on ECD provider/manufacturer Taser International, former NMSP police psychologist Susan Cave, KRQE-Channel 13, and Diana Martwick, DA for the 12th Judicial District Attorney's Office in Alamogordo. To avoid burdening the recipients, Plaintiffs counsel undertook the drive to Albuquerque on December 21, 2015 and despite road closures throughout the state due to perilous weather, Alamogordo on December 28, 2015 to review documents involving Defendant Levine's involvement in a prior false arrest (Albuquerque) and a recent officer-involved shooting (12th Judicial District). In the interim, counsel served two subpoenas on DPS, one in error. Copies of all subpoenas were mailed to Defendants prior to service.

days of service of an objection unless the response specifies that documents will be produced or inspection allowed.")

5. To avoid unnecessary motion practice in which Plaintiffs will have no choice but seek sanctions, and to meet both the spirit and the letter of the rules, Plaintiffs ask the Court to shorten the time to bring a Motion to extend the timeline for filing their Motion to Compel from January 7, 2015 to January 13, 2015 or if the Court so chooses, to a further date.[3] This will allow Defendants a fair opportunity to supplement their answers and thus, to gain the benefit of an orderly rule-abiding process. It will also allow the Court time to determine if and how to fairly apply the December 1, 2015 amendments to the Federal Rules of Civil Procedure to a pending police misconduct case.

**RESPECTFULLY SUBMITTED,**

/*s*/ Pilar Tirado Murray
Pilar Tirado Murray
P.O. Box 2532
Ranchos de Taos, NM  87557
(575) 779-7054
jurisprudence@writeme.com

I certify that a copy of the
foregoing was served on
opposing counsel via CM/ECF

---

[3] LR 26.5(a) Changing Discovery Limitations allows the Court sua sponte or on motion by a party to change the limitations imposed on discovery by federal or local rule.

and via U.S. Mail first class
on this 5th day of January, 2016.

/s/ Pilar Tirado Murray