IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, RICHARD MARTINEZ,
DESTINEY MARTINEZ and ANDRELLITA MARTINEZ,

    Plaintiffs,

                                                  Case No.: 1:15 CV 00787 KBM-LF

vs.

OFFICER NICHOLAS LEVINE, in his official capacity as
a commissioned law enforcement officer and individual capacity,
OFFICER RYAN KUEHL, in his official capacity as a
commissioned law enforcement officer and individual capacity,
and the NEW MEXICO STATE POLICE DEPARTMENT,

    Defendants.

## PARTIALLY UNOPPOSED MOTION FOR AN ORDER EXTENDING DISCOVERY DEADLINE

COME NOW Plaintiffs, by and through their counsel of record, Pilar Tirado Murray, and respectfully move the Court for an Order Extending the discovery deadline for filing Plaintiffs' Motion to Compel under LR 26.5(a) and in support, state:

1.     On Thursday December 17, 2015, Plaintiffs received Defendants' 200 page response to Plaintiff's First Set of Requests for Admission, Requests for Production and Interrogatories.

2.     Upon careful review of Defendants' voluminous writings, Plaintiffs realized <u>no documents</u> were produced. Defendants' answers to Plaintiffs questions and requests amounted to multi-page objections inviting the Court to shift the burden of discovery onto Plaintiffs under

a misreading[1] of the new rule of proportionality. Over three-fourths of Defendants' answers were incomplete or incorrect.[2]

3. After preparing and delivering a timely, ten (10) page mediation memo to Defendants on December 29, 2015 as directed by Magistrate Fashing's pre-trial order [Doc 14 filed October 29, 2015], Plaintiffs wrote three detailed letters to counsel Frank T. Apodaca at 8:30 a.m. on Monday, January 4, 2015, explicitly identifying the missing information and asking Mr. Apodaca to supplement his clients' responses to Plaintiffs' discovery requests in good faith.

4. Mr. Apodaca's clients are entitled to a meaningful opportunity to respond. Unfortunately, due to the holiday and Plaintiffs' efforts to obtain the very information that Defendants have failed to produce, only three (3) days remain before a Motion to Compel under LR 26.6 can be filed.[3] ("A party served with objections to: an interrogatory,

---

[1] The Advisory Committee states that the new Rule 26(b)(1) is not intended to place the burden of proving proportionality on the party seeking discovery (See, April 10-11, 2014 Report of the Advisory Civil Rules at 84.)

[2] Defendants' objections referred Plaintiffs to their Initial Rule 26 Disclosures and reiterated their prior arguments about Defendants' right to privacy. These arguments were reflected in Defendants' Motion for a Protective Order and embody their unilaterally narrow construction/denial of Plaintiffs' theory of the case.

[3] In anticipation of Defendants' non-production of documents, Plaintiffs served subpoenas on ECD provider/manufacturer Taser International, former NMSP police psychologist Susan Cave, KRQE-Channel 13, and Diana Martwick, DA for the 12th Judicial District Attorney's Office in Alamogordo. To avoid burdening the recipients, Plaintiffs counsel undertook the drive to Albuquerque on December 21, 2015 and despite road closures due to perilous weather, Alamogordo on December 28, 2015 to review documents involving Defendant Levine's

request for production or inspection, or request for admission must proceed under D.N.M.LR-Civ 37 within 21 days of service of an objection unless the response specifies that documents will be produced or inspection allowed.")

5. To avoid unnecessary motion practice in which Plaintiffs will have no choice but to seek sanctions and to meet both the spirit and the letter of the rules, Plaintiffs ask the Court to extend the deadline for filing their Motion to Compel from January 7, 2016 to January 25, 2016 or if the Court so chooses, pursuant to this Motion or sua sponte.[4] This will allow Defendants a fair opportunity to supplement their answers and thus, to gain the benefit of an orderly, rule-abiding process. At the same time, it will allow the Court time to determine if and when to apply the December 1, 2015 amendments to the Federal Rules of Civil Procedure to a pending civil rights case, a decision that only the Court can fairly make.

6. Mr. Apodaca was contacted in advance of filing of this Motion. He is equivocal about its form but is amenable to an extension of time to a date following the scheduled mediation.

---

involvement in a prior false arrest (Albuquerque) and a recent officer-involved shooting (12th Judicial District). In the interim, counsel served two subpoenas on DPS, one in error. Copies of all subpoenas were mailed to Defendants prior to service.

[4] LR 26.5(a) Changing Discovery Limitations allows the Court sua sponte or on motion by a party to change the limitations imposed on discovery by federal or local rule.

7.

                              **RESPECTFULLY SUBMITTED,**

*/s/* Pilar Tirado Murray
Pilar Tirado Murray
P.O. Box 2532
Ranchos de Taos, NM  87557
(575) 779-7054
jurisprudence@writeme.com

I certify that a copy of the
foregoing was served on
opposing counsel via CM/ECF
and via U.S. Mail first class
on this 5th day of January, 2016.

/s/ Pilar Tirado Murray