IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, RICHARD MARTINEZ,
DESTINEY MARTINEZ and ANDRELLITA MARTINEZ

       Plaintiffs,                        Case No.: 1:15 CV 00787 KBM-LF

vs.

OFFICER NICHOLAS LEVINE, in his official capacity as
a commissioned law enforcement officer and individual capacity,
OFFICER RYAN KUEHL, in his official capacity as a
Commissioned law enforcement officer and individual capacity,
And the NEW MEXICO STATE POLICE DEPARTMENT,

       Defendants.

## STATE DEFENDANTS' OPPOSITION IN RESPONSE TO PLAINTIFFS' PURPORTED "PARTIALLY UNOPPOSED MOTION FOR PROTECTIVE ORDER"

In response to Plaintiffs' "Partially Unopposed Motion for An Order Extending Discovery Deadline (Doc. 62) ("Motion"), Defendants Officer Nicholas Levine, Officer Ryan Kuehl and New Mexico State Police Department (collectively "State Defendants"), by and through its attorneys of record, SaucedoChavez, P.C. (Christopher T. Saucedo and Frank T. Apodaca), and pursuant to Fed. R. Civ. P. 26(c), hereby state as follows:

### BACKGROUND

1. Undersigned counsel is again forced to prepare an immediate response to a motion by Plaintiffs' counsel, because that motion (Doc. 62) completely misrepresents State Defendants' position on the requested relief.

2. Plaintiffs' counsel claims the motion is "partially unopposed" but that is false.

1

3. Plaintiffs' counsel claims that "Mr. Apodaca was contacted in advance of filing of this Motion. He is equivocal about its form but is amenable to an extension of time to a date following the scheduled mediation." Motion (Doc.62) at ¶6. That is a complete misstatement of State Defendants' position and the history of the parties' exchange on this issue, which is set forth below.

4. On January 5, at 10:30 a.m., Plaintiffs' counsel sent undersigned counsel an email titled "Motion to Extend Time – Marquez, et al v. Levine, et al" which stated Counsel, Do you concur or oppose?" This email and the proposed motion is attached as **Exhibit A**.

5. The proposed motion as drafted was confusing, but the upshot appeared to be that Plaintiffs' counsel wanted more time in which to file any Motion to Compel in connection with State Defendants' answers, responses and objections to discovery, which Plaintiff claimed were served on December 17, 2015, making any motion to compel due by January 7, 2015 under D.N.M. Loc. R. 26.6.

6. In an effort to work with Plaintiffs' counsel, undersigned counsel called Plaintiffs' counsel and stated that State Defendants would not oppose an extension of time for filing of motions to compel, if Plaintiffs would grant a similar extension to State Defendants for any motions to compel they might file, particularly in light of the volume of discovery requests at issue, the holiday period and the upcoming mediation.

7. Undersigned counsel proposed that the parties draft a simple stipulated motion to extend deadlines.

8. Plaintiffs' counsel said she need to confer with her clients about this, and would get back to undersigned counsel.

9. Thereafter, undersigned counsel prepared a draft of the stipulated motion.

10. At 11:50 a.m., undersigned counsel sent a draft of the stipulated motion to Plaintiffs' counsel, which proposed a mutual extension of deadlines for filing upcoming motions to compel, if any. *See* Email attached as **Exhibit B**.

11. At 12:01 p.m., Plaintiffs' counsel rejected the proposal for mutual agreed extension and filing of a stipulated motion, and tried to exact other concessions from State Defendants concerning potential sanctions Plaintiffs' counsel is facing with respect to the pending Motion to Quash (Doc. 56), *See* Email Chain attached as **Exhibit C** at 4-5. Plaintiffs' counsel never agreed to mutual extensions.

12. Undersigned counsel thereafter sent multiple follow-up emails to Plaintiffs' counsel (at 12:14, 12:18 and 12:52 p.m. to make sure that Plaintiffs' counsel was clear that undersigned counsel could not support Plaintiffs' counsel's motion unless mutual extensions were provided for as proposed by the proposed motion sent to Plaintiffs' counsel. These emails left no confusion as to State Defendants' position that Plaintiffs' counsel's motion could not be supported unless mutual extensions were provided for. *See* Exhibit C at 1-4.

13. Remarkably, Plaintiff's counsel then changed the form of her original proposed motion, and at 1:05 p.m. filed it as "partially unopposed," and stating that "Mr. Apodaca was contacted in advance of filing of this Motion. He is equivocal about its form but is amenable to an extension of time to a date following the scheduled mediation." Doc. 62 at ¶6.

14. This is a breathtaking misstatement of State Defendants' position on Plaintiffs' proposed motion, as the above history makes clear, wherein State Defendants' sought mutual extensions and any approval of Plaintiffs' deadlines on discovery motions would be made in

concert with similar extensions for State Defendants. Undersigned counsel even drafted the motion. *See* Exhibit B.

15. State Defendants defer to the Court with respect to how Plaintiffs' counsel's "partially unopposed" motion and mischaracterizations are handled. This was not a "partially unopposed" motion in any sense and the certificate of conference was wholly misleading.

16. Frankly, State Defendants are at a loss at this point as to how to proceed with Plaintiffs' counsel in matters such as these.

**WHEREFORE**, State Defendants respectfully request that the Court deny Plaintiffs' Motion and grant any further relief as it deems appropriate.

Respectfully submitted by:

**SAUCEDOCHAVEZ, P.C.**

By: /s/ Frank T. Apodaca
       Christopher T. Saucedo
       Frank T. Apodaca
       Post Office Box 30046
       Albuquerque, NM 87190
       T: (505) 338-3945
       E: csaucedo@saucedochavez.com
       E: fapodaca@saucedochavez.com
       ***Attorneys for State Defendants***

I hereby certify that the foregoing was filed electronically through the EFS system on January 5, 2015 which caused counsel of record to be served by electronic means:

Pilar Tirado Murray
**Murray Law Firm**
E: [jurisprudence@writeme.com](mailto:jurisprudence@writeme.com)

*ATTORNEYS for Plaintiff(s)*

By: /s/ Frank T. Apodaca
      Frank T. Apodaca