IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, RICHARD MARTINEZ,
DESTINEY MARTINEZ and ANDRELLITA MARTINEZ

      Plaintiffs,                    Case No.: 1:15 CV 00787 KBM-LF

vs.

OFFICER NICHOLAS LEVINE, in his official capacity as
a commissioned law enforcement officer and individual capacity,
OFFICER RYAN KUEHL, in his official capacity as a
Commissioned law enforcement officer and individual capacity,
And the NEW MEXICO STATE POLICE DEPARTMENT,

      Defendants.

## MOTION TO QUASH SUBPOENA BY PILAR TIRADO MURRAY TO DEPARTMENT OF PUBLIC SAFETY

**COME NOW** State Defendants, by and through their counsel of record SaucedoChavez, P.C. and, pursuant to Federal Rule of Civil Procedure 45, move to quash a subpoena propounded by Plaintiffs to the New Mexico Department of Public Safety, of which (misnamed) Party Defendant New Mexico State Police Department, is a division, and in support of this motion further state as follows:

### BACKGROUND

1. On December 22, 2015, Plaintiffs through their counsel, Pilar Murray, purported to hand-serve a Rule 45 "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action." ("Subpoena"). *See* Subpoena, attached as **Exhibit A**.

2. The Subpoena is directed to the "Department of Public Safety, State of New Mexico" ("DPS"). *Id.*

3. This Subpoena is one of two subpoenas that Ms. Murray served on DPS on that day. The other subpoena already is the subject of a pending Motion to Quash (Doc. 56).

4. The Subpoena that is the subject of this motion purports to require production of "True copies of any and all operational manuals and maintenance records for the audiovisual equipment installed in any squad car used by Office Nicholas Asher Levine from December 1, 2012 through December 31, 2013." *See* Exhibit A.

5. The place for the purported production is the Murray Law Firm, 515 Gusdorf Road, #8, Taos, NM 87571.

6. The time for the purported production is 12:00 p.m. on January 6, 2016, fifteen (15) days after the Subpoena was served.

7. Plaintiffs' counsel did not email a copy of the Subpoena to undersigned counsel, or otherwise in any form or manner timely inform or advise undersigned counsel of the service of the Subpoena on DPS on December 22, 2015.

8. To date no mailing of the subpoenas issued on December 22 to DPS has been received by this office from Plaintiffs' counsel.

9. Instead, a DPS paralegal notified undersigned counsel of the existence of the Subpoena, given undersigned counsel is State Defendants' counsel of record in the case.

10. Plaintiffs' counsel has purported to issue the Subpoena in this case acting as an officer of this Court.

11. The material sought by this Subpoena has never been the subject of normal discovery requests.

12. A Rule 45 Subpoena to DPS that purports to require production of documents and things by a party, without notice to that party's counsel, and without the time allowed

under normal discovery requests, is a circumvention of normal discovery processes on its face.

13. In compliance with the Local Rules, counsel conferred directly with Plaintiffs' counsel regarding the contents of this motion by telephone on January 5, 2016. Plaintiffs' counsel was unwilling to withdraw the Subpoena, necessitating the immediate motion.

**ARGUMENT**

**I.  Plaintiffs' counsel is circumventing normal discovery processes by attempting to obtain discovery by hand-issuing a Subpoena to DPS, the Department of which the misnamed Defendant "New Mexico State Police Department" is a division, with no notice to undersigned counsel, rather than simply issuing discovery requests.**

As the Court is aware, New Mexico statute establishes the Department of Public Safety as follows:

> There is created in the executive branch the "department of public safety". The department shall be a cabinet department and shall consist of, but not be limited to: A. the New Mexico state police division; B. the New Mexico law enforcement academy; C. the technical support division; D. the administrative services division; and E. the information technology division.

N.M. Stat. Ann. § 9-19-4 (West).

Accordingly, the party Plaintiffs have attempted to name in this lawsuit, the "New Mexico State Police Department" is actually misnamed and should be named as the Department of Public Safety, of which the New Mexico State Police division, is a statutorily created division. To the extent Plaintiffs wish to sue a "governmental entity" for which sovereign immunity arguably is waived for the causes of action pled, the "governmental entity" at issue is the Department of Public Safety. *See* N.M. Stat. Ann 41-4-3 (defining "governmental entity" to include the "state," which includes "the state of New Mexico or any of its branches, agencies, **departments**, boards, instrumentalities or institutions") (emphasis added).

This issue of misnomer can be addressed by the parties within the deadlines established by the Court for doing so, *see* Doc. 14 at ¶f. However, it arises in the context of this Motion because Plaintiffs essentially are trying to procure discovery from the party they have sued by the wrong name, by way of a Rule 45 subpoena to that party, correctly named, without even timely providing notice to undersigned counsel of the surreptitious effort of same.

Plaintiffs' counsel has not sought the material requested by normal discovery means and instead sought to serve a subpoena directly on a party, without notice to undersigned counsel.

Plaintiffs' counsel has attempted an end-run around all established processes and attempted to obtain the discovery by a Subpoena to a party mis-named in the first instance, under the guise of Rule 45.

To the extent a subpoena to a party is allowable, it is not allowable where the effort to procure discovery does not even provide notice to counsel of record of the effort, or otherwise represents an effort to circumvent discovery rules. *See United States v. 2121 Celeste Rd. SW, Albuquerque, N.M.*, 307 F.R.D. 572, 587-88 (D.N.M. 2015) (Rule 45 may be used for party subpoenas but not if it circumvents discovery rules). While the 10th Circuit has not authoritatively determined the question of whether a Rule 45 subpoena may issue to a party, the only Circuit that has addressed the issue has stated that to the extent it is allowed, it is not to be used to circumvent normal discovery processes. *See First City, Texas–Houston, N.A. v. Rafidain Bank,* 197 F.R.D. 250, 255 n. 5 (S.D.N.Y.2000) (Rakoff, J.), *aff'd,* 281 F.3d 48 (2d Cir.2002)) ("The Tenth Circuit has not decided whether a rule 45 subpoena may properly be served on a party. Among the other United States Courts of Appeals, only the Second Circuit has addressed the issue, and, even then, did so indirectly, by affirming a district court's holding **that a subpoena may be served on**

**another party as long as it is not used to circumvent rule 34 or the other discovery rules**.") (emphasis added).

As well, some district courts ban Rule 45 subpoenas on parties outright, e.g., *Hasbro v. Serafino*, 168 F.R.D. 99, 100 (D. Mass 1996). But even those allowing subpoenas in concept to issue to parties only allow do so long as the subpoenas are not used to elide or avoid discovery rules. *See, e.g., Neel v. Mid–Atlantic of Fairfield, LLC*, CIV No. 10–405 SAG, 2012 WL 98558, at *1 (D.Md. Jan. 11, 2012) (Gallagher, M.J.); *Circle Grp., LLC v. Se. Carpenters Reg'l Council*, 836 F.Supp.2d 1327, 1351 (N.D.Ga.2011) (Duffey, J.); *Abrams v. Ciba Specialty Chems. Corp.*, 265 F.R.D. 585, 588 (S.D.Ala.2010) (Bivins, M.J.); *Mortg. Inf. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 564 (W.D.N.C.2002) (Cacheris, J.); *First City, Texas–Houston, N.A. v. Rafidain Bank*, 197 F.R.D. at 255 n. 5; *Badman v. Stark*, 139 F.R.D. 601, 603 (M.D.Pa.1991) (Cimini, M.J.).

Even then, subpoenas to parties are usually meant to ensure appearance of parties or production of parties at trial, and not as a strategic or harassing means to trim response times off of Rule 34 under the guise of Rule 45, or to avoid notice obligations to counsel. *United States v. 2121 Celeste Rd. SW, Albuquerque, N.M.*, 307 F.R.D. at 589 ("Professor Steven S. Gensler recognizes that courts are split over the issue, but notes that "a subpoena is the appropriate mechanism to compel another party to appear or to produce specific documents at trial." Steven S. Gensler, Federal Rules of Civil Procedure: Rules and Commentary at 974 (2015)").

Accordingly, Plaintiffs' (mis)use of the subpoena power here simply is not countenanced by relevant legal authority, and should be turned back. This behavior itself is cause enough to quash the Subpoena.

    **II.**    **The provisions of Rule 45 itself require that an officer of the Court exercise care in the manner in which the subpoena power is used, and no such care has been exercised here.**

Rule 45(d) provides as follows:

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required **must** enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."

Fed. R. Civ. Proc. 45(d)(1) (emphasis added).

Plaintiffs' counsel's actions in issuing the Subpoena, in the manner it has been issued, speak for themselves. Respectfully, those actions are out of step with the requirements of Rule 45(d)(1) and are an effort to circumvent normal discovery processes, particularly in the sense that the Subpoena was served directly by Ms. Murray herself on a party, with no notice provided to undersigned counsel.

State Defendants through undersigned counsel now two times have been forced to draft and file motions to quash to address Plaintiffs' counsel's (mis)use of Rule 45 subpoena power delegated by the Court.

The first time, when Plaintiffs' counsel's action in issuing a subpoena, to DPS, requiring three-day compliance, and production on Christmas Day, was made a matter of record, Plaintiffs' counsel summarily withdrew that subpoena in an effort to avoid potential imposition of sanctions. (Doc. 56, Doc. 58). But that only came after State Defendants had to prepare a motion on the issue.

However, as to the second Subpoena, Plaintiffs' counsel has refused to withdraw the Subpoena when asked, before any motion was prepared. That refusal has required drafting and filing of this Motion.

These decisions by Plaintiffs' counsel at least are consistent in one respect: they both represent the position that Plaintiffs in this case should be treated differently than other parties

before this Court. While other parties may have to abide by Rule 34 requirements and obtain party discovery through normal procedures, with notice to party counsel, Plaintiffs here should be able to obtain party discovery directly from the parties, with no notice to counsel, on timelines that Plaintiffs dictate.

These practices have placed undue burden and expense on State Defendants, completely without basis or legal justification, twice over.

## PRAYER

Wherefore, State Defendants respectfully request that the Subpoena be quashed, and that the Court order any further relief as it deems appropriate under Rule 45(d)(1) or otherwise.

Respectfully submitted by:

**SAUCEDOCHAVEZ, P.C.**

By: /s/ Frank T. Apodaca
    Christopher T. Saucedo
    Frank T. Apodaca
    Post Office Box 30046
    Albuquerque, NM 87190
    T: (505) 338-3945
    E: csaucedo@saucedochavez.com
    E: fapodaca@saucedochavez.com
    *Attorneys for State Defendants*

I hereby certify that the foregoing was filed electronically through the CM/ECF system on January 6, 2016 which caused counsel of record to be served by electronic means:

Pilar Tirado Murray
**Murray Law Firm**
EM: jurisprudence@writeme.com

*ATTORNEYS for Plaintiff(s)*

By: /s/ Frank T. Apodaca
      Frank T. Apodaca