# MURRAY LAW FIRM
## Pilar Tirado Murray

P.O. Box 2532  Phone: (575) 779-7054
Ranchos de Taos, New Mexico   87557  jurisprudence@writeme.com
**Admitted in New Mexico, Washington & New York**


January 4, 2016

Frank T. Apodaca
Counsel to Defendants
6565 Americas Parkway, NE
Suite 920
P.O. Box 30046
Albuquerque, NM  87190
*TRANSMISSION BY EMAIL AND U.S. MAIL*

      Re:   *Marquez, et al. v. Levine, et al*
              Cause No. 1:15 CV 00787 KBM-LF

Dear Mr. Apodaca:

     Your clients' responses to Plaintiffs' discovery requests are incomplete and inaccurate. This is a good faith letter seeking your compliance with the spirit and plain language of Rules 26-37 of the Federal Rules of Civil Procedure.  Please supplement your responses without delay to avoid the filing of a Motion to Compel.

    **I.  REQUESTS FOR PRODUCTION TO DEFENDANT NEW MEXICO STATE POLICE DEPARTMENT ("NMSP")  VIA CHIEF  KASSETAS**

     <u>REQUEST FOR PRODUCTION 1</u>:  This request asks Defendant NMSP  to "produce all documents or other evidence relating to any of your responses to Plaintiffs' interrogatories to you and all documents relating to any of the answers that you provided."

     <u>RESPONSE</u>:   Your response fails to acknowledge that the personnel files of Officers Levine and Kuehl are material evidence in this case and further, that all job-related psychological and medical information concerning these Defendants is subject to in camera review. See, <u>Denver Policeman's Protection Association v. Lichtenstein</u>, 660 F. 2d 432, 435 (10th Cir. 1981). You stated that "DPS  has produced or will produce all documents responsive to this Request as follows."  This response is incomplete and evasive.

     Please supplement your answer by (a) providing a complete copy of the personnel files of Officers Levine and Kuehl, including any and all job-related psychological and medical documentation as that term is defined by Plaintiffs on page 2(g) "Instructions and Definitions",

Plaintiffs' First Requests for Production to Defendant New Mexico State Police via Chief Kassetas; and (b) specifying what documents Defendants "will produce."

REQUEST FOR PRODUCTION 2:  This request asks Defendant NMSP to "produce any and all documents which form any basis for, or support for, the New Mexico State Police Department's defenses."

RESPONSE:  Similar to response provided in response to RFP 1.

Please supplement your response to this request by producing any and all documents, originals and copies, which form any basis for or support for the New Mexico State Police Department's defenses including but not limited to "all writings and material of any kind" including transcripts, regulations, memoranda, notes, electronic mail correspondence and text messages, computerized or digitized data or records, photographs, digital imagery, cell phone photo, motion pictures." See, p.2(g), Instructions and Definitions, Plaintiffs' First Requests for Production to Defendant New Mexico State Police Department via Chief Kassetas.

REQUEST FOR PRODUCTION 3:  This request asks Defendant NMSP to produce every New Mexico State Police Department standard operating procedure, rule, order, instruction, manual provision, guideline, standard, directive or inter-agency agreement that was in effect between January 2009 and August 2013 either as policy or used for training purposes including but not limited to these subjects:
   a) Consensual encounters with the public;
   b) Terry stops;
   c) Probable cause;
   d) Fighting words;
   e) Taser (ECD) use;
   f) Proper restraint techniques following a Taser (ECD) deployment;
   g) Emergency Medical Training;
   h) De-escalating encounters with the public;
   i) Stress-inoculation for law enforcement officers;
   j) Bond procedures.

RESPONSE:  You objected to the "omnibus nature" of this request citing a case from the District Court of Kansas in support. Cotracom Commodity Trading Co v. Seaboard Corp, 189 F.R.D. 655, 665 (D. Kan. 1999). In Cotracom, the Court rejected a request that all documents "relating to" Seaboard's role in any purchase of wheat in any country was overbroad. The Court objected to the term "relating to."   You raised a series of narrative, boilerplate objections, then stated that "DPS responds that is has produced or *will* produce all documents responsive to this Request *as follows*." (emphasis added)

Please supplement your response to this request by producing the specified information. For any policy or procured not identified in a) through j) but produced in DEFS PROD 220-226, provide complete copies of the policy involved.  In addition, please provide a copy of Department of Public Safety Policy Number OPR:01, "Use of Force" and state if the policy was effect during the time frame identified in Plaintiffs' RFP 3 (above).

2

  REQUEST FOR PRODUCTION 4:   This request asks Defendant NMSP to produce copies of all documents and all other evidence seized relating to the incident that took place at 116 Camino de Roberto on August 6, 2013 and gave rise to this lawsuit.

  RESPONSE:  You repeated a series of narrative and boilerplate objections then reproduced an Index of Defendant's Discovery.    Your response is incomplete.

  Please supplement your response to include photos of each Taser cartridge recovered from 116 Camino de Roberto or about August 6, 2013; a print-out from Officer Levine's Taser (ECD) device showing the number of times he deployed his device on said date; a list of all witnesses at the scene and at the Emergency Room of the hospital that Mr. Martinez was transported to; a copy of the video recording Mr. Martinez's arrival in the booking room; and any other documents, as that term is defined by Plaintiffs, responsive to this request.

  REQUEST FOR PRODUCTION 5:   This request asks Defendant NMSP  to produce copies of all documents relating to Defendant Levine and Defendant Kuehl's employment in any law enforcement agency, including but not limited to any evaluations, performance reports, training, complaints, grievances and disciplinary action.

  RESPONSE:  You repeated a series of narrative boilerplate objections, argued reductio ad absurdum that the Request was overbroad, unilaterally narrowed the allegations in Plaintiffs' Complaint to claim lack of relevance, effectively declared an ultimatum and reproduced an Index of Defendant's Discovery.   Your response is inconsistent with the language and the spirit of the rules.

  Please supplement your response. At a minimum, your response should include a performance evaluation for Officer Kuehl that conforms to the time period in question, i.e. August 2013; a complete and legible copy of Officer Nicholas Levine's application for employment with the New Mexico State Police as per NMSA 1978 § 29-7-6 (Qualifications for Certification); a complete and legible copy of Officer Ryan Kuehl's application for employment with the New Mexico State Police as per NMSA 1978 § 29-7-6 (Qualifications for Certification); legible copies of any and all training manuals that were given to either Officer for use in their training (including but not limited to instruction and guidance on preservation of evidence following deployment of an assigned Taser/ECD); officer grievances and disciplinary actions, if any,  involving either individual defendant while acting within the scope of their duties; complaints made by any citizen, co-worker, subordinate or supervisor alleging dishonesty, excessive use of force; violence; or misconduct in violation of any NMSP policy or rule; a record of the number of times and the reasons each officer has been placed on administrative leave; and the results of any psychological assessments and de-briefings that followed Officer Levine's role in the fatal shooting of Jason Moncrief Carter in 2015 and subsequent non-completion of SWAT school.

  REQUEST FOR PRODUCTION 8:  This request asks Defendant NMSP to produce all Taser (ECD) logs, Taser reports, and Taser print-outs relating to each instance in which a Taser has been deployed in the line of duty by Officer Levine during his time as a commissioned law enforcement officer with the NMSP.

3

RESPONSE:   You denied the existence of any logs, reports or print-outs documenting an NMSP officer's deployment of his Taser.

Please supplement your response with the requested information. If the information is not available, please explain your clients' failure to preserve electronically stored evidence following a timely receipt of Plaintiffs' Notice of Tort Claim. See, FRCP 37(e).

REQUEST FOR PRODUCTION 16:   This request asks Defendant NMSP to produce "every policy, guideline, user manual, training manual, warning and recommendation issued by Taser International and made available to members of the New Mexico State Police Officers Academy and the 81st graduating class of the New Mexico State Police Academy before August 6, 2013."

RESPONSE:   You identified a DPS Policy that has yet to be produced.

Please supplement your answers with the requested information, including but not limited to a copy of the above-identified policy.

REQUEST FOR PRODUCTION 17:   This request asks Defendant NMSP to produce every record, log, ledger book or other instrument used by the mail room at the Department of Public Safety and/or the New Mexico State Police Department for logging and documenting the receipt of certified letters from January 1, 2008 to September 1, 2013. The purpose of this request is to identify the number of letters sent via certified mail to the Department from attorneys during the five (5) years preceding and encompassing Plaintiffs' filing of their Complaint and the manner in which the USPS return receipt card is completed and returned by representatives from the Department. This request is made due to repeated irregularities in the Defendants' receipt and handling of IPRA letters and attendant requests for public information.

RESPONSE:  Non-responsive.

Please supplement your answers with the requested information.

REQUEST FOR PRODUCTION 18:   This request asks Defendant NMSP to produce "all *documents*, maps and/or diagrams that reflect any information about cameras and other recording devices and their use in the field by employees of the NMSP." (emphasis added)

RESPONSE:  You produced three, pre-existing videos in response to this request. You did not provide information about Officers Levine, Kuehl or Oviedo's cell phone camera (used to communicate the facts of the case to Sgt. Barton and other supervisors as well as to "document" Officer Levine's alleged injuries). You did not provide any documents (as that term is defined by Plaintiffs' First Requests for Production to the New Mexico State Police Department et al), maps or diagrams about COBAN's features, placement or use by the NMSP. You did not produce any documents explaining how data gathered in the field can be relayed, viewed or downloaded on site or at the station. This information is relevant to Plaintiffs case and to the Court in determining if evidence has been properly preserved as required by Rule 37(e).

4

     Please supplement your answers with the requested information.

Thank you.


*/s/*Pilar Tirado Murray

_____

Pilar Tirado Murray
Counsel for Plaintiffs