# MURRAY LAW FIRM
## Pilar Tirado Murray

P.O. Box 2532  Phone: (575) 779-7054
Ranchos de Taos, New Mexico   87557
jurisprudence@writeme.com
**Admitted in New Mexico, Washington & New York**


January 4, 2016

Frank T. Apodaca
Counsel to Defendants
6565 Americas Parkway, NE
Suite 920
P.O. Box 30046
Albuquerque, NM  87190
*TRANSMISSION BY EMAIL AND U.S. MAIL*

> Re:   *Marquez, et al. v. Levine, et al*
>       Cause No. 1:15 CV 00787 KBM-LF

Dear Mr. Apodaca:

Your clients' responses to Plaintiffs' discovery requests are incomplete and inaccurate.  Please supplement Defendant New Mexico State Police Department's ("NMSP") Answers to Plaintiffs' Interrogatories Nos. 9, 12, 13, 11 and 15-19.

INTERROGATORY 9:  This interrogatory reasonably asks NMSP to identify any documents (i.e. logs, reports, emails, text messages, etc. as defined in Plaintiffs' Instructions and Definitions, p. 2) that reference contact their officers had with Plaintiffs at the time of the incident.  This would include Officer Levine's review of MaryAnn Vallidez's license plate, original and revised police reports, CAD sheets, radio tape transcripts from NMSP Dispatch, patrol logs and entries, custody logs, booking videos, and other electronically stored data.  Your narrative objections are apt and your reliance on FRCP 1-033(d)(1) is misplaced as the documents you cite do not include the requested information.

INTERROGATORY 12:  This interrogatory asks Defendant NMSP  to identify, for each of the past five years, the number of Tort Claim Act notices filed against the New Mexico State Police Department and/or individual officers, alleging violation of an individual's civil rights, and further, the number of those actions that resulted in lawsuits, judgments, or settlements adverse to any of the defendants. It also asks what disciplinary action or other action(s) was/were taken against the individually named defendants. This

1

request is consistent with court rule and case law.  In order to prove supervisory liability in the 10th Circuit in a 42 U.S.C. §1983 action premised on the claim that defendants maintained an unlawful custom or practice which caused the alleged misconduct at issue, a plaintiff <u>must</u> demonstrate other incidents of similar misconduct by subordinate officers.  See, <u>Watson v. City of Kansas City</u>, 857 F.2d 690, 695 (10th Cir. 1995) ("Normally a plaintiff must point to facts outside the plaintiff's own case to support the allegations of an unconstitutional policy.")  See also, <u>Spell v. McDaniel</u>, 591 F.Supp. 1091, 1115 (E.D. N.Car. 1984); aff'd, 824 F.2d 1380 (4th Cir. 1987)(rejecting objections raised by defendants regarding incidents of misconduct by other officers in their department – "[u]nder §1983, the extent of a supervisor's knowledge of and participation in the acts of their subordinates determines the scope of their liability and ipso facto the municipality's liability"); <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 647 (9th Cir. 1991) (upholding a jury verdict against the City and its police chief, inter alia, on the basis of evidence of a "custom or policy" established by the failure of those defendants to adequately investigate citizen complaints of misconduct made against LAPD officers, not simply those involved in the incident at hand).

    <u>INTERROGATORY 13</u>:  This interrogatory seeks documentation of any police department investigations into the individually named defendants for misconduct from 2009 through the present, the outcome of any such investigation, and any consequences that followed as a result of thereof, information that would typically be kept in Officers Levine and Kuehl's personnel files.  This is a reasonable request given the allegations in this case and Officer Levine's prior suit for false arrest by a Hispanic male who had committed no crime.

    <u>INTERROGATORY 11,15, 16, 17, 18 and 19</u>:  These interrogatories reasonably ask NMSP to provide identify and describe their policies and procedures to ensure that the constitutional rights of residents of District 7 will be appropriately protected.  Failure to adequately train subordinate officers in necessary skills is a sufficient basis for liability. <u>Sutton v. Utah State School for the Deaf and Blind</u>, 173 F.3d 1226, 1240, 134 Ed. Law Rep. 697 (10th Cir. 1999)("Where a superior's failure to train amounts to deliberate indifference to the rights of persons with whom his subordinates come into contact, the inadequacy of training may serve as the basis for §1983 liability")

    As to Defendants' repeated assertions regarding the applicability of amendments to Rule 26 to the underlying case, noted e-Discovery authority Honorable Shira Scheindlein (S.D.N.Y.) has observed that the new concept of proportionality "invites producing parties to withhold information based on a unilateral determination that the production of certain requested information is not proportional, thereby forcing the requesting party to make a motion at considerable expense." The Advisory Committee states that this is not a proper interpretation of the rule. See, April 10-11, 2014 Report of Advisory Civil Rules at 84.

    If you have any questions, please let me know.

*/s/*Pilar Tirado Murray
Counsel to Plaintiffs