# MURRAY LAW FIRM
## Pilar Tirado Murray

P.O. Box 2532  
Ranchos de Taos, New Mexico  87557  
Admitted in New Mexico, Washington & New York

Phone: (575) 779-7054  
jurisprudence@writeme.com

January 4, 2016

Frank T. Apodaca  
Counsel to Defendants  
6565 Americas Parkway, NE  
Suite 920  
P.O. Box 30046  
Albuquerque, NM  87190  
*TRANSMISSION VIA EMAIL AND U.S. MAIL*

      Re:    *Marquez, et al. v. Levine, et al*  
              Cause No. 1:15 CV 00787 KBM-LF

Dear Mr. Apodaca:

      Your clients' responses to Plaintiffs' discovery requests are incomplete and inaccurate. This is a good faith letter seeking your compliance with the spirit and plain language of Rules 26-37 of the Federal Rules of Civil Procedure.  Please supplement your responses without delay to avoid the filing of a Motion to Compel.

      **I.**      **INTERROGATORIES TO DEFENDANT LEVINE Nos. 5,7, 11, 16, 21, 23**

      <u>INTERROGATORY No. 5:</u>    This interrogatory asks Nicholas Levine to "state the date you were first employed as a New Mexico State police officer, the dates on which you were promoted and the positions to which you were promoted; your rank at the time of the incident described in the Complaint, and the date on which you attained that rank; the area of your assignment and job title at the time of the incident described in the Complaint; your hours of duty on the day of the incident described in the Complaint; and, if not explained in response to the foregoing, provide a list of all assignments and job titles you have held in the New Mexico State Police Department and state the reasons for transfer from and change of all assignments and job titles."

      <u>RESPONSE</u>:  In response to this Interrogatory, you stated that officer personnel files are private, <u>Denver Policemen's Protection Association v. Lichtenstein</u>, 660 F.2d 432, 435 (10th Cir. 1981)(holding that officer's interest in the privacy of their job-related personnel files is subordinate to a compelling state interest; finding a compelling state interest as an interest in the truth) and advised Plaintiffs to look up the information in 271 pages of materials pursuant to FRCP 1-033(d)(1).

      Your answer is incomplete.   Your identification of documents, 219-489, was not sufficiently specific to enable Plaintiffs' to determine the answers to the following questions(s):

(a) the hours that Officer Levine was on duty on the day of the incident described in the Complaint; or, (b) the reasons for his transfer from or change of all assignments or job titles.

Please supplement your response(s) with this information.

INTERROGATORY No. 7:   This interrogatory asks Defendant Nicholas Levine to state whether he has "received any special law enforcement or military training related to your current employment position, and, if so, state the nature and substance of the training you received, the inclusive dates of the period during which you received such training, the name and address of each specialized school or program you attended to receive such training, the identity of the entity that sponsored and/or provided the training, the names and titles of the instructors who offered the training, the titles of any and all courses attended and manuals used by you as part of the training, and the degree or certificate, if any, that you received from such specialized school or program."

RESPONSE:   In response to this Interrogatory, you answered that Plaintiffs' request for Defendant Levine's training and experience as a law enforcement officer was not relevant to the Plaintiffs' claims against him for false arrest, battery, false imprisonment, excessive use of force, negligent training or supervision, retaliatory arrest, retaliatory prosecution and invasion of privacy while acting within the scope of his official duties.  You also argued that this request was not proportionate to the needs of the case in light of the role of discovery in resolving Plaintiffs' claims.   You misconstrued FRCP 26[1] and directed Plaintiffs to locate answers in 39 pages of materials previously produced.

Your answer is contrary to the rules.  Your production was not sufficiently detailed to enable Plaintiffs to locate the answers to most parts of this question including "any special law enforcement or military training related to [Defendant Levine's] current employment position," with the New Mexico State Police. In addition to not providing this information, you did not specify the "inclusive dates of the periods during which [Defendant Levine] received such training." You did not specify "the nature and substance of the training received" by same. You did not specify the "name and address of each specialized school or program [Defendant Levine] attended to receive such training."  To the extent that you indirectly identified schools attended (i.e. School of the Americas aka WHINSEC at Fort Benning in 2010 and Camp Atterbury Joint Maneuver Training Center in 2012) you did not provide "the names and titles of  the instructors who offered the training" that Officer Levine received there, or "the titles of any and all courses attended and manuals used by [Officer Levine] as part of the training." This omission extends to DEF PROD 219-489.

Please supplement your answer(s) with this information.

INTERROGATORY No. 11:  This Interrogatory asks Defendant Nicholas Levine to "state whether you have ever been the subject of any investigation or other inquiry or review by the New Mexico State Police Department, or any unit, division or agency thereof (including but not limited to the Internal Affairs Division).  If so, with respect to each such investigation, inquiry or review, provide its inclusive date; describe its nature and substance; identify the person or persons who initiated it and the person or persons who conducted it; state whether any hearings or other proceedings occurred; and describe any resulting ruling, decision or action."

---

[1] The Advisory Committee states that the new Rule 26(b)(1) is not intended to place the burden of proving proportionality on the party seeking discovery. (See April 10-11, 2014 Report of Advisory Civil Rules at 84).

RESPONSE: In response to this Interrogatory, you answered that Plaintiffs' request for information into any past or present investigation, any inquiries or any reviews of Defendant Levine's conduct initiated by the New Mexico State Police Department, any unit, division or agent thereof *was not relevant* to Plaintiffs' claims against Defendant Levine for false arrest, battery, false imprisonment, excessive use of force, *negligent training or supervision*, retaliatory arrest, retaliatory prosecution and invasion of privacy. You said this information was not proportionate to the needs of the case in light of the role of discovery in identifying the constitutionality of Defendant Levine's conduct during the late evening encounter that is the subject of this lawsuit. See footnote 1.

Alternatively, you argued, in a lengthy narrative, that the Court should bifurcate the Plaintiffs' claims to structure discovery in a manner that excuses the "discovery burdens imposed upon public defendants" until a constitutional violation (by Defendant Levine) could be found.

You also argued that Plaintiffs' request for documents that would determine if and when the New Mexico Police Department took reasonable steps to evaluate, review and/or investigate Officer Levine's behavior in a case involving allegations of negligent training/ supervision was too broad, burdensome and invasive, thereby violating Officer Levine's constitutional right to privacy.

Your response is incomplete at best. You did not state whether Defendant Levine had been the subject of any "investigation or *other inquiry or review by the New Mexico State Police Department or any unit, division or agent thereof."* You did not acknowledge or provide documentation of private investigator Rick Foley's investigation into the August 6, 2013 incident following Defendants' receipt of Plaintiffs' Notice of Tort Claim. (See, *Plaintiffs' Initial Rule 26 Disclosures to Defendants*). You did not identify the actions taken in response to the Notice of Tort Claim filed by a prior litigant accusing then-patrolman Nicholas Levine of false arrest. (See, *Plaintiffs' Initial Rule 26 Disclosures to Defendants*). You did not identify the actions taken, if any, in response to the Notice of Tort Claim filed by Leonard de Herrera (See, *Plaintiffs' Initial Rule 26 Disclosures (Supplemental)* served on Monday, January 4, 2016). You did not respond "with respect to each such investigation, inquiry or review. . . its inclusive date; its nature and substance; identify the person or persons who initiated it and the person or persons who conducted it; state whether any hearings or other proceedings occurred; and describe any resulting ruling, decision or action."

You further failed to explain here, as elsewhere, why the balancing test articulated by the United States Court of Appeals for the 10th Circuit in Denver Policeman's Protection Association v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981) for in camera review of a police officer's personnel data should not be applied in this case. ("Assuming that police officers have a legitimate expectation of privacy, the right may be overridden by a compelling state interest. The compelling state interest involved here is the ascertainment of the truth.")

Please supplement your response with this information.

INTERROGATORY No. 16: This Interrogatory asks Defendant Nicholas Levine to "[s]tate whether you sustained any injuries as a result of the incident described in the Complaint and state whether you observed or are aware of any injuries sustained by any of the Plaintiffs as a result of that incident."

RESPONSE:   You directed Plaintiffs to 67 pages of materials that you purportedly produced on 10/26/15 including photos (19-25).  Other than a single scratch on one hand, none of those photos show any of the injuries to Defendant Levine that you now allege.

Please supplement your responses with this information.

INTERROGATORY NO. 21:  This interrogatory asks Defendant Nicholas Levine to "[i]dentify the VIN and squad car numbers of every government vehicle issued to, or used by you, between 2009 to the present identifying the year you were assigned to, and used, each vehicle."

RESPONSE:   Your response includes squad car numbers for 2014/15 and 2010/11. It does not provide squad car numbers for 2013 or any information responsive to this request for 2009. It does not provide a VIN for a state-owned vehicle used by or assigned to Defendant Levine in 2010/11.

Please supplement your responses with this information.

INTERROGATORY NO. 23:  This interrogatory asks Defendant Nicholas Levine "are you presently or have you ever been under the care of a mental health professional?  If so, please state the reason you sought or were required to undergo a mental health assessment or treatment and provide a current copy of any psychiatric assessments and reports or an authorized, signed release to this office that identifies the names and addresses of your mental health providers."

RESPONSE:   Your answer is incorrect and evasive.  You answered that Defendant Levine's psychological history was irrelevant to the claims in Plaintiffs' Complaint and unimportant in resolving the issue of whether his conduct was excessive, willful, malicious and unlawful. You raised the psychotherapist-patient privilege on policy grounds citing Advisory Committee Notes to proposed rule changes from 1972.

Please supplement your response to this interrogatory by providing a Privilege Log pursuant to FRCP 26(b)(5) that describes the nature of the responsive documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege and protection.  You may seek a protective order if compliance with this requirement would impose an unreasonable burden.

II.     **REQUESTS FOR ADMISSION TO DEFENDANT LEVINE**

Pursuant to FRCP 36, Plaintiffs object to Defendants' narrative disclaimers, boilerplate objections and mischaracterization of Plaintiffs' Requests for Admission as grammatically confusing, unduly ambiguous, vague, argumentative, disjunctive, conjunctive, compound, structured in such a way as to result in qualification or "half-truths" (i.e. "admit you beat your wife") or otherwise disallowed. [2]  Such objections are evasive, misleading, hyper-technical and accordingly, contrary to the spirit of discovery under the rules as amended and at the time of the acts giving rise to Defendants' liability in this case.

---

[2] If a party unreasonably fails to disclose, supplement or admit they may be ordered to pay attorney's fees and costs incurred by the propounding party under FRCP 37(c)(1)(a) following a Motion for Summary Judgment or verdict.

Plaintiffs request that defense counsel answer each Request honestly and in good faith, consistent with the facts and in light of the evidence, and either "admit" or "deny" Requests for Admission 6, 31, 31, 33, 34, 47 and 55.

Thank you.


/s/Pilar Tirado Murray
Pilar Tirado Murray
Counsel to Plaintiffs