IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, RICHARD MARTINEZ,
DESTINEY MARTINEZ and ANDRELLITA MARTINEZ

        Plaintiffs,                        Case No.: 1:15 CV 00787 KBM-LF

vs.

OFFICER NICHOLAS LEVINE, in his official capacity as
a commissioned law enforcement officer and individual capacity,
OFFICER RYAN KUEHL, in his official capacity as a
Commissioned law enforcement officer and individual capacity,
And the NEW MEXICO STATE POLICE DEPARTMENT,

        Defendants.

## DEFENDANT NICHOLAS LEVINE'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

Defendant Nicholas Levine by and through his attorneys SaucedoChavez, P.C. (Christopher T. Saucedo and Frank T. Apodaca), submits his Responses to Plaintiffs' First Set of Requests for Admission as follows:

### INITIAL STATEMENTS AND GENERAL OBJECTIONS

1. Defendant Levine's objections and responses to each Request for Admission are based on information now known. Neither discovery nor preparation for trial in this matter has been completed by the parties. Accordingly, Defendant Levine reserves the right under Fed. R. Civ. Proc. 26(e)(1) to amend, modify, or supplement the following objections and responses if the answering party learns of new information.

2. Defendant Levine by providing answers and information to these Request for Admission does not concede that such information is relevant, material, or admissible in evidence.

Defendant Levine objects to each discovery request as follows:

1. Defendant Levine objects to each Request for Admission to the extent it seeks information by the attorney-client privilege or the attorney work product doctrine. To the extent that a document that has been identified as responsive is being withheld on the basis of privilege, Defendant will so state and will provide a privilege log identifying same in accordance with the requirements of Fed. R. Civ. Proc. 26(b)(5).

2. Defendant Levine objects to each Request for Admission to the extent it seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case, considering [1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." *Fed. R. Civ. Proc.* 26(b)(1) (emphasis added).

3. Defendant Levine objects to each Request for Admission to the extent it is overly broad or unduly burdensome.

4. Defendant Levine objects to each Request for Admission to the extent it is vague and ambiguous, and to the extent it does not describe the information sought with reasonable particularity.

5. Defendant Levine objects to each Request for Admission to the extent it seeks information to which Plaintiff has equal or better access and which is in the control, custody, or possession of Plaintiff.

6. Defendant Levine objects to each Request for Admission to the extent that it purports to require the answering party the following requirement: "If you deny, please set forth all the facts upon which you base said denial." This is not a requirement of Fed. R. Civ. Proc. 36 and will not be acceded to.

7. These objections shall apply to each and every Request for Admission and shall be incorporated by reference as though fully set forth in each of the answers to interrogatories that follow below. A general objection may be specifically interposed for the purpose of clarity in answer to any particular Request for Admission; however, the failure to specifically incorporate any general objection may not be construed as a waiver of the objection.

8. Subject to and without waiving these objections, Defendant Levine provides the following answers.

## REQUESTS FOR ADMISSION

1. Admit or deny that you were annoyed that Richard Martinez told you not to shine your light in his grandmother's eyes at 116 Camino de Roberto on the evening of August 6, 2013 in Santa Fe County, New Mexico.

   ADMIT_____          DENY_____

   If you deny, please set forth all the facts upon which you base said denial.

   Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth, that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992)

("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other.

    Subject to and without waiving these objections and the general objections, denied.


2.      Admit or deny that within minutes of being asked not to shine your lights on
        Eloisa Marquez's eyes you called in a "traffic stop" for a stationary vehicle
        parked in a private driveway at 116 Camino de Roberto on August 6, 2013
        in Santa Fe County, New Mexico.


        ADMIT_____          DENY_____

        If you deny, please set forth all the facts upon which you base said denial.

    Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth, that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be

admitted or denied without explanation.' <u>Downs v. Brasted</u>, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). <u>Dubin v. E.F. Hutton Group Inc.</u>, 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other.

       Subject to and without waiving these objections and the general objections, denied.


3.      Admit or deny that you exited your squad car, walked behind it and approached Richard Martinez in full uniform, entering his grandmother's private yard on the evening of August 6, 2013 in Santa Fe County, New Mexico.

      ADMIT_____         DENY_____

If you deny, please set forth all the facts upon which you base said denial.

      Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth, that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. <u>See, e.g. Herrera v. Scully</u>, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). <u>Thalheim v. Eberheim</u>, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); <u>Audiotext Communications Network, Inc. v. US Telecom, Inc.</u>, 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). <u>Audiotext Communications Network, Inc. v. US Telecom, Inc.</u>, 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' <u>Downs v. Brasted</u>, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). <u>Dubin v. E.F. Hutton Group Inc.</u>, 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other.

Subject to and without waiving these objections and the general objections, denied.

4.     Admit or deny that when you directed Richard Martinez to identify himself, Mr. Martinez replied, "Dick. You"? "Richard" and "Richard Martinez" on the evening of August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth, that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other.

Subject to and without waiving these objections and the general objections, Mr. Levine states that "identification" in this context means both name and date of birth. To the best of his ability to make out from the audio and recall, Martinez did make the identified utterances or something close to them, but refused to provide his date of birth when repeatedly asked so he was never fully identified for purposes of a 29 check. Accordingly, admitted in part and denied in part, because the identified utterances are not the complete utterances made by Mr. Martinez in connection with Mr. Levine's effort to identify him.

5.      Admit or deny that you continued to ask Richard Martinez to identify himself after he
        had already done so. ("So what's your name there, Richard Martinez? I mean what's your
        date of birth?")

        ADMIT_____          DENY_____

        If you deny, please set forth all the facts upon which you base said denial.

        Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and
argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth, that in the
context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr.
Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992)
("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or")
statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a
motion to determine the sufficiency of answers or objections, the court obviously must consider
the phraseology of the requests as carefully as that of the answers or objections."); Audiotext
Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995)
("Requests are not appropriate for argument. They should not put forward the requester's legal or
factual contentions on the premise that, in the requester's view, they ought to be admitted.").
Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D.
Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be
admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370,
at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single
point and stated clearly, unambiguously, and without argument. Compound, complex, and vague
statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F.
Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of
"half truths" that will require the answering party to qualify his response.). The plain, objective
evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence
of the entire encounter that will be reviewed by the factfinder in its complete context, and not in
the context of misleading or suggestive paper admissions that one party seeks to exact from the
other.

        Subject to and without waiving these objections and the general objections, denied.

6.   Admit or deny that you repeatedly asked "What do you want?" and "What are you doing?" by Richard Martinez and other members of his family on the evening of August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth, that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other.

7.   Admit or deny that you declined to identify yourself or otherwise respond to any questions from Richard Martinez or his family.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Denied.

8. Admit or deny that when family member urged Richard to go inside the house you stated, "No. Richard is going to stay out here with me for now" on the evening of August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Denied.


9. Admit or deny that you directed Richard Martinez to follow you to your squad car on the evening of August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Denied.


10. Admit or deny that you lacked a warrant for Richard Martinez' arrest on the evening of August 6, 2013 in Santa Fe County, New Mexico or any articulable suspicion that Mr. Martinez had committed a crime.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague

statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other. At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

Subject to and without waiving these objections and the general objections, denied.

11. Admit or deny that you made physical contact with several members of the Martinez family prior to using force to "take down" Richard Martinez on the evening of August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____         DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other.

Subject to and without waiving these objections and the general objections, denied.

12. Admit or deny that you referred to Eloisa Marquez and the Martinez family as "customers" of the NMSP.

   ADMIT_____         DENY_____

   If you deny, please set forth all the facts upon which you base said denial.

   Denied.


13. Admit or deny Richard Martinez placed his hands in the air and agreed to comply with your commands while repeatedly asking you to explain what you were doing to him on August 6, 2013 in Santa Fe County, New Mexico.

   ADMIT_____         DENY_____

   If you deny, please set forth all the facts upon which you base said denial.

   Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other.

   Subject to and without waiving these objections and the general objections, denied.

14.    Admit or deny that you tasered Richard Martinez without warning outside of the range of your dashcam, at night, in his family's private fenced-in yard on August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____                    DENY_____

If you deny please set forth all the facts upon which you base your denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.).   The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other.   At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

Subject to and without waiving these objections and the general objections, admitted that in the course of an escalating event where Mr. Martinez had already assaulted Mr. Levine and taken other actions as described in the reports completed in this matter (DEFS PROD. 16-18, 62-64), and in the context of his family members swarming Mr. Levine, Mr. Levine appropriately deployed his less-lethal force Taser Unit and at a certain point, there was effective deployment as to Mr. Martinez.

15.    Admit or deny that you caused Eloisa Marquez, age 87, to fall to the ground and break her wrist on August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____                    DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other.

Subject to and without waiving these objections and the general objections, denied.


16.    Admit or deny that you Tasered/electrocuted Richard Martinez after he warned you that he would "deck you" i.e. intervene to defend his grandmother, if you continued to touch the elderly woman.

ADMIT_____                    DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992)

("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other. At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

Subject to and without waiving these objections and the general objections, denied.


17. Admit or deny that you attempted to Taser Richard Martinez in his chest outside of the range of your dashcam, at night, in Eloisa Marquez's private, fenced-in yard on the evening of August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____                          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370,

at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). <u>Dubin v. E.F. Hutton Group Inc.</u>, 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other. At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

Subject to and without waiving these objections and the general objections, denied.


18.     Admit or deny that you missed your target, electrocuting and injuring Destiney and Andrea Martinez instead.

        ADMIT _____        DENY _____

        If you deny, please set forth all the facts upon which you base said denial.

        Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. <u>See, e.g. Herrera v. Scully</u>, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). <u>Thalheim v. Eberheim</u>, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); <u>Audiotext Communications Network, Inc. v. US Telecom, Inc.</u>, 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). <u>Audiotext Communications Network, Inc. v. US Telecom, Inc.</u>, 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' <u>Downs v. Brasted</u>, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection."" Schwarzer et al., supra, at 5-6.'"). <u>Dubin v. E.F. Hutton Group Inc.</u>, 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other. At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

Subject to and without waiving these objections and the general objections, denied.


19.    Admit or deny that you tasered Richard Martinez without warning striking his shoulders and causing him to fall to the ground on the evening of August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____                         DENY_____

If you deny please set forth all facts upon which you base your denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other. At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

Subject to and without waiving these objections and the general objections, denied.


20.    Admit or deny that you tasered Richard Martinez without warning on his neck on the evening of August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____                         DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other. At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

Subject to and without waiving these objections and the general objections, admitted that in the context of the encounter captured on audio, during which Mr. Martinez had already assaulted Mr. Levine and taken other actions as described in the reports completed in this matter (DEFS PROD. 16-18, 62-64), Mr. Martinez, who refused to cease his conduct as therein described, and while other parties were swarming around Mr. Levine, and during a prolonged physical struggle with Mr. Martinez, Mr. Levine re-initiated his ECD on Mr. Martinez.

21. Admit that when he tried to stand, you pushed Richard Martinez against the wall of his grandmother's house, dropped your Taser, placed a gun to Mr. Martinez's head and asked, "Do you want to die tonight?" on August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Denied.

22.  Admit or deny that you placed your free hand around Richard Martinez's neck and choked him on August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Denied.


23.  Admit or deny that you placed your foot on Mr. Martinez' head when he was already subdued and lying on the ground on August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Denied.


24.  Admit or deny that you called for "back-up" immediately after Andrea Martinez called 911 to report what you were doing on August 6, 2013 in Santa Fe County, New Mexico.


ADMIT_____          DENY_____

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence

of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other. At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

Subject to and without waiving these objections and the general objections, denied.

25.    Admit or deny that you shoved Cynthia Martinez when she approached you on the evening of August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Denied.

26.    Admit or deny that you declined to identify yourself to Cynthia Martinez when she asked you for your name on the evening of August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in

the context of misleading or suggestive paper admissions that one party seeks to exact from the other.

Subject to and without waiving these objections and the general objections, denied.

27. Admit or deny that when Cynthia Martinez realized that she knew you, and identified you by name, you replied, "Oh yeah, you the one who was using marijuana" although you did not recognize her when you accused her of this crime.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other.

Subject to and without waiving these objections and the general objections, denied.

28. Admit or deny that Officer Kuehl, not you, called the medics to the scene on the evening of August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other. At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

Subject to and without waiving these objections and the general objections, admitted.


29. Admit or deny that Officer Kuehl made you aware that Richard Martinez was having difficulty breathing.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Admitted.

31.   Admit or deny that you failed to inform either the medics from the local Fire Department or the EMT/ambulance workers from Espanola Hospital of the number of times that you tasered/electrocuted Richard Martinez, the places on his body where you electrocuted him or that you choked him by the throat and stepped on his head.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other. At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

32.   Admit or deny that you failed to advise ER employees at the hospital that you observed Richard Martinez go in and out of consciousness, spasm, undergo seizure and salivate over himself while restrained in Officer Kuehl's squad car.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr.

Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other. At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

33.    Admit or deny that you failed to call ahead of Officer Kuehl's arrival at the ER to advise ER personnel that "prisoner" Richard Martinez' was enroute.

        ADMIT_____          DENY_____

        If you deny, please set forth all the facts upon which you base said denial.

        Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague

statements are prone to denial or objection." Schwarzer et al., *supra*, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other. At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

34. Admit or deny that you continued to argue with the Martinez family while Richard Martinez was in the rear of Officer Kuehl's squad car.

   ADMIT_____          DENY_____

   If you deny, please set forth all the facts upon which you base said denial.

   Denied.

35. Admit or deny that you failed to photograph the injuries you caused to Plaintiffs on the evening of August 6, 2013 in Santa Fe County, New Mexico.

   ADMIT_____          DENY_____

   If you deny, please set forth all the facts upon which you base said denial.

   Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., *supra*, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective

evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other. At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

35.     Admit or deny that you continued to badger Richard Martinez during his examination at the ER at Espanola Hospital on the evening of August 6, 2013, demanding that he identify himself to you.

        ADMIT_____          DENY_____

        If you deny, please set forth all the facts upon which you base said denial.

        Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other.

        Subject to and without waiving these objections and the general objections, denied.

36.     Admit or deny that you arrested Richard Martinez for concealing his identity after he
        repeatedly identified himself to you.

        ADMIT_____            DENY_____

        If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative,
in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much
longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of
this matter.  See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for
admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements.").
Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to
determine the sufficiency of answers or objections, the court obviously must consider the
phraseology of the requests as carefully as that of the answers or objections."); Audiotext
Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995)
("Requests are not appropriate for argument. They should not put forward the requester's legal or
factual contentions on the premise that, in the requester's view, they ought to be admitted.").
Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D.
Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be
admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370,
at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single
point and stated clearly, unambiguously, and without argument. Compound, complex, and vague
statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'").  Dubin v. E.F.
Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of
"half truths" that will require the answering party to qualify his response.).  The plain, objective
evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence
of the entire encounter that will be reviewed by the factfinder in its complete context, and not in
the context of misleading or suggestive paper admissions that one party seeks to exact from the
other.

        Subject to and without waiving these objections and the general objections, denied.


37.     Admit or deny that you arrested Richard Martinez for evading and resisting arrest without
        advising him of the underlying crime he was arrested for.

        ADMIT_____            DENY_____

        If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and
argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the
context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr.
Kuehl in the trial of this matter.  See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992)
("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or")

statements."). <u>Thalheim v. Eberheim</u>, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); <u>Audiotext Communications Network, Inc. v. US Telecom, Inc.</u>, 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). <u>Audiotext Communications Network, Inc. v. US Telecom, Inc.</u>, 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' <u>Downs v. Brasted</u>, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6."'). <u>Dubin v. E.F. Hutton Group Inc.</u>, 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other.

Subject to and without waiving these objections and the general objections, denied.

38. Admit or deny that the attached New Mexico State Police Incident Report, dated August 13, 2013, was written and signed by you and approved by your chain of command on or about August 13, 2013 following the incident on August 6, 2013 that is the subject of this lawsuit.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Admitted as to authorship of SYNOPSIS, otherwise denied given chain of command did not sign and does not bear Levine's signature.

39. Admit or deny that the attached Use of Form report dated August 13, 2013 was written by you, signed by you and approved by your supervisor following the incident on August 6, 2013 that is the subject of this lawsuit.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr.

Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other.

Mr. Levine objects to the argumentative nature of the word "approved" and would state that the subjective state of mind as to each of the multiple signing parties would have be inquired of as to them, or inferred from the context and other notations accompanying their signatures.

Admitted as to authorship of Mr. Levine other than those portions authored by reviewing parties. Otherwise, denied.

40. Admit or deny that supervisors at NMSP District 7 received a formal written complaint from the Martinez family after the charges were dropped against Plaintiff Richard Martinez regarding the incident that is the subject of this lawsuit.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Admitted that some point after August 6, 2013, Mr. Levine became aware that a complaint was filed, but after reasonable inquiry, he can neither admit nor deny allegations concerning who received that Complaint initially or thereafter.

41. Admit or deny that as a result of the Martinez family's written complaint, an NMSP Internal Affairs investigation was initiated within 60 days of the incident that is the subject of this lawsuit.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Admitted that there was a review of Incident No. 2013-14195, as represented by DEFS. PROD. DEFS PROD 6-15; 127-128; 132-141.


42. Admit or deny that the Internal Affairs investigator recommended a finding that you used excessive force in arresting Defendant Richard Martinez on August 6, 2013.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Denied.


43. Admit or deny that following NMSP District 7's receipt of the Martinez family written complaint, and the findings of the NMSP private investigator, the First Judicial District Attorney's Office re-filed all six charges against Richard Martinez.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague

statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). <u>Dubin v. E.F. Hutton Group Inc.</u>, 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other.

Subject to and without waiving these objections and the general objections, Mr. Levine is unable after reasonable inquiry to state how charges were refiled against Mr. Martinez.

44. Admit or deny that you have previously been sued for false arrest while acting within the scope of your duties as a commissioned law enforcement officer for the New Mexico State Police.

ADMIT_____        DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Admitted that Martinez v. Levine, D.N.M. Civ. 10-1215 KBM/LFG was filed and the claims stated therein were made.

45. Admit or deny that at all times during your contact with Plaintiff Richard Martinez, Plaintiff Eloisa Marquez, Plaintiff Andrea Martinez and Plaintiff Destiney Martinez, you were acting with the knowledge and tacit support of your immediate supervisors at the NMSP.

ADMIT_____        DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. <u>See, e.g. Herrera v. Scully</u>, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). <u>Thalheim v. Eberheim</u>, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); <u>Audiotext Communications Network, Inc. v. US Telecom, Inc.</u>, 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). <u>Audiotext Communications Network, Inc. v. US Telecom, Inc.</u>, 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be

admitted or denied without explanation.' <u>Downs v. Brasted</u>, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). <u>Dubin v. E.F. Hutton Group Inc.</u>, 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). The plain, objective evidence of what occurred on August 6, 2013 to the extent captured is the audio and video evidence of the entire encounter that will be reviewed by the factfinder in its complete context, and not in the context of misleading or suggestive paper admissions that one party seeks to exact from the other. At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

Mr. Levine further objects to the use of the phrase "you were acting with the knowledge and tacit support of your immediate supervisors at the NMSP" as vague, ambiguous, confusing, misleading, argumentative, and as such renders this request unanswerable as asked.

Subject to and without waiving these objections and the general objections, admitted that Mr. Levine was on duty the night of August 6, 2013 within his role as a patrol officer for the New Mexico Department of Public Safety, otherwise denied.

46.    Admit or deny that you spoke to other NMSP officers and/or employees about Plaintiff Richard Martinez prior to, during and following the night of his arrest on August 6, 2013.

    ADMIT_____        DENY_____

    If you deny, please set forth all the facts upon which you base said denial.

    Denied.

47.    Admit or deny that you have been diagnosed with PTSD or some other form of mental illness, disorder, condition or disease.

    ADMIT_____        DENY_____

    If you deny, please set forth all the facts upon which you base said denial.

    Mr. Levine objects to this request to the extent it seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case, considering [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Proc. 26(b)(1) (emphasis added).

    Mr. Levine objects because the evidence sought is not relevant to the issues in this case under the Fourth Amendment. See, e.g., Tanberg v. Sholtis, 401 F.3d 1151, 1168 (10th Cir. 2005) ("This standard is an objective one to which an officer's personal motivations in using a particular

degree of force are irrelevant: "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." Id. at 397, 109 S.Ct. 1865. Under this objective standard, evidence tending to show Officer Sholtis's subjective state of mind is irrelevant to the jury's proper inquiry.").

Further any information regarding Mr. Levine's history of psychological treatment, if any, is privileged. See Jaffee v. Redmond, 518 U.S. 1, 10-11, 116 S. Ct. 1923, 1928-29, 135 L. Ed. 2d 337 (1996) ("Like the spousal and attorney-client privileges, the psychotherapist-patient privilege is "rooted in the imperative need for confidence and trust." Ibid. Treatment by a physician for physical ailments can often proceed successfully on the basis of a physical examination, objective information supplied by the patient, and the results of diagnostic tests. Effective psychotherapy, by contrast, depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears. Because of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communications made during counseling sessions may cause embarrassment or disgrace. For this reason, the mere possibility of disclosure may impede development of the confidential relationship necessary for successful treatment.[9] As the Judicial Conference Advisory Committee observed in 1972 when it recommended that Congress recognize a psychotherapist privilege as part of the Proposed Federal Rules of Evidence, a psychiatrist's ability to help her patients" 'is completely dependent upon [the patients'] willingness and ability to talk freely. This makes it difficult if not impossible for [a psychiatrist] to function without being able to assure ... patients of confidentiality and, indeed, privileged communication. Where there may be exceptions to this general rule ..., there is wide agreement that confidentiality is a *sine qua non* for successful psychiatric treatment.' " Advisory Committee's *11 Notes to Proposed Rules, 56 F.R.D. 183, 242 (1972) (quoting Group for Advancement of Psychiatry, **1929 Report No. 45, Confidentiality and Privileged Communication in the Practice of Psychiatry 92 (June 1960)). By protecting confidential communications between a psychotherapist and her patient from involuntary disclosure, the proposed privilege thus serves important private interests.").

48.   Admit or deny that you have repeatedly been placed on administrative leave from you employment with the NMSP for driving agency vehicles at excessive speed.

      ADMIT_____          DENY_____

      If you deny, please set forth all the facts upon which you base said denial.

      Denied.

49. Admit or deny that Eric Garcia, PIO, NMSP was the director of training during your tenure at the New Mexico State Police Academy.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Denied.


50. Admit or deny that you were certified by Taser International in the use of their ECD device (s) on or before August 6, 2013.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Admit to Certification as represented at DEFS PROD 723.


51. Admit or deny that Taser International's guidelines for their ECD devices in 2010, issued three years before the incident that is the subject of this lawsuit, warned certified users such as yourself that "Law enforcement personnel are called upon to deal with individuals in crisis that are often physiologically or metabolically compromised and may be susceptible to arrest-related death ('ARD'). The factors that may increase susceptibility for an ARD… may include: a hypersympathetic state, autonomic dysregulation, capture myopathy, hyperthermia, altered electrolytes, severe acidosis, cardiac arrest, drugs or alcohol effects (toxic withdrawal, sensitization to arrhythmias, etc.) alternations in brain function (agitated or excited delirium), pulmonary disease, cardiac disease or other pathological conditions." *See,* Safety Information: ECD Known and Potential Side Effects, May 1, 2010.

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or

factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.).

Subject to and without waiving these objections and the general objections Mr. Levine is unable to admit or deny this Request, as he does not possess the subject documentation.

52.  Admit or deny that Taser International's training materials in 2010, issued three years before the incident that is the subject of this lawsuit, advised users such as yourself to avoid "chest shots when possible" noting "we have lowered the recommended point of aim from center of mass to lower-center of mass for front shots."

ADMIT_____          DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.).

Subject to and without waiving these objections and the general objections Mr. Levine is unable to admit or deny this Request, as he does not possess the subject documentation.

53. Admit or deny that Taser International's training materials in 2010, issued three years before the incident that is the subject of this lawsuit, advised users such as yourself "[O]ne risk of applying electricity to human hear is the induction of ventricular fibrillation (VF)."

ADMIT_____        DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.).

Subject to and without waiving these objections and the general objections Mr. Levine is unable to admit or deny this Request, as he does not possess the subject documentation.

54. Admit or deny that you failed to follow the recommendations of Taser International as described in RFA 50, 51, and 52 on August 6, 2013 in Santa Fe County, New Mexico.

ADMIT_____        DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. See, e.g. Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a

motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); _Audiotext Communications Network, Inc. v. US Telecom, Inc._, 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to be admitted."). _Audiotext Communications Network, Inc. v. US Telecom, Inc._, 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' _Downs v. Brasted_, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). _Dubin v. E.F. Hutton Group Inc._, 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

Mr. Levine further objects to a Request purporting to require an admission as to vaguely described compound "recommendations" excerpted from materials that may or may not have additional contextual material, without which any such admission would be unduly prejudicial.

Mr. Levine further objects to the Request as unintelligible as RFA 50 does not concern Taser guidelines, and RFA 51 hardly is a recommendation, and these vagaries in phrasing an argumentative Request render it unintelligible, vague, ambiguous, confusing, and unanswerable as asked.

55.   Admit or deny that your behavior towards your "customers" in the Espanola valley is no different than the behavior of other law enforcement officers employed by the NMSP in District 7 and this custom and practice is well-accepted by your sergeants, lieutenants, captains, and commanders.

ADMIT_____        DENY_____

If you deny, please set forth all the facts upon which you base said denial.

Mr. Levine objects to this request as vague, ambiguous, confusing, misleading, and argumentative, in that it seeks to force Mr. Levine into the admission of a half-truth that in the context of a much longer police encounter, would be unfairly prejudicial to Mr. Levine and Mr. Kuehl in the trial of this matter. _See, e.g. Herrera v. Scully_, 143 F.R.D. 545, 549 (S.D.N.Y.1992) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., "and/or") statements."). _Thalheim v. Eberheim_, 124 F.R.D. 34, 35 (D. Conn. 1988) ("When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections."); _Audiotext Communications Network, Inc. v. US Telecom, Inc._, 1995 WL 625744 (D.Kan.), 3 (D. Kan.,1995) ("Requests are not appropriate for argument. They should not put forward the requester's legal or factual contentions on the premise that, in the requester's view, they ought to

be admitted."). Audiotext Communications Network, Inc. v. US Telecom, Inc., 1995 WL 625744 at*33 (D. Kan.1995) ("'Each request for admission should be phrased simply and directly, so that it can be admitted or denied without explanation.' Downs v. Brasted, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kan. June 28, 1993). Schwarzer states that '[e]ach request should be limited to a single point and stated clearly, unambiguously, and without argument. Compound, complex, and vague statements are prone to denial or objection." Schwarzer et al., supra, at 5-6.'"). Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 375-76 (requesting party should avoid seeking admissions of "half truths" that will require the answering party to qualify his response.). At least part of this request is classic "Admit that you no longer beat your spouse" type inquiry, and Mr. Levine should not be subjected to this type of discovery abuse.

Mr. Levine further objects in that RFA limits are exceeded. Plaintiffs propounded to RFA No. 35s. Accordingly, this RFA need not be answered.


Respectfully submitted,

**SAUCEDOCHAVEZ, P.C.**

By: /s/ Frank T. Apodaca
      Christopher T. Saucedo
      Frank T. Apodaca
Post Office Box 30046
Albuquerque, NM 87190
T: (505) 338-3945
Email: csaucedo@saucedochavez.com
Email: fapodaca@saucedochavez.com

*Attorneys for State Defendants*