IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, RICHARD MARTINEZ,
DESTINEY MARTINEZ and ANDRELLITA MARTINEZ

        Plaintiffs,                      Case No.:  1:15 CV 00787 KBM-LF

vs.

OFFICER NICHOLAS LEVINE, in his official capacity as
a commissioned law enforcement officer and individual capacity,
OFFICER RYAN KUEHL, in his official capacity as a
Commissioned law enforcement officer and individual capacity,
And the NEW MEXICO STATE POLICE DEPARTMENT,

        Defendants.

### STATE DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF ANDRELLITA MARTINEZ

**COME NOW** the Defendants Officer Nicholas Levine, Officer Ryan Kuehl and New Mexico State Police Department (collectively "State Defendants"), by and through its attorneys of record, SaucedoChavez, P.C. (Christopher T. Saucedo and Frank T. Apodaca), and pursuant to Fed.R.Civ.P. 37(a) and D.N.M.LR-Civ. 37.1, submit this Motion to Compel discovery responses from Plaintiff Andrellita Martinez:

### RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

1. On November 17, 2015, State Defendants served on Plaintiffs Richard Martinez, Eloisa Marquez, Destiney Martinez, and Andrellita Martinez the following pleadings (collectively "State Defendants' Discovery to Plaintiffs"):

    a. First Set of Interrogatories and First Requests for Production to Richard Martinez;

    b. First Set of Interrogatories and First Requests for Production to Eloisa Marquez;

     c. First Set of Interrogatories and First Requests for Production to Destiney Martinez; and

     d. First Set of Interrogatories and First Requests for Production to Andrellita Martinez.

*See* Certificate of Service as to State Defendants' Discovery to Plaintiffs (Doc. 24); 2015-11-17 Email from M. Locson to P. Murray serving State Defendants' Discovery, attached as **Exhibit A**.

    2. As of December 17, 2015, thirty (30) days after service, Plaintiffs still had not served answers or responses to the above discovery as required under the Federal Rules of Civil Procedure.

    3. On December 21, 2015, Plaintiffs finally served their untimely objections, answers and responses to State Defendants' Discovery to Plaintiffs, including "Plaintiff Andrellita Martinez's Answers to Defendants First Set of Interrogatories and First Requests for Production" ("Andrellita Martinez Answers and Responses"). That pleading is attached as **Exhibit B**, in compliance with D.N.M. LR-Civ 37.1.

    4. The untimely Andrellita Martinez Answers and Responses were incomplete or otherwise deficient as more fully described in this Motion.

    5. On January 6, 2016, State Defendants, in compliance with D.N.M. LR-Civ 7.1(a), sent to Plaintiffs correspondence identifying the deficiencies in the Andrellita Answers and Responses at issue in this Motion, and requested Plaintiffs to cure same. That letter is attached as **Exhibit C.**

    6. As of the date of filing this Motion no response was received to the discovery deficiencies letter identified in the preceding paragraph, requiring State Defendants to file this Motion pursuant to D.N.M. LR-Civ 37.1.

# ARGUMENT

## I. Parameters for Discovery Available to State Defendants in this Case.

### a. Scope of Discovery

Federal Rule of Civil Procedure 26(b)(1) provides in relevant part:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery relevant to any party's claim or defense and proportional to the needs of the case, considering [1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Proc. 26(b)(1).

Fed. R. Civ. P. 26(b)(1*). See also SEC v. Goldstone*, 2014 U.S. Dist. LEXIS 122206, 89-90 (D.N.M. Aug. 23, 2014) (citing <u>Cornaglia v. Ricciardi</u>, 63 F.R.D. 416, 419 (E.D. Pa. 1974)("It is beyond question that defendant is entitled to discovery of the facts upon which plaintiff's claim . . . is founded.")).

### b. Standards Applicable to Plaintiff in Responding to Discovery By State Defendants.

As a prefatory comment, the history of this litigation can be summarized in large part by what Plaintiffs refuse to do. Plaintiffs do not file certificates for all disclosures or supplements thereto. Plaintiffs do not use bates numbers. Plaintiffs selectively follow the rules of discovery and have shown little to no interest in cooperation at any point in this litigation with respect to even the most basic matters of discovery. Plaintiffs serve subpoenas on parties without notice to counsel. Plaintiffs do not gather their own medical records. Plaintiffs do not provide complete lists of their treatment providers. Plaintiffs do not sign releases for providers for appropriate time periods. Plaintiffs require accommodations both for length and location of their own depositions. And Plaintiffs do not recite their criminal history, or their activities on the date of the only event in question in this case.

Yet Plaintiffs are demanding damages in the hundreds of thousands of dollars. And by their discovery requests and otherwise Plaintiffs are imposing serious burdens on the resources of State Defendants. There has to be some limit to this litigation approach, such that Plaintiffs are required to do some of the work in developing the complete facts of this case, for their own benefit, as well as for the benefit of State Defendants and the Court, so the parties and the Court can move this litigation toward an orderly resolution by whatever means.

That said, several basic propositions of discovery proceedings and supporting authority follow here as background for the specific discovery challenges that follow in the proceeding sections of this Motion.

First, vague and unspecific objections that a request or interrogatory is overly broad, burdensome, or oppressive are invalid. *See Salazar v. Bocanegra, et al.*, No. 12 cv 00053, 7/27/12 Order (Doc. 120) (Martinez, J.) ("A proper objection is one that is tailored to the individual discovery request, not a conclusory objection such as 'vague,' 'ambiguous,' 'overly broad' or 'unduly burdensome' which neglects to say why the discovery request is subject to that objection.").

Second, purporting to answer an interrogatory by vague reference to Plaintiff's prior production or to the requesting party's own records is invalid. *See Covad Communications Co. v. Revonet, Inc.* 258 F.R.D. 17, 20 (D.D.C. 2009) (cannot refer requesting party to own records under Fed. R. Civ. P. 33(d)); *Dunkin Donuts Inc. v. N.A.S.T., Inc.*, 428 F. Supp. 2d 761, 770 (N.D. Ill. 2005) (general reference to documents in opposing party's possession does not satisfy Fed. R. Civ. P. 33(d)). This court specifically has required identification of documents by bates number. Failure to identify documents in this manner in answer to an interrogatory results in exclusion of evidence on the point at trial. *See Aragon v. San Jose Ditch Ass'n*, 2011 U.S. Dist. LEXIS 133283, 16-17

(D.N.M. Oct. 18, 2011) (Browning, J.) ("If the Defendants are relying on the rule 33(d) option of producing business records, then the Defendants must specify the records in sufficient detail to enable A. and M. Aragon to readily locate those records. *See* Fed. R. Civ. P. 33(d)(stating that a responding party must specify the records that must be reviewed in sufficient detail to enable the interrogating party to readily locate and identify them). If the parties are using Bates numbers, the Defendants must identify the documents on which they rely by numbers; if they are not using Bates numbers, the Defendants must identify the documents so specifically that there can be no dispute at trial about what documents to which the Defendants are referring. The Court will not allow at trial the Defendants to rely on or introduce documents on this issue that are not identified in the answer [to the interrogatory].").

Third, answers to an interrogatory must be self-contained. They cannot be answered by reference to answers to other interrogatories. *See Aragon v. San Jose Ditch Ass'n*, 2011 U.S. Dist. LEXIS 133283, 19-20 (D.N.M. Oct. 18, 2011) (Browning, J.) ("The Defendants' answer to Interrogatory No. 23 refers to their answer to another interrogatory. The answer to the other interrogatory provides A. Trujillo's opinion regarding why the Ditch Association permitted some persons to pay their delinquencies, but does not address the basis for allowing payment of ditch delinquencies but not lake delinquencies. The Defendants' answers must be self-contained. *See* Fed. R. Civ. P. 33(b)(1) (stating a responding party must answer each interrogatory separately). If the Defendants have no other information regarding the basis for allowing payment of ditch delinquencies but not lake delinquencies, their answer should say so. *See* Fed. R. Civ. P. 33(b)(1)(stating a responding party must answer each interrogatory fully).").

Fourth, responses to requests for production of documents must identify with specificity the documents responsive to each request. Fed. R. Civ. Proc. 34(E). *See, e.g., Jones v. City of*

*Albuquerque*, No. 04 cv 00174, 10/24/05 Order (Doc. 132) (Garcia, J.) ("Plaintiff makes the general complaint [Doc. 71, at 10] that the documents Wosick has produced in response to these requests have not been indexed – that is, he has not indicated the particular request to which each document is supposed to be responsive. The Court orders Wosick to provide this information.").

Fifth, purporting to answer a request for production by vague reference to Plaintiff's prior production or to the requesting party's own records is invalid. *See Moreno v. Taos County Board of Commissioners et al.*, No. 10 cv 01097, 12/09/2011 Memorandum Opinion and Order (Doc. 45) (Torgerson, J.) ("Request for Production No. 7 asked for financial documents relating in any way to damages, including documents to be introduced at trial. Plaintiff responded 'Same as No. 5,' which was 'None, other than provided.' If Plaintiff has already produced the documents, he will identify them specifically. If any documents requested do not exist, he will so state under oath."). The Court in *Moreno* cautioned that failure to so identify previously produced documents could bar evidence at trial or lead to dismissal. *Id.* ("Plaintiff is advised that his failure to provide any financial records whatsoever may bar his claim for any economic damages at trial. Plaintiff is also advised that failure to comply with this Order may result in sanctions which could include a recommendation that his lawsuit be dismissed."). *Accord JL et al v. New Mexico Department of Health, et al.*, No. 12 cv 01145, 5/5/14 Order (Doc. 89) (Martinez, J.) ("If Defendant has already produced the responsive information, it needs to identify which documents it has already produced that are responsive to each request for production."). *Accord Brunson et al v. McCorkle et al.*, No. 1 cv 010118 1/4/13 Order (Doc. 69) (Martinez, J.) ("While Defendant DeRouen states that Plaintiffs have the information they requested "to a great extent" from Defendant McCorkle's responses, this statement does not specify what information has already been provided and what is still missing.").

**II. Andrellita Martinez's Answers to State Defendants' Interrogatory Nos. 2, 6, 10, and 12 Do Not Comply With The Above Standards, and State Defendants Should Not Be Deprived Of Discoverable Information Because Andrellita Martinez Has Not Abided By Her Obligations Under the Rules.**

**a. Interrogatory No. 2**:

INTERROGATORY No. 2: Please list the name, address, and telephone number of each and every medical or mental health care provider who treated you in the last ten (10) years, and as to each please state the condition or conditions for which you were treated, and the date range of treatment.

ANSWER: Objection. Overbroad, irrelevant, unduly burdensome, disproportionate to the needs of the case, and thus, not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Andrea responds as follows:

Las Clinicas del Norte 583-2191
Dr.Hassamer, 367-0340 (retired)
Espanola Hospital, 367-0340
Dr.Forno, 982-5014

*Discussion*:

State Defendants are entitled to a list of the name, address, and telephone number of each and every medical or mental health provider of Plaintiffs. Purporting to answer an interrogatory by vague reference to Plaintiffs' prior non-sworn production or to the requesting party's own records is invalid based on the case law cited above. Respectfully, Plaintiffs' objections should be overruled and an order to Plaintiffs requiring a complete answer to this Interrogatory should issue.

State Defendants are willing to reform this request to provide for a list of such providers having treated Plaintiffs from August 6, 2008 to present, which is five (5) years prior to the date of the incident at issue in this case (August 6, 2013). This aligns with the time frame contemplated by D.N.M. LR-Civ. 26.3(d), with respect to mandatory disclosure of providers Plaintiffs may rely upon in support of Plaintiffs' claims.

The purpose of this request is to do away with the gamesmanship of Plaintiffs to date, whereby they have disclosed some, but not all, providers, and have offered releases for selected

time periods only. Plaintiffs have failed to gather their own medical records, so if State Defendants are going to do it for them, State Defendants are entitled to a complete list of providers, not only those Plaintiffs wish to disclose.

Ms. Martinez's prior mental health, addictions, and treatment all are relevant to assessing her behavior, perceptions, and claimed physical and mental distress damages claims allegedly suffered on the night of the event. Similarly, Ms. Martinez's prior health condition, prior injuries, and medical history all are relevant to her claimed physical injury as a result of the Taser and other occurrences on the night of the event.

Further, all Plaintiffs have claimed physical injury and mental and emotional distress so the issues of prior substance use and abuse, as well as prior trauma, all are relevant to the claims and defenses in this case. Any evidence that would potentially lessen the weight or contradict those claims, including treatment provider documentation and conclusions regarding the potential competing source(s) of Plaintiffs' post-traumatic symptoms are highly relevant to Plaintiffs' claim and State Defendants' defenses. *See Mata v. City of Farmington*, 798 F. Supp. 2d 1215, 1221-22 and 1227-28 (D.N.M. 2011) (agreeing with Defendant Officers that, to rebut plaintiff's claims that, as a result of incident, he suffered from post-traumatic stress disorder, anxiety and depression, the Defendant Officers are entitled to introduce evidence of other traumatic and violent events in plaintiff's life which caused him emotional distress); *Solis-Marrufo v. Board of Commissioners, et al.,* Memorandum Opinion and Order, CIV 11-00107 JB/KBM (D.N.M. March 28, 2013) [Doc. 240] at 38 ("[T]he Court will allow the Individual Defendants to contradict [Plaintiff's] asserted damages by inquiring into his previous and current cocaine use. Such evidence is admissible under rule 405, because <u>claims for mental and emotional damages put [Plaintiff's] mental and emotional state at i</u>ssue.") (emphasis added).

"The case law is clear that once a plaintiff makes claims of emotional distress, the defendant is allowed to explore any alternative or contributing causes to that emotional distress. In short, a plaintiff seeking damages for emotional distress essentially 'opens the door' to intense scrutiny of his psychological status and history." *Kakeh v. United Planning Org., Inc.*, 587 F. Supp. 2d 125, 128 (D.D.C. 2008).

### b. Interrogatory No. 6:

INTERROGATORY No. 6: Have you ever suffered from or received treatment for alcohol or drug abuse, depression, suicidal ideation, or any other psychological problem and/or illness? If so, please state:

A. The nature and extent of each condition or problem; and the name(s), address(es), and telephone number(s) of the health care provider(s) who treated you.

ANSWER: Objection. Overbroad, irrelevant, vague and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Andrea replies as follows: I suffer from anxiety and depression and receive treatment from Las Clinicas de Norte, 583-2191.

*Discussion*:

State Defendants are entitled to a full recounting by Plaintiff of the conditions inquired of in the manner inquired of and a complete list of the name, address, and telephone number of each and every medical or mental health provider of Plaintiff for such condition. Respectfully, Plaintiffs' objections should be overruled and an order to Plaintiffs requiring a complete answer to this Interrogatory should issue.

Evidence of prior trauma is admissible and relevant for the reasons and based on the authority cited with respect to the discussion as to Interrogatory No. 2.

Evidence of a witness' prior drug use is admissible to call into question the witness' ability to perceive or recall events. *See United States v. Smith*, 156 F.3d 1046, 1054-55 (10th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). The *Smith* court held that the trial court properly allowed a defendant's alibi witness to be questioned regarding her drug use in the distant past (as opposed

9

to at the time of the incident), because "it was for the jury to decide whether [the witness'] use of LSD twenty years earlier affected her ability to recall the evening in question." *Smith*, 156 F.3d at 1055. In fact, the Tenth Circuit has repeatedly approved admission of evidence of a witness's drug use on the grounds that it weighs on veracity and capacity. Although "[a] witness's use of drugs may not be used to attack his or her general credibility," it may be used to attack "his or her ability to perceive the underlying events and testify lucidly at the trial." *U.S. v. Apperson*, 441 F.3d 1162, 1195-96 (10th Cir. 2006) (citing *Jarrett v. United States*, 822 F.2d 1438, 1446 (7th Cir. 1987)).

This Court has also previously recognized the relevance of evidence of previous drug use, even drug use in the distant past, to challenge a plaintiff's ability to accurately perceive and recall the events underlying a suit. *See Chamberlin v. The City of Albuquerque, et al.*, No. CIV. 02-0603 JB/ACT (D.N.M. July 31, 2005) [Doc. No. 143] at 4-5. In *Chamberlin*, this Court ruled that Defendants' counsel could inquire into prior use of drugs by the plaintiff, including use of cocaine and other drugs approximately twenty years prior to the incident in question. *See id*. This Court has also previously recognized the relevance of evidence of previous drug use, even drug use in the distant past, to challenge a plaintiff's ability to accurately perceive and recall the events underlying a suit. *See Chamberlin v. The City of Albuquerque, et al.*, No. CIV. 02-0603 JB/ACT (D.N.M. July 31, 2005) [Doc. No. 143] at 4-5. In *Chamberlin*, this Court ruled that Defendants' counsel could inquire into prior use of drugs by the plaintiff, including use of cocaine and other drugs approximately twenty years prior to the incident in question. *See id*.

Not only is Plaintiffs' prior drug use relevant to their ability to perceive and accurately remember events, if they try to deny their past drug use, the information will certainly be relevant to their credibility. In general, this Court has allowed introduction of both the

plaintiff's admission and his denial of past drug use. *See Solis-Marrufo v. Board of Commissioners, et al.*, Memorandum Opinion and Order, CIV 11-00107 JB/KBM (D.N.M. March 28, 2013) [Doc. 240] at 38; *see also Cordova v. Hoisington, et al.*, No. Civ. 11-806 GBW/ACT (D.N.M. Jan. 16, 2014) [Doc. No. 216] ("The Court will admit evidence of Plaintiff's prior drug use both to challenge Plaintiff's credibility as to liability, and for damages.").

For example, in *U.S. v. Robinson*, the Tenth Circuit held that the lower court erred in denying admission of a confidential informant's use of "opioids, alcohol, cannabis and benzodiazepine." 583 F.3d 1265, 1271-72 (10th Cir. 2009) (internal quotations omitted). Evidence would have shown that the informant's drug use was "more extensive than the jury was lead to believe," and was relevant where the informant's credibility was of "paramount concern." *Id.* at 1271.

### c. Interrogatory No. 10:

INTERROGATORY No. 10: If you have been a party to any other civil lawsuit or administrative action, please state the name of the court or administrative body and case number in which you were any type of party:

ANSWER: Objection. Irrelevant. Without waiving this objection, Andrea answers as follows: Yes, I was involved in a lawsuit arising from a car accident. My attorney was Kathleen Kentish Lucero. I can't recall the case number but I was a party. This information is publicly available.

*Discussion:*

State Defendants are entitled to this basic requested information. Respectfully, Plaintiffs' objections should be overruled and an order to Plaintiffs requiring a complete answer to this Interrogatory should issue.

Prior sworn testimony or sworn pleadings by Plaintiffs in any case are relevant and discoverable. Other cases may have covered ground that is relevant here, and this evidence has particular value because it is sworn.

Also, Plaintiffs' history of litigiousness is relevant and discoverable. If Plaintiff is incapable of remembering whether she has been a party in any other civil lawsuit or administrative action before, her counsel can do a modicum of work with inquiry to family members or in Plaintiff's records to ascertain this information and provide a sworn answer to this Interrogatory that amounts to something more than a "punt." As with Plaintiffs' apparent unwillingness to gather their own medical records, Plaintiffs should not be allowed to avoid the basic obligations of a party in ascertaining answers to discovery to which State Defendants are entitled.

### d. Interrogatory No. 12:

INTERROGATORY No. 12: For the date of August 6, 2013, please describe the principal and material events and activities of your day from the time you woke up, through the time period you encountered State Defendants in this case at 116 Camino De Roberto, including without limitation what you consumed, what you drank and what you ingested by any means, whether by smoking, injecting, inhaling, or otherwise consuming.

ANSWER: Objection. Overbroad, irrelevant in part, and not calculated to lead to the discovery of admissible evidence. Without waiving these objections, Andrea replies as follows: I don't remember completely. Most likely, I was at home most of the day and early evening with my three children. I wasn't under the influence of drugs or alcohol if that's what you're asking. The rest of the night and the events leading up to Officer Levine's assault are described in detail in Plaintiffs' Complaint.

*Discussion*:

Respectfully, Plaintiffs' objections should be overruled and an order to Plaintiffs requiring a complete answer to this Interrogatory should issue.

Plaintiff must state without limitation what she did that day and who she was doing it with. That includes where she went, who she talked to, what she consumed, what she drank and what she ingested by any means, that day, whether by smoking, injecting, inhaling, or otherwise consuming. This history of the Plaintiff's day bears on multiple aspects of this case, inter alia credibility, liability and damages. It is unclear what the party to which this interrogatory is directed had consumed alcohol or ingested drugs on that day, or whether she was present with any other

Plaintiff(s) who was (were) consuming alcohol or ingesting drugs that day. In addition, Plaintiff does not describe why she was at the scene at issue, or the events leading up to her arrival on scene which is discoverable information, as it informs her condition and state during the event itself, among other reasons.

> III. **Andrellita Martinez's Responses to State Defendants' Request for Production Nos. 2, 3, 6, and 7 Do Not Comply With The Above Standards, and State Defendants Should Not Be Deprived Of Discoverable Information Because Destiney Martinez Has Not Abided By Her Obligations Under the Rules.**
>
> a. **Request for Production No.2**

REQUEST FOR PRODUCTION NO. 2: Please produce and identify by bates number all documents upon which you relied in your answers to the First Set of Interrogatories, above, which you did not already produce in response to Request for Production No. 1, or upon which you relied in drafting your Complaint.

RESPONSE: Objection. Overbroad. To the extent that this RFP does not impinge on attorney work-product, for which Plaintiff claims privilege, there are no documents identified in response to Defendants' interrogatories in Plaintiffs' possession that are not also in Defendants' possession, access or control.

*Discussion*:

State Defendants are entitled to the identification of the documents requested. Respectfully, Plaintiff's objections to this Request should be overruled and an order to Plaintiffs requiring that an accurate and complete response to this Request should issue.

As noted in the above-cited authority, a party confronted with a request for production is required to identify specifically the documents that are responsive to that request. Plaintiff's answer to this Request fails to identify documents upon which Plaintiff relied in the answers to Plaintiff's Interrogatories. Plaintiff's answer to this Request similarly fails to identify documents upon with Plaintiff relied in drafting Plaintiff's Complaint.

Plaintiffs have steadfastly refused to number any documents produced in this litigation. To the extent Plaintiffs are going to continue to persist in that refusal, State Defendants would

respectfully request that Plaintiffs identify the documents responsive to this Request by stating the date of the document, the title of the document, and the author or source of the document, along with the number of pages in the document, so State Defendants can identify such documents. Vague, in specific reference to Initial Disclosures, or to documents in the "possession, access or control" of State Defendants are invalid under the above-cited authority. *See, e.g., Moreno v. Taos County Board of Commissioners et al.*, No. 10 cv 01097, 12/09/2011 Memorandum Opinion and Order (Doc. 45) (Torgerson, J.) ("Request for Production No. 7 asked for financial documents relating in any way to damages, including documents to be introduced at trial. Plaintiff responded 'Same as No. 5,' which was 'None, other than provided.' If Plaintiff has already produced the documents, he will identify them specifically. If any documents requested do not exist, he will so state under oath.").

To the extent documents are being withheld as privileged, those documents should be identified in a privilege log in accordance with the requirements of Fed. R. Civ. Proc. 26, so the claimed privilege may be assessed.

### b. **Request for Production No.3**

REQUEST FOR PRODUCTION NO. 3: Please produce and identify by bates number copies of any written or recorded correspondence between you and any other person regarding the incident, including, but not limited to, letters, emails, text messages, and social media posts. This request does not include correspondence with your attorney.

RESPONSE: Objection. This RFP is overbroad, infringes on work-product privilege, is unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of the case. Without waiving said objections, Andrea replies as follow: I will undertake a search for emails and texts that are responsive to this request. If I find them, I will provide them to my attorney, and if appropriate and not privileged, she will provide them to you. As for social media posts, my brother, Jeremy, was informed of what happened to Richard and he posted a website with a redacted video from the State Police that included some, but not all, of what happened to our family on the night of August 6, 2013. This is probably still up on the web.

*Discussion*:

State Defendants are entitled to the identification of the documents requested. Respectfully, Plaintiff's objections to this Request should be overruled and an order to Plaintiffs requiring that an accurate and complete response to this Request should issue.

This Request is relevant on its face as it seeks correspondence written or recorded between Plaintiff and any other person regarding the incident. Letters, emails, text messages, and social media posts all are responsive categories of documents.

A complete response to this Request would include without limitation identification of the website created by Andrellita's brother Jeremy.

To the extent documents are being withheld as privileged, those documents should be identified in a privilege log in accordance with the requirements of Fed. R. Civ. Proc. 26, so the claimed privilege may be assessed.

### c. **Request for Production No.6**

REQUEST FOR PRODUCTION NO. 6: Please sign and produce the attached authorizations for medical records, mental health records, educational records, and employment records.

RESPONSE: Objection. Releases seeking ten (10) years worth of medical history for a single Taser injury are overbroad and are not calculated to lead to the discovery of admissible evidence. They are neither relevant nor proportionate to the needs of the case nor Andrea's injuries. See also, Plaintiff Andrea Martinez's signed medical releases previously provided to you. Additional releases for other caregivers may be provided if information arises to suggest that they are linked to the damages she claims.

*Discussion*:

State Defendants are entitled to the identification of the documents requested. Respectfully, Plaintiff's objections to this Request should be overruled and an order to Plaintiffs requiring that an accurate and complete response to this Request should issue.

State Defendants are entitled to obtain both medical and mental health releases for the time period August 6, 2008 to present for all medical and mental health treatment providers of Plaintiff identified in answer to Interrogatory No. 2. These blank releases for the relevant time periods have been provided time and again to Plaintiffs who have responded by silence, or by providing select releases for select providers, for select time periods. That is not sufficient to the orderly determination of issue at play in this case.

State Defendants equally are entitled to discovery as to Plaintiff's work history, if any, and an employment release provided to Plaintiff with the service of this discovery should be ordered completed. Further, whether Ms. Martinez has been able to obtain and hold a job, what she did, how she did it, and whether and how and for what reasons she was terminated from her jobs bears on her character and fitness, and may bear on her credibility. State Defendants cannot know the full relevance of this employment history if it is not provided, but the information inquired of here certainly is relevant on its face.

As well, Ms. Martinez's prior relationships with authority figures, or interaction with them in a successful or unsuccessful manner bears on her interaction with Officer Levine, or her ability to understand what she was being asked or to comply with same. Dismissal from employment for drug use or for violence similarly is relevant to Plaintiffs' claims and State Defendants' defenses in this case.

Moreover, Plaintiffs' existence of an income, historically, or presently, is a factor that may be evaluated by the factfinder in connection with his motivation to sue in the immediate action for money damages.

Finally, State Defendants are entitled to an educational records release to determine Plaintiff's educational attainments, and any issues that may have arisen in the context of her

16

education that bear on this case. This is basic background on any individual and it in a case where Plaintiffs are seeking hundreds of thousands of dollars, State Defendants should be entitled to this basic information.

### d. **Request for Production No.7**

REQUEST FOR PRODUCTION NO. 7: Please provide and identify by bates number copies of any and all communications, including emails, between you and any member of the media or any third party, regarding this lawsuit or the allegations you have made in your Complaint. This does not include communications with counsel.

RESPONSE: Objection. Overbroad ("any third party"), unduly burdensome, duplicative, not calculated to lead to the admission of discoverable evidence and without proportion to the needs of this case. Further, this RFP also impinges on attorney work product privilege. Without waiving said objections, please see Andrea's response to above RFP 3.

*Discussion*:

State Defendants are entitled to the identification of the documents requested. Respectfully, Plaintiff's objections to this Request should be overruled and an order to Plaintiffs requiring that an accurate and complete response to this Request should issue.

This Request is relevant on its face as it seeks correspondence written or recorded between Plaintiff and third parties regarding this lawsuit or the allegations in the Complaint. It specifically excludes communications with counsel.

To the extent documents are being withheld as privileged, those documents should be identified in a privilege log in accordance with the requirements of Fed. R. Civ. Proc. 26, so the claimed privilege may be assessed.

**CONCLUSION**

**WHEREFORE**, State Defendants respectfully request that the Court:

1. Grant the immediate Motion;

2. Compel Plaintiffs to provide discovery answers and responses as set forth above;

3. Compel Plaintiffs to provide a privilege log for documents claimed privileged and withheld on that basis.

4. Provide any other relief the Court deems just and proper.

Respectfully submitted by:

**SAUCEDOCHAVEZ, P.C.**

By: /s/ Frank T. Apodaca
    Christopher T. Saucedo
    Frank T. Apodaca
    Post Office Box 30046
    Albuquerque, NM 87190
    T: (505) 338-3945
    E: csaucedo@saucedochavez.com
    E: fapodaca@saucedochavez.com
    ***Attorneys for State Defendants***

I hereby certify that the foregoing was filed electronically through the CM/ECF system on January 11, 2016 which caused counsel of record to be served by electronic means:

Pilar Tirado Murray
**Murray Law Firm**
EM: jurisprudence@writeme.com

***ATTORNEYS for Plaintiff(s)***

By: /s/ Frank T. Apodaca
    Frank T. Apodaca