IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, RICHARD MARTINEZ,
DESTINEY MARTINEZ and ANDRELLITA MARTINEZ

    Plaintiffs,                Case No.: 1:15 CV 00787 KBM-LF

vs.

OFFICER NICHOLAS LEVINE, in his official capacity as
a commissioned law enforcement officer and individual capacity,
OFFICER RYAN KUEHL, in his official capacity as a
Commissioned law enforcement officer and individual capacity,
And the NEW MEXICO STATE POLICE DEPARTMENT,

    Defendants.

## STATE DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF ELOISA MARQUEZ

**COME NOW** the Defendants Officer Nicholas Levine, Officer Ryan Kuehl and New Mexico State Police Department (collectively "State Defendants"), by and through its attorneys of record, SaucedoChavez, P.C. (Christopher T. Saucedo and Frank T. Apodaca), and pursuant to Fed.R.Civ.P. 37(a) and D.N.M.LR-Civ. 37.1, submit this Motion to Compel discovery responses from Plaintiff Eloisa Marquez:

### RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

1. On November 17, 2015, State Defendants served on Plaintiffs Richard Martinez, Eloisa Marquez, Destiney Martinez, and Andrellita Martinez the following pleadings (collectively "State Defendants' Discovery to Plaintiffs"):

    a. First Set of Interrogatories and First Requests for Production to Richard Martinez;

    b. First Set of Interrogatories and First Requests for Production to Eloisa Marquez;

    c. First Set of Interrogatories and First Requests for Production to Destiney Martinez; and

    d. First Set of Interrogatories and First Requests for Production to Andrellita Martinez.

*See* Certificate of Service as to State Defendants' Discovery to Plaintiffs (Doc. 24); 2015-11-17 Email from M. Locson to P. Murray serving State Defendants' Discovery, attached as **Exhibit A**.

2. As of December 17, 2015, thirty (30) days after service, Plaintiffs still had not served answers or responses to the above discovery as required under the Federal Rules of Civil Procedure.

3. On December 21, 2015, Plaintiffs finally served their untimely objections, answers and responses to State Defendants' Discovery to Plaintiffs, including "Plaintiff Eloisa Marquez's Answers to Defendants First Set of Interrogatories and First Requests for Production" ("Eloisa Marquez Answers and Responses") That pleading is attached as **Exhibit B**, in compliance with D.N.M. LR-Civ 37.1.

4. The untimely Eloisa Marquez Answers and Responses were incomplete or otherwise deficient as more fully described in this Motion.

5. That they were untimely render all objections invalid.

6. On January 6, 2016, State Defendants, in compliance with D.N.M. LR-Civ 7.1(a), sent to Plaintiffs correspondence identifying the deficiencies in the Eloisa Marquez Answers and Responses at issue in this Motion, and requested Plaintiffs to cure same. That letter is attached as **Exhibit C.**

7. As of the date of filing this Motion no response was received to the discovery deficiencies letter identified in the preceding paragraph, requiring State Defendants to file this Motion pursuant to D.N.M. LR-Civ 37.1.

## ARGUMENT

**I.     Parameters for Discovery Available to State Defendants in this Case.**

   **a.  Scope of Discovery**

Federal Rule of Civil Procedure 26(b)(1) provides in relevant part:

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery relevant to any party's claim or defense and proportional to the needs of the case, considering [1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Proc. 26(b)(1).

Fed. R. Civ. P. 26(b)(1). *See also SEC v. Goldstone*, 2014 U.S. Dist. LEXIS 122206, 89-90 (D.N.M. Aug. 23, 2014) (citing <u>Cornaglia v. Ricciardi</u>, 63 F.R.D. 416, 419 (E.D. Pa. 1974)("It is beyond question that defendant is entitled to discovery of the facts upon which plaintiff's claim . . . is founded.")).

   **b.  Standards Applicable to Plaintiff in Responding to Discovery By State Defendants.**

As a prefatory comment, the history of this litigation can be summarized in large part by what Plaintiffs refuse to do. Plaintiffs do not file certificates for all disclosures or supplements thereto. Plaintiffs do not use bates numbers. Plaintiffs selectively follow the rules of discovery and have shown little to no interest in cooperation at any point in this litigation with respect to

even the most basic matters of discovery. Plaintiffs serve subpoenas on parties without notice to counsel. Plaintiffs do not gather their own medical records. Plaintiffs do not provide complete lists of their treatment providers. Plaintiffs do not sign releases for providers for appropriate time periods. Plaintiffs require accommodations both for length and location of their own depositions. And Plaintiffs do not recite their criminal history, or their activities on the date of the only event in question in this case.

Yet Plaintiffs are demanding damages in the hundreds of thousands of dollars. And by their discovery requests and otherwise Plaintiffs are imposing serious burdens on the resources of State Defendants. There has to be some limit to this litigation approach, such that Plaintiffs are required to do some of the work in developing the complete facts of this case, for their own benefit, as well as for the benefit of State Defendants and the Court, so the parties and the Court can move this litigation toward an orderly resolution by whatever means.

That said, several basic propositions of discovery proceedings and supporting authority follow here as background for the specific discovery challenges that follow in the proceeding sections of this Motion.

First, vague and unspecific objections that a request or interrogatory is overly broad, burdensome, or oppressive are invalid. *See Salazar v. Bocanegra, et al.*, No. 12 cv 00053, 7/27/12 Order (Doc. 120) (Martinez, J.) ("A proper objection is one that is tailored to the individual discovery request, not a conclusory objection such as 'vague,' 'ambiguous,' 'overly broad' or 'unduly burdensome' which neglects to say why the discovery request is subject to that objection.").

Second, purporting to answer an interrogatory by vague reference to Plaintiff's prior production or to the requesting party's own records is invalid. *See Covad Communications Co. v.*

4

*Revonet, Inc.* 258 F.R.D. 17, 20 (D.D.C. 2009) (cannot refer requesting party to own records under Fed. R. Civ. P. 33(d)); *Dunkin Donuts Inc. v. N.A.S.T., Inc.*, 428 F. Supp. 2d 761, 770 (N.D. Ill. 2005) (general reference to documents in opposing party's possession does not satisfy Fed. R. Civ. P. 33(d)). This court specifically has required identification of documents by bates number. Failure to identify documents in this manner in answer to an interrogatory results in exclusion of evidence on the point at trial. *See Aragon v. San Jose Ditch Ass'n*, 2011 U.S. Dist. LEXIS 133283, 16-17 (D.N.M. Oct. 18, 2011) (Browning, J.) ("If the Defendants are relying on the rule 33(d) option of producing business records, then the Defendants must specify the records in sufficient detail to enable A. and M. Aragon to readily locate those records. *See* Fed. R. Civ. P. 33(d)(stating that a responding party must specify the records that must be reviewed in sufficient detail to enable the interrogating party to readily locate and identify them). If the parties are using Bates numbers, the Defendants must identify the documents on which they rely by numbers; if they are not using Bates numbers, the Defendants must identify the documents so specifically that there can be no dispute at trial about what documents to which the Defendants are referring. The Court will not allow at trial the Defendants to rely on or introduce documents on this issue that are not identified in the answer [to the interrogatory].").

Third, answers to an interrogatory must be self-contained. They cannot be answered by reference to answers to other interrogatories. *See Aragon v. San Jose Ditch Ass'n*, 2011 U.S. Dist. LEXIS 133283, 19-20 (D.N.M. Oct. 18, 2011) (Browning, J.) ("The Defendants' answer to Interrogatory No. 23 refers to their answer to another interrogatory. The answer to the other interrogatory provides A. Trujillo's opinion regarding why the Ditch Association permitted some persons to pay their delinquencies, but does not address the basis for allowing payment of ditch delinquencies but not lake delinquencies. The Defendants' answers must be self-contained. *See*

Fed. R. Civ. P. 33(b)(1) (stating a responding party must answer each interrogatory separately). If the Defendants have no other information regarding the basis for allowing payment of ditch delinquencies but not lake delinquencies, their answer should say so. *See* Fed. R. Civ. P. 33(b)(1)(stating a responding party must answer each interrogatory fully).").

Fourth, responses to requests for production of documents must identify with specificity the documents responsive to each request. Fed. R. Civ. Proc. 34(E). *See, e.g., Jones v. City of Albuquerque*, No. 04 cv 00174, 10/24/05 Order (Doc. 132) (Garcia, J.) ("Plaintiff makes the general complaint [Doc. 71, at 10] that the documents Wosick has produced in response to these requests have not been indexed – that is, he has not indicated the particular request to which each document is supposed to be responsive. The Court orders Wosick to provide this information.").

Fifth, purporting to answer a request for production by vague reference to Plaintiff's prior production or to the requesting party's own records is invalid. *See Moreno v. Taos County Board of Commissioners et al.*, No. 10 cv 01097, 12/09/2011 Memorandum Opinion and Order (Doc. 45) (Torgerson, J.) ("Request for Production No. 7 asked for financial documents relating in any way to damages, including documents to be introduced at trial. Plaintiff responded 'Same as No. 5,' which was 'None, other than provided.' If Plaintiff has already produced the documents, he will identify them specifically. If any documents requested do not exist, he will so state under oath."). The Court in *Moreno* cautioned that failure to so identify previously produced documents could bar evidence at trial or lead to dismissal. *Id.* ("Plaintiff is advised that his failure to provide any financial records whatsoever may bar his claim for any economic damages at trial. Plaintiff is also advised that failure to comply with this Order may result in sanctions which could include a recommendation that his lawsuit be dismissed."). *Accord JL et al v. New Mexico Department of Health, et al.*, No. 12 cv 01145, 5/5/14 Order (Doc. 89) (Martinez, J.) ("If Defendant has already

produced the responsive information, it needs to identify which documents it has already produced that are responsive to each request for production."). *Accord Brunson et al v. McCorkle et al.*, No. 1 cv 010118 1/4/13 Order (Doc. 69) (Martinez, J.) ("While Defendant DeRouen states that Plaintiffs have the information they requested "to a great extent" from Defendant McCorkle's responses, this statement does not specify what information has already been provided and what is still missing.").

> **II. Eloisa Marquez's Answers to State Defendants' Interrogatory Nos. 2, 4, and 10 Do Not Comply With The Above Standards, and State Defendants Should Not Be Deprived Of Discoverable Information Because Eloisa Marquez Has Not Abided By Her Obligations Under the Rules.**
>
> **a. Interrogatory No. 2**:

INTERROGATORY No. 2: Please list the name, address, and telephone number of each and every medical or mental health care provider who treated you in the last ten (10) years, and as to each please state the condition or conditions for which you were treated, and the date range of treatment.

ANSWER: Objection. Irrelevant, overbroad, unduly burdensome, disproportionate to the needs of the case, and thus, not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Mrs. Marquez responds as follows: I received treatment for the fracture to my right wrist from being pushed by Officer Levine at Espanola Hospital Emergency Room, 505-753-7111; Dr. Chun, 505-424-0200; Dr. Jones 505-367-0340; and Physical Therapy 505-367-0340.

*Discussion*:

State Defendants are entitled to a list of the name, address, and telephone number of each and every medical or mental health provider of Plaintiffs. Purporting to answer an interrogatory by vague reference to Plaintiffs' prior non-sworn production or to the requesting party's own records is invalid based on the case law cited above. Respectfully, Plaintiffs' objections should be overruled and an order to Plaintiffs requiring a complete answer to this Interrogatory should issue.

State Defendants are willing to reform this request to provide for a list of such providers having treated Plaintiffs from August 6, 2008 to present, which is five (5) years prior to the date

7

of the incident at issue in this case (August 6, 2013). This aligns with the time frame contemplated by D.N.M. LR-Civ. 26.3(d), with respect to mandatory disclosure of providers Plaintiffs may rely upon in support of Plaintiffs' claims.

The purpose of this request is to do away with the gamesmanship of Plaintiffs to date, whereby they have disclosed some, but not all, providers, and have offered releases for selected time periods only. Plaintiffs have failed to gather their own medical records, so if State Defendants are going to do it for them, State Defendants are entitled to a complete list of providers, not only those Plaintiffs wish to disclose.

Eloisa Marquez's balance, perception, and prior physical and mental condition all are at issue given the Plaintiffs' theory of the case, and claimed damages.

Further, all Plaintiffs have claimed physical injury and mental and emotional distress so the issues of prior substance use and abuse, as well as prior trauma, all are relevant to the claims and defenses in this case. Any evidence that would potentially lessen the weight or contradict those claims, including treatment provider documentation and conclusions regarding the potential competing source(s) of Plaintiffs' post-traumatic symptoms are highly relevant to Plaintiffs' claim and State Defendants' defenses. *See Mata v. City of Farmington*, 798 F. Supp. 2d 1215, 1221-22 and 1227-28 (D.N.M. 2011) (agreeing with Defendant Officers that, to rebut plaintiff's claims that, as a result of incident, he suffered from post-traumatic stress disorder, anxiety and depression, the Defendant Officers are entitled to introduce evidence of other traumatic and violent events in plaintiff's life which caused him emotional distress); *Solis-Marrufo v. Board of Commissioners, et al.,* Memorandum Opinion and Order, CIV 11-00107 JB/KBM (D.N.M. March 28, 2013) [Doc. 240] at 38 ("[T]he Court will allow the Individual Defendants to contradict [Plaintiff's] asserted damages by inquiring into his previous and

current cocaine use. Such evidence is admissible under rule 405, because <u>claims for mental and emotional damages put [Plaintiff's] mental and emotional state at is</u>sue.") (emphasis added). "The case law is clear that once a plaintiff makes claims of emotional distress, the defendant is allowed to explore any alternative or contributing causes to that emotional distress. In short, a plaintiff seeking damages for emotional distress essentially 'opens the door' to intense scrutiny of his psychological status and history." *Kakeh v. United Planning Org., Inc.*, 587 F. Supp. 2d 125, 128 (D.D.C. 2008).

### b. Interrogatory No. 4:

INTERROGATORY No. 4: If you claim to have been psychologically or emotionally damaged by State Defendants as a result of the events alleged in your Complaint, please state:

A. The nature and extent of each alleged condition or injury and whether each such condition or injury is temporary or permanent; and as to each, the mental or medical health care provider that treated you for such condition(s).

ANSWER: Yes. I was very angry at the officer for what he did to me and my family and upset that my grandson had to spend the night in jail with all his injuries. I am poor but I am entitled to some respect and this man he wouldn't even explain why he was on my property, in my private yard, shining lights into my eyes so late in the evening, and no warrant. He abused my grandson in front of my eyes, destroyed all my potted plants in front of my door. He never came back to clean the mess he made only to look for his glasses. I have never been able to replant them. I have strong emotions and some fears of any officer I see.

*Discussion*:

State Defendants are entitled to a full recounting by Plaintiff of the conditions inquired of in the manner inquired of and a complete list of the name, address, and telephone number of each and every medical or mental health provider of Plaintiff for such condition.

This answer is evasive and incomplete. There is no commentary as to treatment or as to the duration of condition of the claimed anger or fear. If there has been no treatment for the claimed emotional or psychological damages, Plaintiff should so state.

### c. Interrogatory No. 10:

INTERROGATORY No. 10: If you been a party to any other civil lawsuit or administrative action, please state the name of the court or administrative body and case number in which you were any type of party.

ANSWER: Objection. Irrelevant. Without waiving this objection, Mrs. Marquez answers as follows: Yes. A car backed into me in a parking lot once, and something fell on my head once when I was shopping. I filed a paper telling what happened to the person responsible in both cases. I cannot remember how long ago this was, but I think it was at least ten or twenty years ago.

*Discussion*:

State Defendants are entitled to this basic requested information. Respectfully, Plaintiffs' objections should be overruled and an order to Plaintiffs requiring a complete answer to this Interrogatory should issue.

Prior sworn testimony or sworn pleadings by Plaintiffs in any case are relevant and discoverable. Other cases may have covered ground that is relevant here, and this evidence has particular value because it is sworn.

Also, Plaintiffs' history of litigiousness is relevant and discoverable. If Plaintiff is incapable of remembering whether she has been a party in any other civil lawsuit or administrative action before, her counsel can do a modicum of work with inquiry to family members or in Plaintiff's records to ascertain this information and provide a sworn answer to this Interrogatory that amounts to something more than a "punt." As with Plaintiffs' apparent unwillingness to gather their own medical records, Plaintiffs should not be allowed to avoid the basic obligations of a party in ascertaining answers to discovery to which State Defendants are entitled.

**III.     Eloisa Marquez's Responses to State Defendants' Request for Production Nos. 2, 7, 9, 10, and 12 Do Not Comply With The Above Standards, and State Defendants Should Not Be Deprived Of Discoverable Information Because Eloisa Marquez Has Not Abided By Her Obligations Under the Rules.**

   a. **Request for Production No.2**

REQUEST FOR PRODUCTION NO. 2: Please produce and identify by bates number all documents upon which you relied in your answers to the First Set of Interrogatories, above, which you did not already produce in response to Request for Production No. 1, or upon which you relied in drafting your Complaint.

RESPONSE: Objection. Overbroad. To the extent that this RFP does not impinge on attorney work-product, for which Plaintiff claims privilege, there are no documents identified in response to Defendants' interrogatories in Plaintiffs' possession that are not also in Defendants' possession, access or control.

*Discussion*:

State Defendants are entitled to the identification of the documents requested. Respectfully, Plaintiff's objections to this Request should be overruled and an order to Plaintiffs requiring that an accurate and complete response to this Request should issue.

As noted in the above-cited authority, a party confronted with a request for production is required to identify specifically the documents that are responsive to that request. Plaintiff's answer to this Request fails to identify documents upon which Plaintiff relied in the answers to Plaintiff's Interrogatories. Plaintiff's answer to this Request similarly fails to identify documents upon with Plaintiff relied in drafting Plaintiff's Complaint.

Plaintiffs have steadfastly refused to number any documents produced in this litigation. To the extent Plaintiffs are going to continue to persist in that refusal, State Defendants would respectfully request that Plaintiffs identify the documents responsive to this Request by stating the date of the document, the title of the document, and the author or source of the document, along with the number of pages in the document, so State Defendants can identify such documents. Vague, in specific reference to Initial Disclosures, or to documents in the "possession, access or

control" of State Defendants are invalid under the above-cited authority. *See, e.g., Moreno v. Taos County Board of Commissioners et al.*, No. 10 cv 01097, 12/09/2011 Memorandum Opinion and Order (Doc. 45) (Torgerson, J.) ("Request for Production No. 7 asked for financial documents relating in any way to damages, including documents to be introduced at trial. Plaintiff responded 'Same as No. 5,' which was 'None, other than provided.' If Plaintiff has already produced the documents, he will identify them specifically. If any documents requested do not exist, he will so state under oath.").

To the extent documents are being withheld as privileged, those documents should be identified in a privilege log in accordance with the requirements of Fed. R. Civ. Proc. 26, so the claimed privilege may be assessed.

### b. **Request for Production No.7**

REQUEST FOR PRODUCTION NO. 7: Please sign and produce the attached authorizations for medical records, mental health records, educational records and employment records.

RESPONSE: Objection. As to educational records and employment records, irrelevant. As to authorization for medical and mental health records for the past ten (10) years, overbroad, without proportion to the needs of the case and not calculated to lead to the discovery of admissible evidence.

*Discussion*:

State Defendants are entitled to the identification and production of the documents requested. Respectfully, Plaintiff's objections to this Request should be overruled and an order to Plaintiffs requiring that an accurate and complete response to this Request should issue.

State Defendants are entitled to obtain both medical and mental health releases for the time period August 6, 2008 to present for all medical and mental health treatment providers of Plaintiff identified in answer to Interrogatory No. 2. These blank releases for the relevant time periods have been provided time and again to Plaintiffs who have responded by silence, or by providing select

12

releases for select providers, for select time periods. That is not sufficient to the orderly determination of issue at play in this case.

Plaintiffs have engaged in refusal to identify medical and mental health providers. It is unknown what Eloisa Marquez's medical and mental health issues are without identification of treatment providers for medical and mental health as requested in Interrogatory No. 2. The releases requested in this Request for Production, will allow State Defendants to gather the records to determine what conditions Eloisa Marquez has had, and to evaluate them in light of the theories of liability and claimed damages in this case. If Eloisa Marquez has a long history of medical issues, then perhaps a broken wrist, as unfortunate as it certainly is, may be valued differently than it would if there were no medical issues. Or perhaps the wrist had been broken before. Perhaps Eloisa Marquez has documented issues with balance, as Plaintiffs' Complaint (Doc. 1 at 5 ¶11) specifically alleges that the reason Richard Martinez became so exercised with respect to the spotlighting by Defendant Levine was because he didn't want his grandmother to fall. All of these questions and related questions may be informed by the medical and mental health history of Eloisa Marquez, and State Defendants are entitled to discover this information. Releases for treatment providers for her broken wrist hardly suffice as a response to this request for execution and production of medical and mental health releases for Eloisa Marquez for all providers listed in answer to Interrogatory No. 2, once an answer to that Interrogatory answer is compelled.

The date range of the requested release is August 6, 2008 to present, to mirror initial discovery obligations.

### c. **Request for Production No.9**

REQUEST FOR PRODUCTION NO. 9: Please produce and identify by bates number any and all documents or tangible things whose production has not been requested pursuant to any other item of this request, but which you intend to offer into evidence at the trial of this case.

RESPONSE: Objection. Overbroad, premature and impinges on attorney work-product privilege. Without waiving said objection, please refer to Plaintiffs' Initial Disclosures including but not limited to relevant medical records, photos of injuries and certified transcripts of NMSP audio/visual recordings from August 6, 2013. Plaintiffs may introduce NMSP training exercises, Standards of Practice, Taser training modules and other related evidence if produced by Defendants or obtained from third parties.

*Discussion*:

State Defendants are entitled to the identification of the documents requested. Respectfully, Plaintiff's objections to this Request should be overruled and an order to Plaintiffs requiring that an accurate and complete response to this Request should issue.

Because Plaintiff's initial disclosures have never been indexed, and Plaintiffs have not filed certificates for all supplemental disclosures, and some were sent by email other by regular mail, others by fax, and Plaintiffs have had difficulty with their email system and physical mailings, and fax transmissions, State Defendants have no certain idea what Plaintiffs are referring to in response to this Request or other like responses to other Requests.

Plaintiffs have steadfastly refused to number any documents produced in this litigation. To the extent Plaintiffs are going to continue to persist in that refusal, State Defendants would respectfully request that Plaintiffs identify the documents responsive to this Request by stating the date of the document, the title of the document, and the author or source of the document, along with the number of pages in the document, so State Defendants can identify such documents.

Purporting to answer a request for production by vague reference to Plaintiff's prior production or to the requesting party's own records is invalid. See Moreno v. Taos County Board

*of Commissioners et al*., No. 10 cv 01097, 12/09/2011 Memorandum Opinion and Order (Doc. 45) (Torgerson, J.) ("Request for Production No. 7 asked for financial documents relating in any way to damages, including documents to be introduced at trial. Plaintiff responded 'Same as No. 5,' which was 'None, other than provided.' If Plaintiff has already produced the documents, he will identify them specifically. If any documents requested do not exist, he will so state under oath.").

As with other discovery obligations, Plaintiffs by this response attempt to place on State Defendants the burden of identifying documents responsive to this request, from the scattershot, unlabeled, piecemeal initial disclosures of Plaintiffs, and from other emails and attachments that Plaintiffs have sent to State Defendants without any filing of certificates of service or otherwise. Plaintiffs simply have refused to bring any order to meeting of their discovery obligations to the extent they have managed to meet those obligations rather than avoid them, or shift the burdens of developing the facts of this case to State Defendants.

To the extent documents are being withheld as privileged, those documents should be identified in a privilege log in accordance with the requirements of Fed. R. Civ. Proc. 26, so the claimed privilege may be assessed.

### d. **Request for Production No.10**

REQUEST FOR PRODUCTION NO. 10: Please produce and identify by bates number all IPRA requests you or your counsel have prepared or assisted in preparing in relation to this matter, and the documents and materials received in response to all such requests.

RESPONSE: Objection. Unduly burdensome and duplicative. IPRA requests are within the control, possession or access of the New Mexico Department of Public Safety("DPS") the umbrella organization for all law enforcement agencies, including the State Defendants in this case. Records kept in the ordinary course of business, including all IPRA requests made by Plaintiffs or counsel on their behalf and IPRA responses, are readily available to counsel for the New Mexico State Police. See also, Plaintiffs Initial and Supplemental Disclosures.

*Discussion*:

State Defendants are entitled to the identification of the documents requested. Respectfully, Plaintiff's objections to this Request should be overruled and an order to Plaintiffs requiring that an accurate and complete response to this Request should issue.

Because Plaintiff's initial disclosures have never been indexed, and Plaintiffs have not filed certificates for all supplemental disclosures, and some were sent by email other by regular mail, others by fax, and Plaintiffs have had difficulty with their email system and physical mailings, and fax transmissions, State Defendants have no certain idea what Plaintiffs are referring to in response to this Request or other like responses to other Requests.

Plaintiffs have steadfastly refused to number any documents produced in this litigation. To the extent Plaintiffs are going to continue to persist in that refusal, State Defendants would respectfully request that Plaintiffs identify the documents responsive to this Request by stating the date of the document, the title of the document, and the author or source of the document, along with the number of pages in the document, so State Defendants can identify such documents.

Purporting to answer a request for production by vague reference to Plaintiff's prior production or to the requesting party's own records is invalid. See Moreno v. Taos County Board of Commissioners et al., No. 10 cv 01097, 12/09/2011 Memorandum Opinion and Order (Doc. 45) (Torgerson, J.) ("Request for Production No. 7 asked for financial documents relating in any way to damages, including documents to be introduced at trial. Plaintiff responded 'Same as No. 5,' which was 'None, other than provided.' If Plaintiff has already produced the documents, he will identify them specifically. If any documents requested do not exist, he will so state under oath.").

As with other discovery obligations, Plaintiffs by this response attempt to place on State Defendants the burden of identifying documents responsive to this request, from the scattershot, unlabeled, piecemeal initial disclosures of Plaintiffs, and from other emails and attachments that Plaintiffs have sent to State Defendants without any filing of certificates of service or otherwise. Plaintiffs simply have refused to bring any order to meeting of their discovery obligations to the extent they have managed to meet those obligations rather than avoid them, or shift the burdens of developing the facts of this case to State Defendants.

### e. **Request for Production No.12**

REQUEST FOR PRODUCTION NO. 12: Please produce and identify by bates number all documents or other items referred to or identified in Plaintiffs Rule 26(a)(l) Initial Disclosures.

RESPONSE: Objection. Unduly burdensome and duplicative. Plaintiffs are under no obligation to replicate documents previously provided to Defendants in their Initial and Supplemental Disclosures or to use the bates numbers.

*Discussion*:

State Defendants are entitled to the identification of the documents requested. Respectfully, Plaintiff's objections to this Request should be overruled and an order to Plaintiffs requiring that an accurate and complete response to this Request should issue.

Because Plaintiff's initial disclosures have never been indexed, and Plaintiffs have not filed certificates for all supplemental disclosures, and some were sent by email other by regular mail, others by fax, and Plaintiffs have had difficulty with their email system and physical mailings, and fax transmissions, State Defendants have no certain idea what Plaintiffs are referring to in response to this Request or other like responses to other Requests.

Plaintiffs have steadfastly refused to number any documents produced in this litigation. To the extent Plaintiffs are going to continue to persist in that refusal, State Defendants would respectfully request that Plaintiffs identify the documents responsive to this Request by

stating the date of the document, the title of the document, and the author or source of the document, along with the number of pages in the document, so State Defendants can identify such documents.

The objective of this Request is to get a list from Plaintiffs of each document that is part of their Initial Disclosures or supplements thereto. Plainly and simply, that is all State Defendants are asking for, so they at least know what is on the board in this case. They are not in the best position to know what Plaintiffs' counsel has hand delivered, mailed, emailed, faxed, sent, nestled as an attachment, or otherwise produced in this case given Plaintiffs' failure to use Bates numbers or otherwise ever provide an index to Plaintiffs' production.

State Defendants request an order on this Request to allow them to know what evidence Plaintiffs have introduced in this matter, and to require supplements to this Request going forward so Plaintiffs are required to maintain and share a record of their complete production in this case.

**WHEREFORE**, State Defendants respectfully request that the Court:

1. Grant the immediate Motion;
2. Compel Plaintiffs to provide discovery answers and responses as set forth above;
3. Compel Plaintiffs to provide a privilege log for documents claimed privileged and withheld on that basis.
4. Provide any other relief the Court deems just and proper.

Respectfully submitted by:

**SAUCEDOCHAVEZ, P.C.**

By: /s/ Frank T. Apodaca
    Christopher T. Saucedo
    Frank T. Apodaca
    Post Office Box 30046
    Albuquerque, NM 87190
    T: (505) 338-3945
    E: csaucedo@saucedochavez.com
    E: fapodaca@saucedochavez.com
    ***Attorneys for State Defendants***

I hereby certify that the foregoing was filed electronically through the CM/ECF system on January 11, 2016 which caused counsel of record to be served by electronic means:

Pilar Tirado Murray
**Murray Law Firm**
EM: jurisprudence@writeme.com

*ATTORNEYS for Plaintiff(s)*

By: /s/ Frank T. Apodaca
    Frank T. Apodaca