IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ et al.,

    Plaintiffs,

v.                                                                                                       No. 1:15-CV-00787 KBM-LF

OFFICER NICHOLAS LEVINE et al.,

    Defendants.

## **ORDER TO SHOW CAUSE**

THIS MATTER comes before the Court *sua sponte* following a review of defendants' Motion to Quash Subpoena by Pilar Tirado Murray to the Department of Public Safety (Doc. 56), and plaintiffs' response to this motion (Doc. 58). I issue this order based on the actions taken by Attorney Pilar Murray, as outlined below:

1. Fed. R. Civ. P. 45(a)(4) requires notice to other parties before service of a subpoena: "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Ms. Murray failed to provide defendants' counsel with a copy of the subpoena she served on the Department of Public Safety on December 22, 2015.

2. Fed. R. Civ. P. 45(d)(3)(A)(i) requires subpoenas to allow a "reasonable" time to comply. Ms. Murray served a subpoena on the Department of Public Safety on December 22, 2015, ordering the department to comply with the subpoena by 5:00 p.m. on Christmas Day, a state and federal holiday.

3. Fed R. Civ. P. 45(d)(3)(A)(iii) states that a subpoena cannot be used if it "requires disclosure of privileged or other protected matter." Ms. Murray's subpoena appears to ask for the psychological treatment records for Defendant Levine, which likely constitutes privileged information. *See Jaffee v. Redmond*, 518 U.S. 1, 10–11 (1996).

4. Fed. R. Civ. P. 45(d)(1) states that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Ms. Murray must respond to defendants' allegation that she placed an undue burden on the Department of Public Safety by failing to follow the rules governing subpoenas.

5. Ms. Murray unsuccessfully attempted to obtain the materials which are the subject of her first subpoena through a motion for a protective order. *See* Docs. 28, 51. Under the federal and local rules of civil procedure, Ms. Murray should have requested the documents through a request for production, then filed a motion to compel if the defendants objected to the production of the documents or refused to produce them. Ms. Murray instead appears to have attempted to circumvent the discovery rules by serving a subpoena.

While Ms. Murray withdrew her first subpoena (*see* Doc. 58), claiming that it was issued due to a "ministerial error," she did not address the defendants' contentions concerning her failure to follow the Federal Rules, or that she should be subject to sanctions.

IT IS THEREFORE ORDERED that Attorney Pilar Murray show cause as to why she should not be sanctioned for her failure to follow the Federal Rules of Civil Procedure. IT IS FURTHER ORDERED that Ms. Murray shall file her written response to this Order to Show Cause within ten days of the entry of this order.

_____
Laura Fashing
United States Magistrate Judge