IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELOISA MARQUEZ, RICHARD
MARTINEZ, DESTINEY MARTINEZ
and ANDRELLITA MARTINEZ,

    Plaintiffs,

vs.                                                15-CV-00787-KBM-LF

OFFICER NICHOLAS LEVINE, in his
official capacity as a commissioned law
enforcement officer and individual
capacity, OFFICER RYAN KUEHL, in
his official capacity as a commissioned
law enforcement officer and individual
capacity, and the NEW MEXICO
STATE POLICE DEPARTMENT,

    Defendants.

## ORDER APPOINTING GUARDIAN AD LITEM

**THIS MATTER** comes before the Court on Plaintiff Richard Martinez's Unopposed Motion for an Order Appointing a Guardian Ad Litem (Doc. 120), filed February 19, 2016. The Court, having reviewed the motion and the relevant law, and being otherwise fully advised, hereby **FINDS** as follows:

1.    In 2012, a state district court evaluated Plaintiff Richard Martinez and adjudicated him to be "mentally retarded." Doc. 120 at 2. Consequently, a Guardian Ad Litem should be appointed to investigate the fairness and reasonableness of the proposed settlement of this case and its effect on Mr. Martinez.

2.    Nancy Simmons, Esq. is qualified and has agreed to serve as Guardian Ad Litem in this matter.

3.    The contemplated appointment of Ms. Simmons as Guardian Ad Litem is as a functionary of the Court, and not as Mr. Martinez's advocate. The Guardian Ad

Litem's responsibilities under this appointment are to the Court, and not to Mr. Martinez. Competent counsel already represents the Mr. Martinez in this matter, and this order appointing a Guardian Ad Litem does not contemplate representation of Mr. Martinez as an advocate.

4. There are strong public policy reasons to grant immunity to the Guardian Ad Litem in this case, who will act as an "arm of the Court" and perform an essential role in the Court's administration of justice. All of the privileges and immunities available to guardians ad litem, as articulated by the New Mexico Supreme Court in *Collins v. Tabet*, 111 N.M. 391, 806 P.2d 40 (1991), should be extended to the Guardian Ad Litem in this matter.

5. Although Mr. Martinez requests in his proposed order that Ms. Simmons "be compensated for her services from court funds to the extent such funds are available," no such funds are available. The proposed settlement contemplates that Ms. Simmons' reasonable fees be paid by the Plaintiffs.

**IT IS THEREFORE ORDERED** as follows:

1. Nancy Simmons, Esq. is appointed to act as Guardian Ad Litem for Plaintiff Richard Martinez as an "arm of the Court" in connection with this Court's consideration of the fairness and reasonableness of the proposed settlement involving Mr. Martinez.

2. Ms. Simmons shall be absolutely immune from any liability for her actions taken pursuant to this appointment, insofar as her conduct in the case is as a result of any investigation on the Court's behalf into the fairness and reasonableness of the settlement and its effect on Mr. Martinez. Ms. Simmons' duties and obligations in this case are owed to the Court, and not to Mr. Martinez. The appointment of Ms. Simmons as Guardian Ad Litem is intended to convey upon her all of the privileges and immunities allowed or provided for under *Collins v. Tabet*, 111 N.M. 391, 806 P.2d 40 (1991).

3. As Guardian Ad Litem, Ms. Simmons shall have access to Mr. Martinez's medical and other records which are relevant to the issues in this case.

4. As Guardian Ad Litem, Ms. Simmons shall investigate the fairness and reasonableness of the proposed settlement as it relates to Mr. Martinez, and shall prepare a written report and shall testify at a "fairness" hearing regarding the nature and scope of her investigation, and her findings, conclusions, and recommendations regarding the fairness and reasonableness of the proposed settlement, its effect on Mr. Martinez, and the manner in which the settlement monies shall be held and/or used on Mr. Martinez's behalf.

5. Upon entry of an order approving the proposed settlement, Ms. Simmons' appointment as Guardian Ad Litem will automatically cease, and she shall have no further or continuing duties to the Court or the parties pursuant to this appointment.

6. Ms. Simmons' reasonable Guardian Ad Litem fees shall be borne by the Plaintiffs.

_____
Laura Fashing
United States Magistrate Judge